Dariush G. Adli, SBN 204959
adli@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
Ketab Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC. and DOES 1 through 10, inclusive<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DIRECT TRADEMARK INFRINGEMENT; CONTRIBUTORY TRADEMARK INFRINGMENT, VICARIOUS TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.; COMMON LAW UNFAIR COMPETITION; BREACH OF CONTRACT; INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS; NEGLIGENT INTERFERENCE WITH BUSINESS RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KetabCorp. ("Plaintiff" or "KETAB") hereby complains of Defendants Mesriani and Associates, P.C. aka, Mesriani Law Group, P.C. ("MESRIANI LAW"), Rodney Mesriani, an Individual ("MESRIANI"); Seyed Ali Limonadi, aka Ali Limonadi, an individual ("LIMONADI"); Studio Cinegraphic Los Angeles, dba IRTV ("IRTV"); Melli Yellow Pages, Inc. ("MELLI"); and DOES 1-10 (collectively, "Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin; trademark dilution and federal unfair competition pursuant to sections 34(a) and 39(a) of the Lanham Act and 15 U.S.C. §§ 1116(a) and 1121(a) pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district. For example, by using and offering infringing services in this judicial district, and by committing acts of trademark infringement in this judicial district, including but not limited to offering infringing services directly to consumers and users in this district, Defendants' acts form a substantial part of the events or omissions giving rise to KETAB's claims.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

///

## II. THE PARTIES

4. Plaintiff Ketab Corp. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1419 Westwood Blvd, Los Angeles CA 90024.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Mesriani and Associates, P.C. a.k.a. Mesriani Law Group, P.C. ("MESRIANI LAW") is a California corporation having its principal place of business at 5723 Melrose Ave., #202, Los Angeles, CA 90038.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Melli Yellow Pages, Inc. ("MELLI") is a California corporation having its principal place of business at 12238 Moorpark St., Studio City, CA 91604.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Studio Cinegraphic Los Angeles, dba IRTV ("IRTV") is a California corporation having its principal place of business at 12238 Moorpark St., Studio City, CA

8. Plaintiff is informed and believes, and thereon alleges, that Defendant Seyed Ali Limonadi a.k.a. Ali Limonadi ("LIMONADI") is an owner and principal of MELLI and resides in the county of Los Angeles, California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Rodney Mesriani ("MESRIANI") is a principal of Defendant MESRIANI LAW and resides in the county of Los Angeles, California.

10. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities as they are ascertained.

11. Plaintiff is informed and believes and, based upon such information and belief, alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some

manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants.

### III. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

12. Plaintiff is in the business of providing telephone directory and marketing services, electronic marketing and directory services and publishing Yellow Page directories to the Iranian community in Southern California, across the U.S. and around the world, who live outside of Iran, and has been in that business since 1981. KETAB uses several trade names and marks to identify its services, including, *inter alia*, "Iranian Information Center" and its Farsi translation "Markaze Ettelaat", "08", and combinations of the "08" mark, and "Yellow Page-Iranian." (collectively, the "KETAB MARKS"), which allows users to telephonically, electronically, or through the print media, gain access to KETAB's information service by, e.g., calling 818/9-08-08-08, accessing www.o8.net, through its yellow pages directory, or otherwise.

13. KETAB was the first entity to use the KETAB MARKS in association with providing information and directory services to the Iranian community in the U.S. and around the world who live outside of Iran. As a result of KETAB's widespread usage of the trade/service mark "08" and combinations of the "08" mark ("08 COMBINATION") since 1988, the KETAB MARKS have become extensively known and KETAB has become identified in the public mind as the provider of the telephone, internet and print directory services.

14. KETAB has applied for and obtained several United States trademarks, including U.S. Trademark Registration number 3,271,704, for its "08" mark. Attached hereto as **Exhibit 1** is a true and correct copy of KETAB's trademark registration for the "08" mark, which is incorporated herein by reference.

15. The KETAB MARKS have not been abandoned, canceled, or revoked.

16. KETAB MARKS include federally registered trademark as well as common law trademark rights.

17. Since at least the 1981, when KETAB launched its advertising, marketing and directory services, and up to the present, KETAB has extensively developed, promoted, advertised, and marketed its KETAB MARKS.

18. As a result of the widespread use and display of each of the KETAB MARKS as a distinctive trademark identifying, *inter alia*, telephone, internet and print advertising, directory and marketing services, (a) the public has come to recognize and identify services bearing any of the KETAB MARKS as emanating from KETAB; (b) the public recognizes that services bearing any of the KETAB MARKS constitute high quality, dependable services that conform to the standards of quality and care created by KETAB, and (c) each of the KETAB MARKS has established strong secondary meaning and extensive goodwill throughout the world among the Iranian community living outside of Iran.

