Dariush G. Adli, SBN 204959
adli@adlilaw.com
Drew H. Sherman, SBN 237045
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for PLAINTIFF
Ketab Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC. and DOES 1 through 10, inclusive<br><br>　　　　　　　Defendants | Case No. Case No. 14-CV-07241-RSWL (MRWx)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**<br><br>Date:　　　　April 14, 2015<br>Time:　　　　10:00 AM<br>Courtroom:　21-5th Floor<br><br>*Honorable Ronald S. Lew* |

## I. INTRODUCTION

PLAINTIFF, Ketab Corp. makes this motion for reconsideration pursuant to Local Rule 7-18(c), and based upon this Memorandum of Points and Authorities, the [Proposed] Order lodged herewith, the pleadings, records, and papers filed in this action, and on such other evidence and argument as may be considered prior to a decision on the Motion.

PLAINTIFF files the instant Motion for Reconsideration to seek reconsideration of the Court's February 6, 2015 Order wherein the Court granted, in part, MESRIANI, Mesriani Law Group and Rodney Mesriani (collectively "Mesriani") Motion to Dismiss certain causes of action from PLAINTIFF's complaint.

PLAINTIFF brings the instant Motion on the basis that: (1) the Court committed clear error and the initial decision was manifestly unjust; (2) PLAINTIFF has newly-discovered material evidence that could not have been discovered earlier; and 3) the Court failed to consider material facts presented by both PLAINTIFF and Mesriani. Local Civ. Rule 7-18(c); *School District No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Specifically, the Court's analysis as to the facts required for a counterfeiting claim and the Court's finding that other state law claims necessarily follow the counterfeiting claim were incorrect, and the PLAINTIFF has discovered new evidence which makes the MESRIANI direct competitors of the PLAINTIFF.

For the reasons set forth herein, MESRIANI' Motion for Reconsideration should be granted, thereby denying PLAINTIFF's Motion to Dismiss.

## II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background.

PLAINTIFF filed the instant action against MESRIANI on September 16, 2014. The MESRIANI filed their Motion to Dismiss on November 7, 2014. The Court took the matter under submission without oral argument on December 5, 2014. The Court's ruling on the motion was issued on February 6, 2015.

### B. Factual Background.

PLAINTIFF is in the business of providing telephone directory and marketing services,

electronic marketing and directory services, including, but not limited to, legal directory services, and publishing Yellow Page directories to the Iranian community in Southern California, across the U.S. and around the world, who live outside of Iran, and has been in that business since 1981. PLAINTIFF uses several trade names and marks to identify its services, including, *inter alia*, "Iranian Information Center" and its Farsi translation "Markaze Ettelaat", "08", combinations of the "08" mark, and "Yellow Page-Iranian." (collectively, the "KETAB MARKS").  Users are able to telephonically, electronically, or through the print media, gain access to KETAB's information service by, e.g., calling 818/9-08-08-08, accessing www.o8.net, through its yellow pages directory, or otherwise.  PLAINTIFF has applied for and obtained several United States trademarks, including U.S. Trademark Registration number 3,271,704, for its "08" mark.

MESRIANI knew, and were familiar with PLAINTIFF and the KETAB MARKS through PLAINTIFF's internet, print, and radio advertisements.  In fact, MESRIANI advertised on their own radio show that they are one of PLAINTIFF's directory members.

PLAINTIFF filed a lawsuit against MESRIANI's Co-Defendant in 1995 for infringement of certain KETAB MARKS, including "Yellow-Page Iranian", "Iranian-Information-Center" and the latter's Farsi translation "Markaze-Ettelaat Iranian", and a "08 COMBINATION" phone number "818/8-08-08-08."  A settlement agreement was reached by the parties to that lawsuit, under which defendants were precluded from directly or indirectly using or benefiting from the marks.

Then, sometime in 2014, MESRIANI began advertising and marketing themselves under the KETAB MARKS, specifically including the "08" mark's use in a phone number mark ("818.8.08.08.08") and on a domain name mark ("08law.net").  Further, the MESRIANI also provided legal directory services to other contracted attorneys for areas of law that MESRIANI did not practice in but earned a referral fee or compensation for such legal directory services under those same marks.

Upon becoming aware of MESRIANI use of the KETAB MARKS, PLAINTIFF filed this action.

