Dariush G. Adli, SBN 204959
adli@adlilaw.com
Marina Manoukian, SBN 180104
Marina.manoukian@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff
Ketab Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC. and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. **2**:14-cv-07241-RSWL (MRW)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT; DECLARATION OF MARINA MANOUKIAN IN SUPPORT THEREOF**<br><br>Date: April 21, 2015<br>Time: 10:00 a.m.<br>Courtroom: 21, 5th floor<br>Judge: Ronald S.W. Lew |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:**

Plaintiff KETAB CORP. ("KETAB") seeks to amend its complaint to add four additional claims to the complaint, to add causes of action for Trademark Infringement by Imitating and False Advertising, Common Law Unfair Competition and False Designation of Origin, Common Law Fraud, California False Advertising. Plaintiff also seeks to correct the caption and the designation of defendants in the body of the complaint. Plaintiff's request is based on this Court's ruling on Defendants' Motion to Dismiss and new facts discovered, in order to better plead the Plaintiff's claims against Defendants.

Plaintiff's proposed Second Amended Complaint ("SAC") is attached hereto as **Exhibit A** and incorporated by reference.

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on September 19, 2014. Defendants MESRIANI LAW GROUP and RODNEY MESRIANI ("MESRIANI") filed their Motion to Dismiss on November 7, 2014. The Court ruled on MESRIANI'S motion on February 16, 2015 dismissing the claims for Trademark Infringement and Counterfeiting under 15 U.S.C. Section 1114, Federal Unfair Competition and false Designation of Origin under 15 U.S.C. Section 1125(a), California Common Law Trademark Infringement, and California Unfair Competition, with prejudice and the claims for Federal Trademark Dilution under 15 U.S.C. Section 1125(c), and Intentional Interference with Economic Relations, without prejudice. The Court denied leave to amend the four claims dismissed with prejudice, even though this was Plaintiff's first attempt to plead claims against Defendants.

On February 26, 2015, Plaintiff filed its First Amended Complaint ("FAC"). In preparing for and drafting the First Amended Complaint, Plaintiff realized that

facts discovered after the filing of the initial complaint in addition to the rulings of this Court on MESIRANI'S Motion to Dismiss supported adding four new claims. When the FAC was drafted, Plaintiffs inadvertently overlooked the portion of the Court's order allowing amendment of only the causes of action dismissed without prejudice and included four additional claims.

In response to Plaintiff's FAC, MESRIANI sent a meet and confer letter demanding the withdrawal of the new claims in order to avoid another Motion to Dismiss. Plaintiff realizing its mistake, contacted counsel for MESRIANI and informed her that Plaintiff intends to file a motion for leave to amend the complaint to add the new claims which are appropriate under the circumstances, and requested that MESRIANI stipulate to such leave. MESRIANI through counsel refused to stipulate. Accordingly, this motion is necessary.

Plaintiff has also filed a Motion for Reconsideration of the Court's ruling on MESRIANI'S Motion to Dismiss. Plaintiff respectfully requests the Court to grant said motion and amend its ruling to either deny the Motion to Dismiss, or, at the very least, grant Plaintiff leave to amend the claims that the Court dismissed with prejudice. In either event, however, Plaintiff seeks to amend its complaint in order to add claims that have become appropriate based on new facts discovered.

## FACTUAL BACKGROUND

Plaintiff is in the business of providing telephone directory and marketing services, electronic marketing and directory services, including, but not limited to, legal directory services, and publishing Yellow Page directories to the Iranian community in Southern California, across the U.S. and around the world, who live outside of Iran, and has been in that business since 1981. Plaintiff uses several trade names and marks to identify its services, including, *inter alia*, "Iranian Information Center" and its Farsi translation "Markaze Ettelaat", "08", combinations of the "08" mark, and "Yellow Page-Iranian." (collectively, the "KETAB MARKS"). Users are

able to telephonically, electronically, or through the print media, gain access to KETAB's information service by, e.g., calling 818/9-08-08-08, accessing www.o8.net, through its yellow pages directory, or otherwise.  Plaintiff has applied for and obtained several United States trademarks, including U.S. Trademark Registration number 3,271,704, for its "08" mark.

MESRIANI knew, and were familiar with Plaintiff and the KETAB MARKS through Plaintiff's internet, print, and radio advertisements.  In fact, MESRIANI advertised on their own radio show that they are one of Plaintiff's directory members.

