1   Yolanda A. Slaughter (State Bar No. 202610)
    LAW OFFICES OF YOLANDA A. SLAUGHTER
2   5723 Melrose Avenue, Suite 250
    Los Angeles, California 90038
3   Telephone:  (424) 201-3679
    Facsimile:   (323) 962-3668
4
    Attorney for MESRIANI LAW GROUP
5   And RODNEY MESRIANI

6
                    UNITED STATES DISTRICT COURT
7
                  CENTRAL DISTRICT OF CALIFORNIA
8
                         WESTERN DIVISION
9

10  KETAB CORP., a California                Case No. 2:14-cv-07241-RSWL (MRW)
11  Corporation,
                                             **DEFENDANTS MESRIANI LAW
12                      Plaintiff,           GROUP AND RODNEY
                                             MESRIANI'S OPPOSITION AND
13            vs.                            MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT OF
14  MESRIANI LAW GROUP, a California         OPPOSITION TO PLAINTIFF'S
    Corporation, RODNEY MESRIANI, an         MOTION FOR
15  individual, SEYED ALI LIMONADI, aka      RECONSIDERATION**
    ALI LIMONADI, an individual; STUDIO
16  CINEGRAPHIC LOS ANGELES, dba             Hon. Ronald S. W. Lew
    IRTV; MELLI YELLOW PAGES, INC.,
17  and DOES 1 through 10, inclusive,        Date:  April 14, 2015
                                             Time: 10:00 a.m.
18                      Defendants.          Place: Courtroom 21

19

20
            Defendants Mesriani Law Group and Rodney Mesriani (hereinafter "Mesriani
21
    Law Defendants") respectfully submit their Memorandum of Points and Authorities in
22
    Opposition to Plaintiff's Motion for Reconsideration.
23

24

25

26

27

28

# TABLE OF CONTENTS

I.      PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     PRELIMINARY STATEMENT AND RELEVANT FACTUAL
        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.  Standard For Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.  Plaintiff Has No Basis to Undercut the Court's Ruling . . . . . . . . . 7

            1.      No Plausible Claim for Counterfeiting . . . . . . . . . . . . . 7

            2.      No Plausible Claim for Trademark Infringement,
                    Unfair Competition and False Designation of Origin . . . 9

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PROCEDURAL BACKGROUND

On September 16, 2014, Plaintiff filed its Complaint against, among others, Mesriani Law Group and Rodney Mesriani (hereinafter "Mesriani Law Defendants") alleging the following claims:  (1) federal trademark infringement and counterfeiting, in violation of 15 U. S. C. Section 1114; (2) federal unfair competition and false designation of origin, in violation of 15 U. S. C. Section 1125 (a); (3) Federal trademark dilution, in violation of 15 U. S. C. Section 1125 (c); (4), California common-law trademark infringement; (5), California, unfair competition, in violation of Cal. Bus. & Prof. Code § 17200 et seq; (6) intentional interference with economic relations, in violation of California law; and (7) negligent interference with economic relations. Dckt. # 1.

Recognizing the defects in Plaintiff's Complaint, Mesriani Law Defendants filed their Motion to Dismiss on November 7, 2014. Dckt. 29.  After considering Plaintiff's Opposition, Dckt. #32 and  Mesriani Law Defendants' Reply, Dckt. 35, on or about February 6, 2015, the Court granted Mesriani Law Defendants' Motion to Dismiss.  Dckt. 42.

**Specifically, the Court dismissed the following claims with prejudice:**

1.     (Plaintiff's First Claim)-Federal Trademark Infringement and

Counterfeiting in violation of 15 U.S.C § 1114;

2

2.     (Plaintiff's Fourth Claim)-Federal Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a);

3.     (Plaintiff's Sixth Claim)-California Common Law Trademark Infringement;

4.     (Plaintiff's Seventh Claim) California Unfair Competition.

**Additionally, the Court dismissed the following claims <u>without prejudice</u> and granted 20 days leave to amend:**

1. (Plaintiff's Fifth Claim) Federal Trademark Dilution in violation of 15 U.S.C. 1125(c); and

2. (Plaintiff's Ninth and Tenth Claims) Intentional and Negligent Interference with Economic Relations.

Plaintiff has now filed, among other pleadings and motions, the instant motion for reconsideration of the Court's February 6, 2015 Order.  Mesriani Law Defendants respectfully request that Plaintiff's motion be denied in its entirety.

## II.    PRELIMINARY STATEMENT AND RELEVANT FACTUAL BACKGROUND

Plaintiff's motion for reconsideration re-argues this Court's ruling without citing any new cases that cast doubt on the Court's decision or the well established law on which it was based. The Court's ruling was and remains the correct application of law to the facts before the Court.   Plaintiff claims it can satisfy Local Rule 7-18's requirements for reconsideration by asserting that "the Court has not considered new evidence and extends the law well beyond the bounds of

3

controlling authority." (Mot. at 2-3).   Plaintiff's position is meritless.

