Dariush G. Adli, SBN 204959
adli@adlilaw.com
Marina Manoukian, SBN 180104
Marina.manoukian@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 1750
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for PLAINTIFF
Ketab Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC. and DOES 1 through 10, inclusive<br><br>Defendants | Case No. Case No. 14-CV-07241-RSWL (MRWx)<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Date:          April 14, 2015<br>Time:         10:00 AM<br>Courtroom: 21-5th Floor<br><br>*Honorable Ronald S. Lew* |

REPLY BRIEF TO PLAINTIFF'S MOTION FOR RECONSIDERATION

**Dismissal without granting leave to amend is proper only in extraordinary cases.** *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). **This is not an extraordinary case.**

## I. INTRODUCTION

Plaintiff, Ketab Corp.'s ('PLAINTIFF") motion for reconsideration is based, in part, on newly-discovered material evidence and the Court's failure to consider material facts and law when ruling to dismiss <u>four claims with prejudice</u> on Plaintiff's first attempt at pleading. PLAINTIFF respectfully submits that the Court's dismissal with prejudice and without leave to amend was a mistake that should be corrected, without the necessity of appeal.

Specifically, the Court failed to consider material facts and law in regards to its analysis of PLAINTIFF'S counterfeiting claim and the claims for Federal Unfair Competition and False Designation of Origin, California Common Law Trademark Infringement and California Unfair Competition claims. In addition, PLAINTIFF has discovered new evidence which makes MESRIANI direct competitors of the PLAINTIFF.

For the reasons set forth herein, MESRIANI' Motion for Reconsideration should be granted and the Court's ruling on MESRIANI'S Motion to Dismiss should be reversed. At the very least, the Court should reverse its ruling granting the Motion to Dismiss with prejudice and grant PLAINTIFF leave to amend.

## II. BRIEF FACTUAL BACKGROUND

PLAINTIFF uses several trade names and marks to identify its services, including, *inter alia*, "Iranian Information Center" and its Farsi translation "Markaze Ettelaat", "08", combinations of the "08" mark, and "Yellow Page-Iranian." (collectively, the "KETAB MARKS") (Complaint ¶12) Users are able to telephonically, electronically, or through the print media, gain access to KETAB's information and directory service by, e.g., calling 818/9-08-08-08, through its yellow

pages directory, or otherwise. (Complaint ¶ 12) PLAINTIFF has applied for and obtained several United States trademarks, including U.S. Trademark Registration number 3,271,704, for its "08" mark.(Complaint ¶14)

The Complaint, solely for the purpose of identification, refers to the "08 Combination" for marks that use the "08" mark repeatedly in the use of PLAINTIFF'S telephone number of "818/9-08-08-08." (Complaint ¶13). MESRIANI used the telephone number "818/8-08-08-08." (Complaint ¶36) The number "08" has been identified with PLAINTIFF and gained recognition and notoriety in connection with PLAINTIFF'S directory services. As the complaint alleges, Defendants saw, knew and were familiar with the KETAB MARKS, including "08." (Complaint ¶21) The Complaint alleges that MESRIANI used "08" both in a telephone number and website. Specifically, MESRIANI used the telephone number "818/8-08-08-08" and the web address "08law.net." Because of PLAINTIFF'S use of the number "08" in connection with directory and information services, the public has come to associate such number with directory and information services. MESRIANI'S decision to use the number "08" in its web address and telephone number was no a mere coincidence. PLAINTIFF alleges that such use was knowing and with the intention of having the public make the connection that the telephone number and web address are associated with information and directory services of PLAINTIFF and take advance of the good will and reputation that PLAINTIFF has painstakingly cultivated.

In addition, since the filing of the Complaint, PLAINTIFF, has discovered that the web address of "www.08law.net" diverts to another website called www.findbestlawfirm.com. Clearly, MESRIANI, through the use of the number "08", which carries with it the meaning of information and directory services, intended to attract consumers, who intended to seek out PLAINITFF'S services, to its website and its legal directory.