19. KETAB is informed and believes, and on that basis alleges that Defendant LIMONADI is the sole owner and principal of Defendant MELLI, and is responsible for and directs its activities. As such, LIMONADI is the moving force behind MELLI's activities. For at least the reasons herein, LIMONADI is directly and/or secondarily liable for MELLI's activities.

20. KETAB is informed and believes, and on that basis alleges, that there is such a unity of interest and ownership between LIMONADI and MELLI that their separate personalities do not exist, and that failure to disregard their separate existence would result in fraud or injustice.

21. KETAB is informed and believes, and on that basis alleges that Defendant LIMONADI is the sole owner/principal of defendant IRTV, and is responsible for and directs its activities. As such, LIMONADI is the moving force behind IRTV's activities. For at least the reasons herein, LIMONADI is directly and/or secondarily liable for IRTV's activities.

22. KETAB is informed and believes, and on that basis alleges, that there is such a unity of interest and ownership between LIMONADI and IRTV that their separate personalities do not exist, and that failure to disregard their separate existence would result in fraud or injustice.

23. KETAB is informed and believes, and on that basis alleges that defendant MESRIANI is the sole owner or principal of Defendant MESRIANI LAW, and is responsible for and directs its activities. As such, MESRIANI is the moving force behind MESRIANI LAW's activities. For at least the reasons herein, MESRIANI is directly and/or secondarily liable for MESRIANI LAW's activities.

24. KETAB is informed and believes, and on that basis alleges, that there is such a unity of interest and ownership between MESRIANI and MESRIANI LAW that their separate personalities do not exist, and that failure to disregard their separate existence would result in fraud or injustice.

25. KETAB is informed and believes, and on that basis alleges that MESRIANI, MESRIANI LAW, MELLI, LIMONADI and IRTV knew of KETAB's services and trademarks.

26. KETAB filed a lawsuit against LIMONADI and IRTV in 1995 for infringement of certain KETAB MARKS, including "Yellow-Page Iranian", "Iranian-Information-Center" and the latter's Farsi translation "Markaze-Ettelaat Iranian", and an "08 COMBINATION" phone number "818/8-08-08-08."

27. In 1997 the parties reached a settlement agreement and the court entered Judgment and Permanent Injunction orders incorporating the parties' settlement ("SETTLEMENT ORDER").

28. The SETTLEMENT ORDER permanently precluded LIMONADI and IRTV as well as their employees, officers, agents and representatives, and all those acting in concert with them, from directly or indirectly infringing the (1) "Yellow Page-e-Iranian"; (2) "The Iranian Information Center"; and (3) "08", or using any combination of the above marks and names or anything confusingly similar, including

the corresponding Farsi characters of the above marks.

29. Despite the SETTLEMENT ORDER, LIMONADI has recently started using the protected "Yellow-Page-Iranian", "Iranian-Information-Center" and the latter's Farsi translation, "Markaze Ettelaat", in MELLI and otherwise in its advertisements and marketing.

30. KETAB is informed and believed and thereon alleges that MESRIANI LAW has been a member of the MELLI's "50 50 -100" directory and marketing services since at least January 2014.

31. For at least the past several months, MESRIANI has been advertising and marketing MESRIANI LAW under the infringing 08 COMBINATION to the listeners of his radio and television programs directed to the Iranian community.

32. MESRIANI's infringement of KETAB's protected "08" mark has been with knowledge that KETAB owns the "08" mark and has therefore been deliberate and willful.

33. KETAB is informed and believes and therefore alleges that LIMONADI and IRTV sold, licensed or otherwise permitted use of the infringing 08 COMBINATION phone number to MESRIANI LAW with knowledge of infringing use by MESRIANI and MESRIANI LAW.

34. KETAB is informed and believes and therefore alleges that LIMONADI and IRTV intentionally induced MESRIANI and MESRIANI LAW to infringe KETAB's protected marks and supplied the infringing 08 COMBINATION phone number to MESRIANI and MESRIANI LAW with knowledge that the infringer is mislabeling the particular service offered by MESRIANI LAW.

35. KETAB is informed and believes and therefore alleges that LIMONADI and IRTV are involved in an apparent or actual partnership under which LIMONADI maintains control of the infringing 08 COMBINATION while allowing its use by MESRIANI and MESRIANI LAW, and that, as such, LIMONIADI has authority to stop MESRIANI and MESRIANI LAW infringing use of the 08

COMBINATION phone number.