### III.     LEGAL ARGUMENT

The Court has not considered new evidence and extends the law well beyond the bounds of

controlling authority, which the PLAINTIFF itself refers to in its various pleadings.

**A.     This Motion For Reconsideration Is Well-Founded.**

"In [the Central District of California], a motion for reconsideration is governed by Local Rule 7-18." *See King Tuna, Inc. v. Anova Food, Inc.,* No. 07-7451, 2009 WL 650732, at *1 (C.D. Cal. Mar. 10, 2009). Under Local Rule 7-18, a motion for reconsideration may be made on the grounds of: a) a material difference in fact or law from that presented to the Court before such decision; b) the emergence of new material facts occurring after the time of such decision; or c) a manifest showing of a failure to consider material facts presented to the Court before such decision. Local Rule 7-18; *Carpenters Southwest Administrative Corp. v. JT Builders, Inc.,* 2014 U.S. Dist. LEXIS 60211, *3 (C.D. Cal. 2014); *Enodis Corp. v. Cont'l Cas. Co.,* 2012 U.S. Dist. LEXIS 81992, **4-5 (C.D. Cal. 2012).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly-discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Where a movant shows the district court has misunderstood the party or made error of apprehension, reconsideration may be proper. *Villanueva v. United States,* 662 F.3d 124, 128 (1st Cir. 2011). A district court is authorized reconsideration if there is a compelling reason such as a clarification of law that makes clear that the earlier ruling was erroneous. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006), *citing Agostini v. Felton*, 521 U.S. 203, 236 (1997).

**B.     The Court Misapplied And Misinterpreted The Law Applicable To The Facts Of This Case**

This Court's ruling on the MESRIANI motion to dismiss contained manifest errors of law as the Court's order mis-cited and mis-applied case law by requiring that a "counterfeit" mark be "identical" to the registered mark. The Court erroneously relied upon case law applicable to statutory damages, while the correct standard for the instant case should have been whether the counterfeit mark is substantially similar.

The Court's ruling also erroneously overlooks the allegations in the Complaint that MESRIANI used identical or confusingly similar versions of one or more of the KETAB MARKS,

without Ketab's consent in the same or similar fields of services.  These factual allegation, which must be accepted as true for the purpose of the Motion to Dismiss[1], are sufficient to state a claim for relief under 15 U.S.C. §1114.  The Complaint identifies "Iranian Information Center" and its Farsi translation "Markaze Ettelaat", "08" and <u>combinations of the "08" mark and "Yellow Page-Iranian" collectively as</u> "KETAB MARKS" which are Ketab's trade names and marks that are both federally registered trademarks, as well as common law trademark rights. Compl. ¶¶12 through 16.  The Complaint further alleges that MESRIANI used in commerce "identical or confusingly similar versions" of the KETAB MARKS.  Compl. ¶40.  Accordingly, the description of the "08" and the combination of the "08" mark as KETAB MARKS under federal and common law trademark protection, coupled with the allegation that MESRIANI used identical marks in commerce provide sufficient factual allegations, which shall be accepted as true, are more than sufficient to support a cause of action under 15 U.S.C. §1114.

Moreover, the Court's strict requirement that the goods or services being engaged in and promoted by MESRIANI be related to the PLAINTIFF's goods and services  in order to find "likelihood of confusion" is simply wrong. The analysis is much more complex than that and is not amenable to a definitive conclusion at the pleading stage.   Regardless, PLAINTIFF has discovered new facts, which bring the MESRIANI services in direct competition with those engaged in and promoted by the PLAINTIFF and given an opportunity to amend, can include facts that would support its claims.  These facts along with the facts pled in the Complaint also counter the Court's finding that the other Lanham Act causes of action should be dismissed.

### 1. A cause of action for counterfeiting under 15 U.S.C. §1114 does not require the offending mark to be "identical" to the registered trademark.

In its Order on MESRIANI's motion to dismiss, this Court erroneously cited *Louis Vuitton Malletier, S.A. v. Akonac Solutions, Inc.*, 658 F. 3d 936, 946 (9th Cir. 2011), *citing Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F. 3d 708, 721 (9th Cir. 2005), for the proposition that in order to prosecute a cause of action for "counterfeiting" under 15 U.S.C. §1114, plaintiff must

---

[1] Klarfeld v. United States 944 F.2d 583, 585 (9th Cir. 1991)

1  allege and prove that the offending mark is "identical" to the plaintiff's registered trademark.  These
2  cases, however, are not applicable to the case at bar.