Plaintiff filed a lawsuit against MESRIANI's Co-Defendant in 1995 for infringement of certain KETAB MARKS, including "Yellow-Page Iranian", "Iranian-Information-Center" and the latter's Farsi translation "Markaze-Ettelaat Iranian", and a "08 COMBINATION" phone number "818/8-08-08-08."  A settlement agreement was reached by the parties to that lawsuit, under which defendants were precluded from directly or indirectly using or benefiting from the marks.

Then, sometime in 2014, MESRIANI began advertising and marketing themselves under the KETAB MARKS, specifically including the "08" mark's use in a phone number mark ("818.8.08.08.08") and on a domain name mark ("08law.net"). Further, Plaintiffs discovered after filing the complaint that MESRIANI also provided legal directory services to other contracted attorneys for areas of law that MESRIANI did not practice in but earned a referral fee or compensation for such legal directory services under those same marks.  MESRIANI'S www.08law.net web address directed consumers to another domain name, www.findthebestlawfirm.com, through which consumers could use the legal directory to find law firms. (Declaration of Marina Manoukian ¶ 2)

///

///

///

# LEGAL ARGUMENT

### A. The Court Should Freely Give Leave to Amend When Justice So Requires

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Furthermore, the Ninth Circuit has held that "rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F. 2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb,* 655 F.2d 977 (9th Cir. 1981)); *see also Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) ("[T]he court must be very liberal in granting leave to amend.")

Because there is a policy favoring determination of cases on their merits, the role of pleadings is limited. Leave to amend the pleadings should be freely given unless the opposing party makes a showing of undue prejudice, bad faith or dilatory motives on the part of Plaintiff. *Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230 (1962). The policy favoring leave to amend should be applied with <u>extreme liberality</u>. (*Emphasis Added) Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013). Furthermore, the Ninth Circuit has stated that the "goal of Rule 15(b) is to promote the objective of deciding cases on the merits rather than on the relative pleading skills of counsel." *Eminence Capital, LLC v.Aspeoan, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

Circumstances under which Rule 15(a) permits denial of leave to amend are limited. *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1391 (5th Cir. 1991). Plaintiff is only required to establish the reason why an amendment is needed. The burden then shifts to the defendants to oppose the motion to show that justice requires denial. *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989)

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 407

Finally, Amendments seeking to add claims are to be granted more freely than amendments adding parties. *Union Pacific. Railroad. Co. v. Nevada Power Co,* 950 F.2d 1429, 1432 (9th Cir. 1991).

### B. Plaintiff Should Be Given Leave to Amend its Complaint

In deciding whether justice requires granting leave to amend, factors to be considered include:   1) the presence or absence undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) prejudice to opposing party; and 5) futility of the proposed amendment ("*Foman Factors*"). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing to *Foman v. Davis,* 371 U.S. 178, 182, 9 L.Ed.2d 222, 83 S.Ct. 227 (1962); *DCD Programs, Ltd .v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

The scheduling conference took place, without appearances, on February 3, 2015.  Pursuant to the schedule of pretrial and trial dates, the deadline to amend pleadings is May 4, 2015.  Plaintiff is within the time allowed for amendments to pleadings.  MESRIANI'S motion to dismiss was filed on November 7, 2014.  The Court issued its ruling on said motion on February 6, 2015.  Plaintiff's FAC was filed on February 26, 2015, with four new claims.  It was at this time when Plaintiff realized it had new facts giving rise to new claims and that a motion for leave to amend was necessary.  From the time of the Court's ruling to the time of the filing of this motion it has been less than 45 day.  There has been no undue delay in bringing this matter to the Court's attention.

Plaintiff is not attempting to delay progress of this matter because the case is still in the pleading stages.  The proposed amendment will not result in the continuance of any trial date or other proceedings in this action.  Furthermore, there is no bad faith motive behind the request for leave to amend.  The purpose of the

amendment is to plead the applicable claims in order to have an adjudication on the merits of this case.  The Court has already granted Plaintiff leave to amend three causes of action against MESRIANI.  Accordingly, MESRIANI is still a defendant in this case. The additional facts discovered after the original complaint show that MESRIANI was engaged in business of providing a legal directory to the consumers. He advertized the "08" mark by using the web address of www.08law.net.  Then consumers who went to that website, were automatically diverted to another site with the web address of www.findthebestlawfirm.com, which purports to be a legal directory.  Plaintiff was not aware of these facts at the time of the first complaint. Plaintiff seeks to amend the complaint to have all of the claims applicable to the facts in this action pled, so that there can be adjudication on the merits of all of Plaintiff's claims against the Defendants.  There can be no bad faith in said intention.