Plaintiff's "08" mark is a federally-registered stylized design mark, Registration number 3,271,704, shown below: (Compl., Ex. 1):



Plaintiff provides general information directory and marketing services to the Iranian community outside of Iran.  Compl. ¶¶ 4, 12.  Defendants Mesriani Law Group is a law firm located in Los Angeles, and Defendant Rodney Mesriani is the sole owner of Mesriani Law Group.  Compl. ¶¶5, 23.  Clearly, information directory and marketing services are not similar to, let alone the same as, legal services.

Nevertheless, the supposed "new evidence" Plaintiff attempts to rely on as a basis for its motion for reconsideration is that the Mesriani Law Defendants are "direct competitors" of Plaintiff.  (Mot. at 1).  Plaintiff now alleges that not only do the Mesriani Law Defendants provide legal services, they are also engaged in the business of legal directory services to other contracted attorneys for which it receives lawyer referral fees.  (Mot. at 2).  This allegation is a last ditch, frivolous, desperate attempt to resuscitate Plaintiff's dismissed claims against Mesriani Law Defendants.

Not only is Plaintiff's allegation baseless, it's frivolous and warrants Rule 11 sanctions.  In California, lawyer referral services must be certified by the State Bar

**DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION**

and must conform to certain standards adopted by the California Supreme Court.

Mesriani Law Defendants are not part of any California lawyer referral service.  The

Court may take judicial notice of this fact at the State Bar of California's website

http://www.calbar.ca.gov/Public/LawyerReferralServicesLRS.aspx. The State Bar's

website provides a listing of all certified lawyer referral services in California.  The

Court may take judicial notice of such background facts, which are not reasonably

disputed and may be confirmed through publicly available sources.  *See Plevy v.*

*Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v.*

*Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Kythera Biopharmaceuticals, Inc. v.*

*Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. Feb. 20, 2014).

Because Plaintiff has failed to allege Mesriani Law Defendants' use of

Plaintiff's registered "08" design mark, and because Plaintiff failed to allege sufficient

facts to demonstrate a reasonable likelihood of confusion by Mesriani Law

Defendants alleged use of a combination of the numbers "08" in a telephone number

(not Plaintiff's registered "08" design mark), the Court should deny Plaintiff's motion

for reconsideration in its entirety.

Even, assuming for the sake of argument, that Plaintiff and Defendants are in

the same business of legal directory services, Plaintiff failed to allege any facts to

demonstrate Mesriani Law Defendants' use of Plaintiff's "registered" "08" design

mark.  Instead, Plaintiff alleges that Mesriani Law Defendants are using a combination

of the numbers "08" in a telephone number.  Compl. ¶¶ 26, 31, 33-35.  Plaintiff never

alleges that it has a federally registered "08 combination" mark, and failed to allege how Plaintiff's registered "08" design mark is identical or substantially similar to the use of a combination of the numbers "08" in a telephone number.

In addition to the above, Plaintiff fails to provide the Court with any explanation as to why, in the exercise of reasonable diligence, it could not have known about this "new evidence" prior to the Court's ruling on Mesriani Law Defendants' motion to dismiss.   See Local Rule 7-18.  Accordingly, this "new evidence" should not be considered by the Court.  In addition, Plaintiff fails to demonstrate any change in existing law or the emergence of new law that would apply to this matter.  *Id.* Plaintiff's motion should be denied because Plaintiff fails to establish any grounds for reconsideration pursuant to Local Rule 7-18.

### III.   ARGUMENT

#### A. Standard For Reconsideration

Reconsideration of a motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources and should not be granted, absent highly unusual circumstances.  Pursuant to Central District of California Local Rule 7-18, a motion for reconsideration is only proper where the moving party establishes:

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision;

**DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION**

(2) the emergence of new material facts or a change of law occurring after the time of such decision; or

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.  Local Rule 7-18. Plaintiff has failed to establish any of the above.

A reconsideration motion that does not meet the above requirements should be denied. See, e.g., *Rojo v. Bonnheim*, 2009 WL 2382420, at *1 (C.D. Cal. July 30, 2009) (denying motion for reconsideration where motion ―simply reasserts the same arguments raised and ―previously rejected by the Court‖); *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1122 (C.D. Cal. 2005) (denying motion for reconsideration where movant did not identify a material factual or legal difference that she could not have discovered with due diligence prior to the date the court decided the motion); *U.S. ex rel. Holder v. Special Devices, Inc.*, 296 F. Supp. 2d 1167, 1168-69 (C.D. Cal. 2003) (similar).

Plaintiff has failed to demonstrate any basis for reconsideration.  Plaintiff cites no new material facts, changes in existing law or facts, or the emergence of any new case which it could not have discovered with reasonable diligence prior to the decision on Defendants' Motion to Dismiss.  Accordingly, Plaintiff's motion for reconsideration should be denied in its entirety.