Reply Brief to Plaintiff's Motion for Reconsideration

2

### III. LEGAL ARGUMENT

**A. A Motion For Reconsideration Is Appropriate in this Action**

One telling clause in MESRIANI'S Opposition to this motion sums up the MESRIANI's issue in the instant motion. MESRIANI states, "[n]ot only is PLAINTIFF'S <u>allegation baseless</u>,…" (Opposition 4:26). A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under Federal Rules of Civil Procedure Rule 12(b)(6), "no matter how unlikely such winning outcome may appear" to the district court. *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 791 (9th Cir. 2011). Accordingly, the "baselessness" of the allegations is not the proper measure for determining the viability of PLAINTIFF'S motion. Rather, the proper standard is whether the PLAINTIFF'S complaint has pled the requisite allegations, that, if proven at a later time, will present a winning case. *See, id*. As established in its opening brief and this reply brief, the allegations pleaded in PLAINTIFF'S complaint are more than sufficient to meet the highly liberal pleading standards of Rule 15.

Despite this standard, the Court considered the merits of the allegations and whether they were "baseless" and made determinations of fact. The Court found that the services are completely unrelated, even though the complaint alleges that they are related and that they create confusion in the public (Complaint ¶37-41, 50). These types of analyses and findings are not appropriate in the pleading stage. The Court committed a manifest error of fact and law when it considered the merits of PLAINTIFF'S case and whether the allegations were baseless. Now MESRIANI is taking the same approach in its Opposition, submitting evidence and demanding that PLAINTIFF prove its allegations at the pleading stage.

In *Mastro's Rests., LLC v. Dominick Group, LLC*, 2012 U.S. Dist. LEXIS 80200, 2012 WL 2091535 (D. Ariz June 2012), interpreting the *Murray* case, stated that "a plaintiff is not required to prove the likelihood of confusion at the pleading stage. (citations omitted)" *Id.* at 13. "Whether defendants' uses are legitimate fair uses

of the trademarks in competition, and whether they create a likelihood of confusion, are fact specific issues not properly resolved through a motion to dismiss.(citations omitted)" *Id*. at 14 (emphasis added). Yet this is exactly what this Court did and even based its findings on the *Murray* analysis.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly-discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*., 762 F.2d 557, 561 (7th Cir. 1985). Where a movant shows the district court has misunderstood the party or made error of apprehension, reconsideration may be proper. *Villanueva v. United States,* 662 F.3d 124, 128 (1st Cir. 2011). A district court is authorized reconsideration if there is a compelling reason such as a clarification of law that makes clear that the earlier ruling was erroneous. *Santamarina v. Sears, Roebuck & Co*., 466 F.3d 570, 572 (7th Cir. 2006), *citing Agostini v. Felton*, 521 U.S. 203, 236 (1997).

In the present case, there are new facts related to MESRIANI'S use of the website www.findbestlawfirm.com. There is also a manifest error of fact and law in connection with the Court's adjudication of the merits of PLAINITFF'S claims in the pleading stage without the proper analysis. Thus reconsideration and reversal of the Court's ruling is warranted.

### B. A cause of action for counterfeiting under 15 U.S.C. §1114 does not require the offending mark to be "identical" to the registered trademark.

The Court dismissed this claim with prejudice, without giving PLAINTIFF leave to amend. The Court also ignored the pleadings and conducted a premature adjudication of the case on the merits before its time. The Complaint alleges that "Defendants have adopted and used in commerce identical or confusingly similar versions of one or more of the KETAB MARKS, specifically including the "08" mark." (Complaint ¶50) Even if unlikely, these allegations must be accepted as true.