## I. FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement and Counterfeiting)
### (15 U.S.C. § 1114)
### (Against All Defendants)

36. KETAB repeats and re-alleges the allegations of paragraphs 1-35 of this Complaint as if set forth fully herein.

37. This is a claim for trademark infringement and counterfeiting arising under 15 U.S.C. § 1114.

38. As set forth above Defendants have engaged in acts of direct infringement by the use of one or more of the KETAB MARKS without KETAB's consent.

39. As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

40. Upon information and belief, long after KETAB's adoption and use of each of the KETAB MARKS, Defendants have adopted and used in commerce identical or confusingly similar versions of one or more of the KETAB MARKS without KETAB's consent in a manner that infringes upon KETAB's rights in the KETAB MARKS in violation of 15 U.S.C. § 1114.

41. Without KETAB's consent, Defendants use in commerce marks that are confusingly similar to the KETAB MARKS in connection with the promotion, marketing, advertising of services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

42. KETAB is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of KETAB's ownership and prior use of the KETAB MARKS, and with the intent to unfairly compete with KETAB, to trade upon KETAB's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants'

services are associated with, sponsored by, originate from, or are approved by KETAB, when they are not.

43. KETAB is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement and counterfeiting of the KETAB MARKS, directly and/or indirectly, in total disregard of KETAB's proprietary rights, and were done despite Defendants' knowledge that the use of the KETAB MARKS was and is in direct contravention of KETAB's rights.

44. KETAB is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the KETAB MARKS in an amount that is not presently known to KETAB. By reason of Defendants' actions, constituting unauthorized use of the KETAB MARKS, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

45. Due to Defendants' actions, constituting unauthorized use of the KETAB MARKS, KETAB has suffered and continues to suffer great and irreparable injury, for which KETAB has no adequate remedy at law.

## II. SECOND CLAIM FOR RELIEF
### (Federal Contributory Trademark Infringement)
### (15 U.S.C. § 1114)
### (Against LIMONADI and IRTV)

46. KETAB repeats and re-alleges the allegations of paragraphs 1-45 of this Complaint as if set forth fully herein.

47. This is a claim for contributory trademark infringement and counterfeiting arising under 15 U.S.C. § 1114 as interpreted by controlling case law authority.

48. As set forth above MESRIANI and MESRIANI LAW have engaged in acts of direct infringement by the use of one or more of the KETAB MARKS without KETAB's consent.

49. As set forth above, LIMONADI and IRTV, and each of them, are

contributorily liable for the direct acts of infringement committed by MESRIANI and MESRIANI LAW in view of the relationship between and among them.

50. By reason of LIMONADI and IRTV actions and/or inactions, concerning unauthorized use of the KETAB MARKS, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51. Due to LIMONADI and IRTV actions and/or inactions, constituting unauthorized use of the KETAB MARKS, KETAB has suffered and continues to suffer great and irreparable injury, for which KETAB has no adequate remedy at law.

### III. THIRD CLAIM FOR RELIEF
(Federal Vicarious Trademark Infringement)
(15 U.S.C. § 1114)
(Against LIMONADI and IRTV)

52. KETAB repeats and re-alleges the allegations of paragraphs 1-51 of this Complaint as if set forth fully herein.

53. This is a claim for vicarious trademark infringement and counterfeiting arising under 15 U.S.C. § 1114 as interpreted by controlling case law authority.

54. As set forth above MESRIANI and MESRIANI LAW have engaged in acts of direct infringement by the use of one or more of the KETAB MARKS without KETAB's consent.

55. As set forth above, LIMONADI and IRTV, and each of them, are vicariously liable for the direct acts of infringement committed by MESRIANI and MESRIANI LAW in view of the relationship between and among them.

56. By reason of LIMONADI and IRTV actions and/or inactions, concerning unauthorized use of the KETAB MARKS, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

57. Due to LIMONADI and IRTV actions and/or inactions, constituting unauthorized use of the KETAB MARKS, KETAB has suffered and continues to suffer great and irreparable injury, for which KETAB has no adequate remedy at law.

## IV. FOURTH CLAIM FOR RELIEF
### (Federal Unfair Competition & False Designation of Origin)
### (15 U.S.C. § 1125(a))
### (Against All Defendants)

58. KETAB repeats and re-alleges the allegations of paragraphs 1-58 of this Complaint as if set forth fully herein.

59. This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

60. As set forth above Defendants, and each of them, have engaged in acts of direct infringement by the use of one or more of the KETAB MARKS without KETAB's consent.