3       The *Louis Vuitton* case concerned contributory trademark infringement and the award of
4  statutory damages under 15 U.S.C. §1117 in post-trial Rule 50 and 59 motions. The 9th Circuit's
5  ruling in that case did not concern pleading a cause of action for counterfeiting or the elements
6  required to plead a cause of action for counterfeiting.  In fact, the section cited by this Court in its
7  order specifically addresses counterfeiting only as it pertains to statutory damages under 15 U.S.C.
8  §1117.  As the *Louis Vuitton* court stated in defining a counterfeit mark, "Section 1116(d) specifies
9  that *a counterfeit mark for purposes of §1117(c)* is 'a counterfeit of a mark that is registered on the
10 principal register in the [USPTO].'" *Louis Vuitton*, 658 F. 3d at 945 (9th Cir. 2011) (emphasis
11 added).  Hence, the *Louis Vuitton* court's definition of a "counterfeit" mark was solely for the
12 purpose of determining the appropriateness of statutory damages under §1117 based on a jury's
13 finding of infringement.

14      The *Louis Vuitton* court does state that §1116(d) requires the offending mark to be a "non-
15 genuine mark identical to the registered [mark]," citing to the 9th Circuit's ruling in the *Idaho Potato*
16 case.  *Id*. at 946.  It is this quotation and citation upon which this Court relies for its holding on
17 MESRIANI's motion to dismiss.  However, once again, this Court's holding is, respectfully, simply
18 wrong.  The *Idaho Potato* ruling, as it was cited by the *Louis Vuitton* and this Court, is limited.
19 Specifically, the portion of the decision cited by the Court based on *Idaho Potato* and *Louis Vuitton*,
20 is limited to statutory damages under §1117.  *See*, *Idaho Potato*, 425 F. 3d at 721 (9th Cir. 2005).
21 The *Idaho Potato* court makes this clear by stating that *"[i]n this context* [a counterfeit mark must be
22 identical to the registered mark]" (referring to statutory damages under Section 1117). Id. (emphasis
23 added).  The standard applied in a post-trial motion under §1117, challenging statutory damages, is
24 not an appropriate standard for a motion in the pleading stages of an action brought under 15 U.S.C.
25 §1114.   Both cases cited by the Court are inapplicable to the case at bar as they *solely* address a
26 post-trial motion challenging the district court's award of statutory damages.

27      The pleading of a cause of action for counterfeiting under §1114 in the initial complaint of a
28 lawsuit does **not** require the plaintiff to plead that the defendant's offending mark was "identical" to

plaintiff's mark. First, as this Court recognized in its order on MESRIANI's motion to dismiss, a pleading must simply allege facts for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Second, 15 U.S.C. §1114 attaches liability to any party which uses in commerce any "counterfeit" of a registered trademark. 15 U.S.C. §1127, in turn, defines a "counterfeit" mark as one which is identical with, "*or substantially indistinguishable from*," a registered mark (emphasis added). The U.S. Supreme Court has long held that the plain language of a statute is controlling as to its meaning[2], it follows that that the term "counterfeit," as used in §1114 to create a cause of action for counterfeiting, does **not** solely require identicalness; a substantially indistinguishable or similar mark can also create liability under 15 U.S.C. §1114.

Furthermore, the PLAINTIFF here has pled a cause of action for *trademark infringement and counterfeiting* under §1114 (See PLAINTIFF's Complaint page 7, emphasis added). As §1114 attaches liability, in addition to counterfeiting, for reproductions, copies, or colorable imitations, counterfeiting cannot be limited to identical marks. Thus, identity of marks are not a pre-requisite for all actions brought under 15 U.S.C. §1114; the statute allows for liability even when the marks at issue are not "1:1" identical to plaintiff's marks, but a colorable imitation. This was the case here, as plead by the PLAINTIFF.

2. **A Claim for trademark infringement or counterfeiting under 15 U.S.C. §1114 does not require that MESRIANI' goods or services be the same as the PLAINTIFF's goods or services**

The Court recognized the PLAINTIFF's allegations for trademark infringement beyond counterfeiting under §1114 in its ruling on the MESRIANI's motion to dismiss. Yet, the Court dismissed, with prejudice, four of the claims in the Complaint, including Federal trademark infringement and counterfeiting under §1114, unfair competition and false designation under §1125(a), California common law trademark infringement, and violation of California Business & Professions Code Section 17200. The Court's ruling was based on its finding that PLAINTIFF's and MESRIANI's services were unrelated, and that, as a matter of law, there can be no likelihood of confusion between MESRIANI's and PLAINTIFF's alleged marks.