Plaintiff has not been given repeated opportunities to cure defects in the pleading.  MESRIANI filed a Motion to Dismiss to Plaintiff's original complaint. After the Court's ruling on said motion, Plaintiff attempted to cure the defects and added new causes of action based on the Court's rulings, a reassessment of the facts and a consideration of new facts.  The FAC is Plaintiff's second attempt.  If leave to amend is granted, Plaintiff will be refiling its FAC as a Second Amended Complaint without changing the content.  In reality, Plaintiff is only asking for a second chance to plead properly.

Consideration of prejudice to opposing party is the most important factor in deciding whether to grant leave.  *Eminence Capital,* 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule Rule 15(a) in favor of granting leave to amend" (*emphasis added*). *Id.* at 1052. Granting leave for Plaintiff to amend its complaint will not prejudice any of the Defendants.  No discovery has been conducted in this case.  The action is still in the pleading stage.  MESRIANI and all other Defendants will have

sufficient time to investigate Plaintiff's additional claims and conduct proper discovery. Discovery cut-off is not until October 5, 2015. Trial is set for March 1, 2016. Parties will have plenty of time to prepare for trial based on the additional claims. There can be no possible argument for prejudice to defendants.

Finally, the proposed amendment is not futile. The four new claims are based on all of the facts known to Plaintiff at this time, including new facts discovered after the filing of the original complaint and are pled based on the Court's ruling on the MESRIANI Motion to Dismiss. Plaintiff asserts claims based on the common theme that the KETAB MARKS, such as the "08" mark, were used by MESRIANI in commerce, without Plaintiff's permission, which caused confusion in the public as to who was providing the services and/or goods. Because the "08" mark and its combination are KETAB'S MARKS, MESRIANI benefited from the reputation and goodwill of KETAB and deceived the public into believing that its services were connected with KETAB'S services. The four additional claims for Trademark Infringement by Imitating and False Advertizing, Common Law Unfair Competition and False Designation of Origin, Common law Fraud and False Advertizing are appropriate based on these facts. Plaintiff must be allowed to plead all applicable claims. As such, the amendments are not futile.

As there can be no argument for prejudice to defendants, in order for this Court to deny Plaintiff's motion for leave to amend, there must be strong showings under the remaining factors. No such showing can be made. Accordingly, Plaintiff should be given leave to amend.

### LEAVE TO CORRECT CAPTION AND NAMES OF DEFENDANTS

Plaintiff is also seeking leave to amend the caption and names of defendants in the body of the complaint. Plaintiff's Complaint and First Amended Complaint ("FAC") named Mesriani Law Group, PC as a professional corporation. Plaintiff has discovered that the correct name of the corporation is Mesriani & Associates, P.C..

Furthermore, Mesriani Law Group is the fictitious business name of Rodney Mesriani, and also the name used by the law firm Mesriani & Associates, P.C. in their practice.  Accordingly, in order to name the defendants correctly, Plaintiff is seeking to make the following amendments to the caption and body of the complaint:

1. Mesriani Law Group, P.C. amended to Mesriani & Associates, P.C.;
2. Mesriani Law Group to be designated as an aka of Mesriani & Associates, P.C. and the dba of Rodney Mesriani.

Leave to amend the caption to correct names of defendants should be granted.

## CONCLUSION

This is, in reality, only Plaintiff's second attempt at pleading a complaint. There is no justifiable basis to deny Plaintiff's request for leave to amend because Defendants cannot show prejudice or a strong showing of undue delay, bad faith, or futility.  There is a strong policy favoring the granting of leave.  Plaintiff is respectfully requesting this Court to consider the strong presumption and the absence of contrary showing and grant Plaintiff leave to amend to file the attached Second Amended Complaint.

Dated:  March 18, 2015                                    ADLI LAW GROUP, P.C.


                                                          By: /s/Marina Manoukian_____
                                                          Dariush G. Adli, Esq.
                                                          Marina Manoukian
                                                          Attorneys for Plaintiff