## B. Plaintiff Has No Basis To Undercut the Court's Ruling

### 1.    No Plausible Claim for Counterfeiting

7

Plaintiff has failed to allege any facts which would support a plausible claim that Defendant's use of a combination of the numbers "08" in a telephone number name is in any way identical or even similar to its federally registered stylized design mark set forth above. **It is important to point out that Plaintiff's mark is a partially-shaded, rectangular stylized design containing the numerals "08". The shaded "lining shown in drawing is a feature of the mark".** Compl. at¶ 14, Exh. 1.

Counterfeiting is "first degree" infringement-- it "is the most blatant and egregious form of 'passing off' fake goods" as though they are the real thing made by someone else. 4 J.T. McCarthy, Trademark and Unfair Competition § 25:10 (2009). A counterfeiter (1) uses an imitation of the registered trademark; (2) to sell similar goods or services. *United States v. 1,234 Watches*, 2002 U.S. Dist. LEXIS 28357 (C.D. Cal. 2002). Counterfeiting requires using an imitation of a registered mark on similar goods or services to deceive people into believing they are genuine article. Id. Moreover, a counterfeit mark must either be identical to, or substantially indistinguishable from, the registered Mark. 15 U.S.C. 1116(d)(1)(B). Therefore, the counterfeit complaint must identify both the registered mark and the alleged counterfeit mark to allege counterfeiting above the speculative level under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). See *Milo & Gabby, LLC v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 50688 (W.D. Wash. Apr. 11, 2014).

Here, as pointed out above, Plaintiff's "08" registered mark is a stylized design mark (Complaint, Exh. 1). However, Plaintiff claims that the Mesriani Law

8

Defendants infringed on its mark by utilizing a combination of the numbers "08" in a telephone number. It is impossible that the use of a combination of the numbers "08" in a phone number without anything more constitutes an infringement upon Plaintiff's stylized design mark.   For this reason, the Court should deny Plaintiff's motion for reconsideration regarding its counterfeiting claim.

### 2.    No Plausible Claim for Trademark Infringement, Unfair Competition and False Designation of Origin

Plaintiff's claims I, IV, VI, and VII allege trademark infringement (both federal and state) and claims are false designation of origin, and unfair competition that require a similar analysis by the Court. See *Hokto Kinoko Co. v. Concord Farms, Inc.* 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011); *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp 2d 1067, 1073 (C.D. Cal. 2004); *Wecosign, Inc. v. IFG Holding,s Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012).

In order to demonstrate a claim for trademark infringement, the plaintiff must first show that it has a valid, protectable trademark, and that the defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc.* 511 F.3d 966, 969 (9th Cir. 2007); *Century 21 Real Estate Corp. v. Sandlin*, 846 F. 2d 1175, 1178 (9th Cir. 1988). .  As pointed out above, Plaintiff has only clearly alleged that it has a registered stylized design mark containing the numbers "08". Plaintiff does not contend that Defendants are using the stylized design, but rather using a "combination" of the numbers "08" in a telephone number.  (Compl. ¶ 35).  It is anyone's guess as to exactly which "combinations" of the number "08" Plaintiff claims to own.    Because Plaintiff has failed to allege that Mesriani Law Defendants are using its stylized design mark, Plaintiff's claims for trademark infringement must fail.

Moreover,  Plaintiff failed to allege sufficient facts to support a plausible claim of a "likelihood of confusion." GoTo.com, Inc. v. Walt Disney Co, 202 F3d 1199, 1205 (9th Cir. 2000);

9

1   Wecosign, .845 F. Supp. 2d at 1079.  Thus, the important test is whether the practice of the

2   defendant is likely to cause confusion, not whether the defendant duplicated the mark.  *Dreamwerks*

3   *Prod. Group, Inc. v. SKG Studio*, 142 F. 3d 1127, 1129 (9th Cir. 1998); *Continental Motors Corp. v.*

4   *Continental Aviation Corp.* 375 F. 2d 857, 861 (5th Cir. 1967) (confusion or the likelihood of

5   confusion is the real test for trademark infringement).

6        "If the Court determines as a matter of law from the pleadings that the goods are unrelated

7   and confusion is unlikely, the complaint should be dismissed." *Murray v. Cable NBC*, 86 F.3d 858,

8
    860 (9th Cir. Cal. 1996).  Here, because legal representation to personal injury and employment
9
    litigation clients are totally unrelated to information directory (yellow page) and marketing services,
10
11  confusion would be unlikely as a matter of law.  For this additional reason, the Court should deny

12  Plaintiff's motion for reconsideration.

13              **IV.    CONCLUSION**

14       For the foregoing reasons, Mesriani Law Defendants respectfully request that

15  the Court deny Plaintiff's Motion for Reconsideration in its entirety.
16
17                           Respectfully submitted,

18

19  Dated: March 24, 2015          LAW OFFICES OF YOLANDA A. SLAUGHTER

20                           By:    /s/ Yolanda A. Slaughter

21
                            Yolanda A. Slaughter
22                          Attorney for Defendants Mesriani Law Group and Rodney
                            Mesriani
23

24

25

26

27

28
                                    10