The Court, however, went beyond the analysis required in a motion to dismiss and adjudicated this claim based on its merits. A pleading must simply allege facts for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Furthermore, this Court erroneously cited *Louis Vuitton Malletier, S.A. v. Akonac Solutions, Inc.*, 658 F. 3d 936, 946 (9th Cir. 2011), *citing Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F. 3d 708, 721 (9th Cir. 2005), for the proposition that in order to prosecute a cause of action for "counterfeiting" under 15 U.S.C. §1114, plaintiff must allege and <u>prove</u> that the offending mark is "identical" to the plaintiff's registered trademark. As argued in the Motion for Reconsideration, these cases are not applicable to the case at bar.

The pleading of a cause of action for counterfeiting under §1114 in the initial complaint of a lawsuit does **not** require the plaintiff to plead that the defendant's offending mark was "identical" to plaintiff's mark. 15 U.S.C. §1114 attaches liability to any party which uses in commerce any "counterfeit" of a registered trademark. 15 U.S.C. §1127, in turn, defines a "counterfeit" mark as one which is identical with, "<u>*or substantially indistinguishable from*</u>," a registered mark (emphasis added). MESRIANI may be liable for the use of a colorable imitation.

In the instant case, although the "08" mark is what MESRIANI calls a stylized mark, it is not simply a logo. The number "08", itself separate and apart from the horizontal lines through it, have significance for PLAINTIFF and the public. With PLAINTIFF'S use, since 1981, the number "08" has become synonymous with information and directory services. PLAINTIFF used the number both in its mark and its telephone number. Then MESRIANI, having been familiar with the PLAINTIFF'S use and knowing the notoriety of the number, started using the number for its telephone number and website address. Accordingly, MESRIANI'S use of the "08" is a colorable imitation or substantially indistinguishable. This analysis, however, is appropriate during the adjudication of the merits.

### C. Plaintiff Has a Valid Claim for Trademark Infringement, Unfair Competition and False Designation of Origin

The Court dismissed, with prejudice, four of the claims in the Complaint, including Federal trademark infringement and counterfeiting under §1114, unfair competition and false designation under §1125(a), California common law trademark infringement, and violation of California Business & Professions Code Section 17200 on the basis that that PLAINTIFF's and MESRIANI's services were unrelated, and that, as a matter of law, there can be no likelihood of confusion between MESRIANI's and PLAINTIFF's alleged marks.

This determination was premature at the pleading stage and it also disregards the new facts discovered by PLAINTIFF that MESRIANI was and may still be involved in the service of **providing a legal directory**, which directly competes with services offered by PLAINTIFF.  MESRIANI, again attempts to adjudicate their Motion to Dismiss on the merits of the case by submitting evidence.  MESRIANI claims that it could not have been a lawyer referral service because it is not be registered with the California State Bar.  This allegation, however, does not undermine PLAINTIFF'S allegation that the website of www.08law.net diverts to another website called www.findbestlawfirm.com , which appears to be a legal directory.  Perhaps, MESRIANI is in violation of the State Bar rules, perhaps it is an advertisement based site.  This, however, is not the venue to determine the credibility of each parties' allegations.  The pleading stage is not where either plaintiff or defendant is supposed to prove their case.  PLAINTIFF has properly alleged facts, which if proven, will provide support for its claims. PLAINTIFF has met the pleading requirements to survive a motion to dismiss.

Furthermore, the Court also committed a manifest error of law for applying *Louis Vuitton* for the position that a trademark infringement cause of action, whether under §1114, §1125, or common law, cannot stand when a defendant is not offering the same goods or services as contained in the plaintiff's trademark registrations.

Reply Brief to Plaintiff's Motion for Reconsideration

Louis Vuitton's holding, however, is limited to the interpretation of a statutory damages (§1117) verdict for a finding of contributory trademark infringement. Thus, the *Louis Vuitton* case is not controlling here.

The Court's decision also failed to consider the eight *Sleekcraft* factors in deciding whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product. The court in *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012), listed eight factors, known as the *Sleekcraft* factors, for determining likelihood of confusion. This Court's analysis did not involve these factors. Without performing the proper analysis, the Court unilaterally concluded that the goods and services of PLAINTIFF and MESRIANI are "totally unrelated" and "confusion is unlikely."