61. As set forth above, LIMONADI and IRTV are contributorily and vicariously liable for the direct acts of infringement committed by MESRIANI and MESRIANI LAW in view of the partnership and relationship between them.

62. Defendants' direct and indirect use of the KETAB MARKS without KETAB's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

63. Defendants' direct and indirect use of the KETAB MARKS without KETAB's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

64. Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' subscribers, users, and members of the public as to the origin of

1 Defendants' products or cause said persons to believe that Defendants and/or their
2 products have been sponsored, approved, authorized, or licensed by KETAB or are in
3 some way affiliated or connected with KETAB, when they are not, all in violation of
4 15 U.S.C. § 1125(a).

5   65.   Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

8   66.   KETAB is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to KETAB.

13   67.   By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

17   68.   Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, KETAB has suffered and continues to suffer great and irreparable injury, for which KETAB has no adequate remedy at law.

## V.   FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)
### (15 U.S.C. § 1125(c))

24   69.   KETAB repeats and re-alleges the allegations of paragraphs 1-68 of this Complaint as if set forth fully herein.

26   70.   This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

27   71.   The services offered by KETAB under the KETAB MARKS have been widely advertised, promoted, and distributed to the Iranian community living outside

of Iran, throughout the United States and the world.

72. Services offered under the KETAB MARKS, by reason of their ease of retention and recollection, rhythm and style have come to be known to the consumers in the Iranian community living outside of Iran in the United States and throughout the world as representing reliable, easy to use, high quality services, which are offered under sound merchandising and customer service conditions. As a result, the KETAB MARKS, and the goodwill associated therewith, are of great value to KETAB.

73. By virtue of the wide renown acquired by the KETAB MARKS, coupled with the national and international distribution and extensive use of various services offered under this trademark, each of the KETAB MARKS has become famous.

74. Upon information and belief, Defendants' actions were done willfully with intent to exploit KETAB's reputation and dilute the KETAB MARKS.

75. By reason of the aforesaid acts constituting trademark dilution, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

76. Due to Defendants' actions, constituting trademark dilution, KETAB has suffered and continues to suffer great and irreparable injury, for which KETAB has no adequate remedy at law.

### VI. SIXTH CLAIM FOR RELIEF
### (California Common Law Trademark Infringement)
### (Against All Defendants)

77. KETAB repeats and re-alleges the allegations of paragraphs 1-76 of this Complaint as if set forth fully herein.

78. This is a claim for trademark infringement, arising under California common law.

79. Defendants' acts complained of herein constitute trademark

infringement under California common law. KETAB is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the KETAB MARKS causes a likelihood of confusion.

80. KETAB is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to KETAB. By reason of Defendants' wrongful acts as alleged in this Complaint, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

81. Due to Defendants' trademark infringement, KETAB has suffered and continues to suffer great and irreparable injury for which KETAB has no adequate remedy at law.

82. Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression, and malice. Accordingly, KETAB is entitled to exemplary damages.

## VII. SEVENTH CLAIM FOR RELIEF
### (California Unfair Competition)
### (Against All Defendants)

83. KETAB repeats and re-alleges the allegations of paragraphs 1-82 of this Complaint as if set forth fully herein.

84. This is a claim for unfair competition, arising under California Business & Professions Code § 17200, et seq. and California common law.

85. Defendants' acts of trademark infringement, false designation of origin and trademark dilution, complained of herein constitute unfair competition with KETAB under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 et seq.

86. KETAB is informed and believes, and thereon alleges, that Defendants

have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to KETAB. By reason of Defendants' wrongful acts as alleged in this Complaint, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

87. By their actions, Defendants have injured and violated the rights of KETAB and have irreparably injured KETAB, and such irreparable injury will continue unless Defendants are enjoined by this Court.

## VIII.   EIGHTH CLAIM FOR RELIEF
### (Breach of Contract)
### (Against LIMONADI , MELLI and IRTV)

88. KETAB repeats and re-alleges the allegations of the above Paragraphs 1-87 as if they were fully set forth herein.

89. This is an action for breach of contract under California Law.

90. As set forth above, there is a court ordered SETTLEMENT ORDER, which precludes LIMONADI and IRTV as well as their employees, officers, agents and representatives, and all those acting in concert with them, from directly or indirectly infringing the (1) "Yellow Page-e-Iranian"; (2) "The Iranian Information Center"; and (3) "08", or using any combination of the above marks and names or anything confusingly similar, including the corresponding Farsi characters of the above marks, or using any combination of the above marks and names or anything confusingly similar, including the Farsi characters that are the subject of Plaintiff's Federal Trademark that were the subject of the lawsuit, that are the subject of Plaintiff's Federal Trademark.