---

[2] United States v. Ron Pair Enters., 489 U.S. 235, 240-241 (1989)

Again, the case law upon which the Court relies for its conclusion is misplaced as the case law cited by the Court is inapplicable to the case at bar.

Once again, the Court bases its decision on <u>Louis Vuitton</u> for the position that a trademark infringement cause of action, whether under §1114, §1125, or common law, cannot stand when a defendant is not offering the same goods or services as contained in the plaintiff's trademark registrations.  But as detailed above, the *Louis Vuitton* Court's holdings were limited to the interpretation of a verdict of statutory damages (§1117) for a finding of contributory trademark infringement.  Thus, the *Louis Vuitton* case is not controlling here.

The Court's decision also cites *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012), for its conclusion that a counterfeit mark must be used on the same goods or services for which a plaintiff uses her mark to satisfy the pleading requirement that the defendant's mark creates a likelihood of confusion.  According to *Wecosign,* the key inquiry is "whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product," *Id*. at 1079 (*citing Jada Toys, Inc. v. Mattel, Inc.* 518 F.3d 628, 632 (9th Cir. 2008)).  That court, however,  goes on to list  eight factors,  known as the *Sleekcraft* factors, for  determining likelihood of confusion.  This Court failed to apply these factors to the facts of this case; and, at any rate, such an elaborate analysis is highly factual in nature and is premature at the pleading stage.  Without performing the proper analysis, the Court simply concluded that the goods and services of PLAINTIFF and MESRIANI are "totally unrelated" and "confusion is unlikely."

While the *Wecosign* Court does allude to the fact that both the plaintiff and defendant in that case offer financial services, the decision also conducts an analysis of the marketing channels used by the parties and the fact that the defendant intended to deceive consumers. *Id* at 1080.  The *Wecosign* court determined that the marketing channels used and defendant's intention to deceive consumers was just as important as whether the parties provided similar services.  *Id*.  Ultimately, all the *Sleekcraft* factors are pertinent to a likelihood of confusion determination and the relatedness of the services should not be the dispositive factor in that determination.  The Court failed to cite any other factor, other than the similarity in the goods and services provided.

1  The Court further found that allowing the PLAINTIFF to amend the complaint would be futile because, relying on *Murray v. Cable Nat'l Broad. Co.*, 86 F. 3d 858, 860-861 (9th Cir. 1996), as a matter of law, it found that confusion would be unlikely since the PLAINTIFF's and MESRIANI's services were unrelated. However, the *Murray* case has been made moot as the 9th Circuit has changed its position on the determination of likelihood of confusion based solely on the relatedness of the goods or services between the plaintiff and defendant.

Citing McCarthy on Trademarks § 24:65 and Gilson on Trademarks, § 4.03[3][a] (2007), the 9th Circuit has changed course, when it comes to likelihood of confusion based on relatedness of goods or services, holding that a plaintiff's remedies for infringement are **not** limited to the goods or services contained in its trademark registration but also extends to infringing uses of counterfeit marks on goods or services that *are unrelated* to the plaintiff's goods or services. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 971 (9th Cir. 2007). "[A] trademark owner may seek redress if another's use of the mark on *different goods or services* is likely to cause confusion with the owner's use of the mark." *Id*. at 971. *See also Interstellar Starship Services, Ltd. v. Epix Inc.*, 184 F.3d 1107 (9th Cir. 1999) (holding that a mark holder's rights to protect its interest in a registered mark are not limited to infringement actions against those using the mark in connection with the specified goods or services, expressly rejecting an argument that the plaintiff was required to show that the scope of its valid interest extended to the defendant's use of the mark); *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529 (11th Cir. 1985) (proceeding to a likelihood of confusion analysis where the plaintiff's registration was only for cognac and brandy, and the defendant's allegedly infringing use was in selling wine); *Cont'l Motors Corp. v. Cont'l Aviation Corp.*, 375 F.2d 857, 861 (5th Cir. 1967) ("The remedies of the owner of a registered trademark are not limited to the goods specified in the certificate, but extend to any goods on which the use of an infringing mark is 'likely to cause confusion.' "); *Chandon Champagne Corp. v. San Marino Wine Corp.*, 335 F.2d 531, 534 (2d Cir. 1964) ("A registered trade-mark is safeguarded against simulation not only on competing goods, but on goods so related in the market to those on which the trademark is used that the good or ill repute of the one type of goods is likely to be visited upon the other.").