The Court failed to cite any other factor, other than the similarity in the goods and services provided. The Court found that allowing the PLAINTIFF to amend the complaint would be futile because, relying on *Murray v. Cable Nat'l Broad. Co.*, 86 F. 3d 858, 860-861 (9th Cir. 1996), as a matter of law, it found that confusion would be unlikely since the PLAINTIFF's and MESRIANI's services were unrelated. First, the *Murray* case has been made moot as the 9th Circuit has changed its position on the determination of likelihood of confusion based solely on the relatedness of the goods or services between the plaintiff and defendant. Second, as stated above, other cases that have interpreted the *Murray* case, have found that the *Murray* analysis is not appropriate in a motion to dismiss. Here, this Court basically became a finder of fact, conducted a trial and decided that the evidence does not support the allegation that there is a likelihood of confusion, without giving PLAINTIFF a chance to prove its case. This is manifest error of law.

Furthermore, "a trademark owner may seek redress if another's use of the mark on *different goods or services* is likely to cause confusion with the owner's use of the mark." *Id*. at 971. *See also Interstellar Starship Services, Ltd. v. Epix Inc.*, 184 F.3d 1107 (9th Cir. 1999) (holding that a mark holder's rights to protect its interest in a

Reply Brief to Plaintiff's Motion for Reconsideration

registered mark are not limited to infringement actions against those using the mark in connection with the specified goods or services, expressly rejecting an argument that the plaintiff was required to show that the scope of its valid interest extended to the defendant's use of the mark); *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529 (11th Cir. 1985) (proceeding to a likelihood of confusion analysis where the plaintiff's registration was only for cognac and brandy, and the defendant's allegedly infringing use was in selling wine); *Cont'l Motors Corp. v. Cont'l Aviation Corp.*, 375 F.2d 857, 861 (5th Cir. 1967) ("The remedies of the owner of a registered trademark are not limited to the goods specified in the certificate, but extend to any goods on which the use of an infringing mark is 'likely to cause confusion.' "); *Chandon Champagne Corp. v. San Marino Wine Corp.*, 335 F.2d 531, 534 (2d Cir. 1964) ("A registered trade-mark is safeguarded against simulation not only on competing goods, but on goods so related in the market to those on which the trademark is used that the good or ill repute of the one type of goods is likely to be visited upon the other.").

The Court failed to consider the allegations in the Complaint regarding the substantially indistinguishable mark and the likelihood of confusion in the public. Now there are new facts giving further weight to PLAINITFF'S allegations that the services provided by MESRIANI are similar.

Based on the above, it is clear that the Court's ruling on MESRIANI'S Motion to Dismiss contained manifest errors of fact and law.

### D. PLAINTIFF should have been given leave to amend

Dismissal without granting leave to amend is proper only in extraordinary cases. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). This is not an extraordinary case. At the very least, the Court should grant leave for PLAINTIFF to add facts appropriate for the *Sleekcraft* analysis.

### IV. CONCLUSION

MESRIANI has been arguing facts and pushing for an adjudication of the

Reply Brief to Plaintiff's Motion for Reconsideration

merits of this case in the pleading stage.  They argue that PLAINTIFF'S allegations are baseless.  The Court has conducted an adjudication of this case on its merits and overlooked facts and law.  PLAINTIFF should be given an opportunity to conduct its investigation and discovery before it is required to prove the merits of its case.  PLAINTIFF respectfully requests this Court to reconsider its ruling on the Motion to Dismiss and reverse its ruling or, at the very least, grant PLAINTIFF leaver to amend.

Dated:  March 27, 2015                    Respectfully submitted,

                                          ADLI LAW GROUP, P.C.

                                          By: /s/ Dariush G. Adli
                                          Dariush G. Adli, Esq.
                                          Attorneys for Ketab, Corp.