91. The SETTLEMENT ORDER constitutes a Contract between KETAB and LIMODADI and IRTV, which contract is valid and enforceable.

92. In breach of the SETTLEMENT ORDER, LIMONADI is using

1  Yellow-Page-Iranian and Iranian-Information-Center and the latter's Farsi translation, "Markaze Ettelaat", in MELLI and otherwise in its advertisements and marketing.

93. KETAB is informed and believes, and thereon alleges, that by reason of Defendants' breach, KETAB has been damaged and is entitled to monetary relief in an amount to be determined at trial.

### IX. SEVENTH CLAIM FOR RELIEF
(Intentional Interference With Economic Relations)
(Against All Defendants)

94. KETAB repeats and re-alleges the allegations of paragraphs 1-93 of this Complaint as if set forth fully herein.

95. This is a claim for Intentional Interference with Economic Relations under California law.

96. Defendants acts complained of herein, constitute intentional interference with KETAB's economic relationship.

97. Defendants acted with the intent to harm KETAB financially and to induce KETAB's customers to sever their business relationship with KETAB.

98. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' conduct.

### X. SEVENTH CLAIM FOR RELIEF
(Negligent Interference With Economic Relations)
(Against All Defendants)

99. KETAB repeats and re-alleges the allegations of paragraphs 1-98 of this Complaint as if set forth fully herein.

100. This is a claim for Negligent Interference with Economic Relations under California law.

101. Defendants knew or reasonably should have known that their acts and

omissions complained of herein, would likely interfere with KETAB's economic relationship.

102. Defendants' acts and omissions harmed KETAB financially and induced KETAB's customers to sever their business relationship with KETAB.

103. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages to its business, reputation and good will. In addition, Plaintiff has and will incur loss of revenues and profits, which would not have occurred in the absence of Defendants' conduct.

## XI. PRAYER FOR RELIEF

WHEREFORE, KETAB prays for judgment in its favor against Defendants for the following relief:

A. A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using any of the KETAB MARKS, or any other mark, symbol, or logo that is confusingly similar to any of the KETAB MARKS on or in connection with any services, including but not limited to, marketing, advertising and directory services;
2. falsely designating the origin of Defendants' services;
3. unfairly competing with KETAB in any manner whatsoever;
4. making false or misleading statements, descriptions of fact, or false or misleading representations of fact;
5. causing a likelihood of confusion or injuries to KETAB's business

reputation; and

    6.   manufacturing, using, displaying, distributing, or selling any goods that infringe any of the KETAB MARKS.

B.   That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this Complaint.

C.   That Defendants' acts of trademark infringement and counterfeiting, false designation of origin, trademark dilution and unfair competition, complained of in this Complaint be deemed willful, that this be deemed an exceptional case, and that KETAB be entitled to enhanced damages.

D.   That KETAB be awarded damages for Defendants' trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1117 in the form of either: (i) Defendants' profits, damages sustained by KETAB, and the costs of the action; or (ii) statutory damages pursuant to 15 U.S.C. § 1117(c), at KETAB's election before the entry of a final judgment.

E.   That the amount of the profits or damages be increased three times, pursuant to 15 U.S.C. §1117(b), to properly compensate KETAB for Defendants' actions.

F.   The KETAB be awarded damages for Defendants' common law trademark infringement, and unfair competition pursuant to California Business & Professions Code § 17200 et seq.

G.   That KETAB be awarded damages for breach of the SETTLEMENT ORDER by LIMONADI and IRTV.

H.   That KETAB be awarded damages, including punitive damages, for Defendants' intentional and negligent interference with KETAB's prospective business advantage.

I.   That Defendants' acts of trademark infringement and unfair competition complained of in this Complaint be deemed willful; that this be deemed an

exceptional case; and that KETAB be entitled to enhanced damages.

J. An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

K. Such other and further relief as this Court may deem just.

Dated: September 16, 2014

ADLI LAW GROUP P.C.

By: _____
Dr. Dariush G. Adli, Esq.
Attorney for Plaintiff
Ketab Corporation

## DEMAND FOR JURY TRIAL

Plaintiff Ketab Corporation hereby demands a trial by jury on all triable claims.

Dated: September 16, 2014

ADLI LAW GROUP P.C.

By: /s/ Dariush G. Adli
Dr. Dariush G. Adli, Esq.
Attorney for Plaintiff
Ketab Corporation