Therefore, currently in the 9th Circuit, a plaintiff can seek redress based on a defendant's marks which cause a likelihood of confusion, regardless of whether the plaintiff's and defendant's goods or services are related. This Court's reliance on the findings of the *Murry v. Cable Nat'l Broad Co.* 86 F.3d 858, in light of subsequent case law in the 9th Circuit, is incorrect.

In *Mastro's Rests., LLC v. Dominick Group, LLC*, 2012 U.S. Dist. LEXIS 80200, 2012 WL 2091535 (D. Ariz June 2012), **interpreting the *Murray* case**, stated that "a plaintiff is not required to prove the likelihood of confusion at the pleading stage. (citations omitted)" *Id.* at 13. "Whether defendants' uses are legitimate fair uses of the trademarks in competition, and whether they create a likelihood of confusion, are fact specific issues **not** properly resolved through a motion to dismiss.(citations omitted)" *Id*. at 14 (emphasis added).

Based on the above, it is clear that this Court's analysis is simply wrong. The Court did not apply the eight *Sleekcraft* factors to its determination of likelihood of confusion and found that the PLAINTIFF's and MESRIANI's services and goods are "totally unrelated", as a matter of law, pursuant to the standard in the *Murray* matter, when such a finding is not even appropriate at the pleading stage based on a motion to dismiss. Based on these mistakes alone, the motion for reconsideration should be granted.

Even assuming that the Court's conclusion was appropriate in the pleading stage, the facts are that MESRIANI used the offending marks to provide directory services in the legal field. Providing directory services makes the PLAINTIFF's and MESRIANI's services related, making the Defendant's use of the infringing marks more egregious and likely to cause confusion.

**3.     As the Court's ruling on the claims for Unfair Competition and False Designation of Origin are based on Trademark Infringement and Counterfeiting, the Court should grant this motion as to all claims dismissed with prejudice**

In its ruling on the MESRIANI's motion to dismiss, the Court cited *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) for the position that the analysis of 15 U.S.C. §1114 and 15 U.S.C. 1125 are "identical," and *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp*., 174 F. 3d 1036, 1047 n. 8 (9th Cir. 1999) for the position that state law claims of unfair competition and California Business & Professions Code Section 17200 are the same as the Lanham

Act claims. Because, the Court found these causes of action were related, the Court, based on the same flawed analysis, dismissed these claims with prejudice, along with the dismissal of the claim for Trademark infringement and counterfeiting.

Because the Court's ruling on the similarity of the marks and likelihood of confusion is simply wrong, and the dismissal of the other claims with prejudice was based on the same incorrect analysis, this motion for reconsideration should be granted as to all claims dismissed with prejudice.

### 4. PLAINTIFF should have been given leave to amend

Dismissals for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6) should be without prejudice to the PLAINTIFF's ability to file an amended pleadings. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988). Dismissal without granting leave to amend is proper only in extraordinary cases. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Thus, the Court should grant leave to amend if it appears at all possible that PLAINTIFF can correct the defect. *Balistreri v. Pacifica Police Dept., supra*

The Court's determination, as a matter of law, based on the *Murray* case was premature and incorrect. Such a determination is not appropriate in the pleading stage. At the very least, the Court should have granted leave to amend for PLAINTIFF to add facts appropriate for the *Sleekcraft* analysis. This is not an extraordinary case for the Court to have denied PLAINTIFF leave to amend on its first pleading.

### IV. CONCLUSION

For the foregoing reasons, PLAINTIFF respectfully requests that the Court grant this Motion for Reconsideration, and in turn, reinstate PLAINTIFF's Federal and states causes of action against MESRIANI, or be allowed to amend the complaint to clarify the facts that would allow such causes of action.

Dated: March 13, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　ADLI LAW GROUP, P.C.

　　　　　　　　　　　　　　　　　　　By: /s/ Dariush G. Adli
　　　　　　　　　　　　　　　　　　　Dariush G. Adli, Esq.
　　　　　　　　　　　　　　　　　　　Attorneys for MESRIANI