```
 1
 2
 3
 4
 5
 6
 7
 8                UNITED STATES DISTRICT COURT
 9               CENTRAL DISTRICT OF CALIFORNIA
10
11  KETAB CORP.,                 )  2:14-cv-07241-RSWL (MRW)
                                 )
12              Plaintiff,       )
                                 )  ORDER re: Plaintiff's
13       vs.                     )  Motion for
                                 )  Reconsideration [63]
14                               )
                                 )
15  MESRIANI LAW GROUP, RODNEY   )
    MESRIANI, SEYED ALI          )
16  LIMONADI, ALI LIMONADI,      )
    STUDIO CINEGRAPHIC LOS       )
17  ANGELES dba IRTV, MELLI      )
    YELLOW PAGES, INC., and      )
18  DOES 1 through 10,           )
    inclusive,                   )
19                               )
                                 )
20              Defendants.      )
                                 )
21  _____ )
```

Currently before the Court is Plaintiff Ketab Corp.'s ("Plaintiff") Motion for Reconsideration [63] ("Motion") in which Plaintiff moves pursuant to Local Civil Rule 7-18 for reconsideration of the Court's February 6, 2015, Order [42] ("Order") granting Defendants Rodney Mesriani and Mesriani Law Group's ("Mesriani Defendants") Motion to Dismiss.

1

Upon review of all papers submitted and pertaining to Plaintiff's Motion [63], the Court **DENIES** Plaintiff's Motion for Reconsideration [63].

## I. BACKGROUND

A more thorough factual background of this Action is provided in the Court's February 6, 2015, Order [42] granting Mesriani Defendants Motion to Dismiss.  The following facts are based upon Plaintiff's originally filed Complaint, which is the relevant pleading to Plaintiff's Motion [63].

Plaintiff is a California corporation that provides information directory and marketing services to the Iranian community outside of Iran, including the Iranian community in Southern California and throughout the United States, and has been in such business since 1981.  Compl. ¶¶ 4, 12, ECF No. 1.  Defendant Mesriani Law Group is a law firm located in Los Angeles, and Defendant Rodney Mesriani is allegedly the sole owner of Mesriani Law Group.  Compl. ¶¶ 5, 23.  Plaintiff brings this Action against Mesriani Defendants for various state and federal trademark-related claims in connection with Plaintiff's registered "08" design mark and other alleged marks used by Plaintiff containing the number combination, "08."

Plaintiff originally brought the following claims against Mesriani Defendants:
1) Federal Trademark Infringement & Counterfeiting, in violation of 15 U.S.C. § 1114;

1  2) Federal Unfair Competition & False Designation of
2  Origin, in violation of 15 U.S.C. § 1125(a);
3  3) Federal Trademark Dilution, in violation of 15
4  U.S.C. § 1125(c);
5  4) California Common Law Trademark Infringement;
6  5) California Unfair Competition, in violation of Cal.
7  Bus. & Prof. Code § 17200 et seq.;
8  6) Intentional Interference with Economic Relations;
9  and
10 7) Negligent Interference with Economic Relations.
11 Compl. ¶¶ 36-45, 58-87, 94-103.
12      On February 6, 2015, the Court issued its Order
13 [42] granting Mesriani Defendants' Motion to Dismiss
14 Plaintiff's Complaint against them.
15      The Court dismissed with prejudice[1] the following
16 claims:
17 1) Federal Trademark Infringement & Counterfeiting,
18 under 15 U.S.C. § 1114;
19 2) Federal Unfair Competition & False Designation of
20 Origin, under 15 U.S.C. § 1125(a);
21 3) California Common Law Trademark Infringement; and
22 4) California Unfair Competition, under Cal. Bus. &
23 Prof. Code § 17200 et seq.
24 Feb. 6, 2015, Order ("Order") 16:5-18, ECF No. 42.

---

[1] The Court dismissed these claims with prejudice for their failure as a matter of law. See Feb. 6, 2015, Order ("Order") 16:5-18, ECF No. 42 (citing Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860-61 (9th Cir. 1996)).

The Court dismissed without prejudice[2] the following claims:

1) Federal Trademark Dilution, under 15 U.S.C. § 1125(c);

2) Intentional Interference with Economic Relations; and

3) Negligent Interference with Economic Relations. Order 16:20-17:3.

On March 13, 2015, Plaintiff filed the present Motion for Reconsideration [63]. The parties timely filed their respective Opposition [75] and Reply [77]. Plaintiff's Motion, set for hearing on April 14, 2015, was taken under submission [90] on April 9, 2015.

## II. LEGAL STANDARD

Plaintiff moves for reconsideration of the Court's Order pursuant to Local Civil Rule 7-18. Pl.'s Mot. 1:1-5, ECF No. 63. A motion for reconsideration under Local Rule 7-18 may be made on only the following grounds:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

---

[2] The Court dismissed these claims without prejudice because these claims failed merely for insufficient factual allegations, not as a matter of law. See, e.g., Order 11:18-26.

4

>    (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>    (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013).

A motion for reconsideration pursuant to Local Rule 7-18 must not "repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. Civ. L.R. 7-18. Consistent with Local Rule 7-18, a "'motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).[3]

---

[3] Plaintiff, who moves pursuant to Local Rule 7-18, is limited to the grounds permitted by Local Rule 7-18. C.D. Cal. Civ. L.R. 7-18. The Carroll standard does not provide *additional* grounds for reconsideration, beyond the grounds permitted in Local Rule 7-18, such as an added "clear error" ground that is not permitted by Local Rule 7-18, but merely sets a "cap" on when a motion for reconsideration may be granted: if there is not a showing of either 1) highly unusual circumstances, 2) newly discovered evidence, 3) clear error, or 4) an intervening change in the controlling law, then reconsideration is not proper. 342 F.3d at 945. Local Rule 7-18 further limits the grounds for reconsideration pursuant to Local Rule 7-18, and is thus narrower than the standard articulated in Carroll and the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Daghlian v. DeVry Univ., Inc., 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

### III. DISCUSSION

Here, Plaintiff moves for reconsideration pursuant to Local Rule 7-18 on the following three grounds: (1) "the Court committed clear error and the initial decision was manifestly unjust"; (2) Plaintiff "has newly-discovered material evidence that could not have been discovered earlier"; and (3) "the Court failed to consider material facts presented by" Plaintiff and Mesriani Defendants. Mot. 1:10-14.

**A. Alleged "Clear Error" re: Counterfeiting Claim Analysis**

Plaintiff argues that the Court's Order "contained manifest errors of law" because the Court "mis-cited and mis-applied case law by requiring that a 'counterfeit' mark be 'identical' to the registered mark." Mot. 3:22-24.

Plaintiff's first ground, that the Court committed "clear error" resulting in a manifestly unjust decision, is not a permitted ground for reconsideration under Local Rule 7-18.[4] C.D. Cal. Civ. L.R. 7-18. As

---

Civil Procedure. See Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60.

[4] "Clear error" is a ground for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, but Plaintiff cannot move pursuant to Rule 59 because Plaintiff's Motion is untimely

6

such, Plaintiff's argument of "clear error" cannot serve as a basis for reconsideration under Local Rule 7-18 by which Plaintiff moves.

But even if Plaintiff's "clear error" argument is considered, Plaintiff's argument does not justify reconsideration of the Court's Order for the following reasons.

Plaintiff states that the Court erroneously cited <u>Louis Vuitton Malletier, S.A. v. Akonac Solutions, Inc.</u>, 658 F.3d 936, 946 (9th Cir. 2011) "for the proposition that in order to prosecute a cause of action for 'counterfeiting' under 15 U.S.C. §1114, plaintiff must allege and prove that the offending mark is 'identical' to the plaintiff's registered trademark." Mot. 4:21-6:9. But even if the Court's citation to the "identical" standard in <u>Louis Vuitton</u> was mistaken, such a mistake does not merit reconsideration because the Court's decision to dismiss with prejudice Plaintiff's counterfeiting claim was not based on the <u>Louis Vuitton</u> standard. The Court ultimately dismisses Plaintiff's counterfeiting claim with prejudice because the Court found "that any

---

under Rule 59. Fed. R. Civ. P. 59; <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999). Furthermore, Plaintiff expressly states that it moves pursuant to Local Rule 7-18, and no other rule. Pl.'s Mot. 1:1-5. Because Rule 7-18 "provides for no time limitation for a motion for reconsideration," Plaintiff properly moves for reconsideration under Local Rule 7-18. <u>Williams v. UMG Recordings, Inc.</u>, 281 F. Supp. 2d 1177, 1185 n.13 (C.D. Cal. 2003).

amendment would be futile because the services provided by Plaintiff and Mesriani Defendants are totally unrelated." Order 8:5-21. The Court's conclusion was based on clear Ninth Circuit precedent, which states that if a court "determines as a matter of law from the pleadings that the goods [or services] are unrelated and confusion is unlikely, the complaint should be dismissed." <u>Murray v. Cable National Broadcasting Co.</u>, 86 F.3d 858, 860-61 (9th Cir. 1996).

Additionally, the Court's separate analysis of Plaintiff's trademark infringement claim, which never cites <u>Louis Vuitton</u>, *necessarily* applies to and includes Plaintiff's counterfeiting claim because a counterfeiting claim *is* a trademark infringement claim, but with additional requirements of proof. <u>See, e.g.</u>, Compl. ¶ 37 (stating that the First Claim for Relief is "trademark infringement and counterfeiting arising under 15 U.S.C. § 1114"); 15 U.S.C. §§ 1114, 1127. In other words, because Plaintiff's trademark infringement claim failed as a matter of law, Plaintiff's counterfeiting claim necessarily also failed as a matter of law. <u>See</u> 15 U.S.C. §§ 1114, 1127.[5] As such,

---

[5] To further explain: Section 1114 imposes liability for infringing use of "any reproduction, *counterfeit*, copy, or colorable imitation of a registered mark." 15 U.S.C. § 1114 (emphasis added). Section 1127 defines a counterfeit mark as a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. As such, a claim for "counterfeiting" under the Lanham Act *must*, by necessity, first establish a claim of trademark infringement.

the Court's Order properly dismissing Plaintiff's trademark infringement claim also properly dismisses Plaintiff's counterfeiting claim, making the Court's separate analysis of Plaintiff's counterfeiting claim unnecessary and immaterial to the Court's ultimate decision to dismiss with prejudice Plaintiff's claim under 15 U.S.C. § 1114.[6] For these reasons, even if Plaintiff's "clear error" argument is considered, Plaintiff's argument does not justify reconsideration.

**B. "Unrelated Services" Analysis**

Plaintiff argues that "the Court's strict requirement that the goods or services being engaged in and promoted by MESRIANI be related to the PLAINTIFF's goods or services in order to find 'likelihood of confusion' is simply wrong." Mot. 4:15. An argument that the Court's decision is "simply wrong" is not a permissible ground for reconsideration under Local Rule 7-18, and the Court will not reconsider its Order on such a basis.

**C. Court's Alleged Failure to Consider Material Facts**

Plaintiff's assertion that the Court "failed to consider material facts" is a permissible ground for

---

[6] This is evident by the fact that the Court, in its Order, dismissed with prejudice the counterfeiting claim and the trademark infringement claim for the exact same reason: Plaintiff's pleaded facts established that Plaintiff's and Defendants' services were totally unrelated and thus that confusion was unlikely as a matter of law. See Order 8:1-10:27 (citing Murray, 86 F.3d at 860-61).

9

reconsideration under Local Rule 7-18.  C.D. Cal. Civ. L.R. 7-18.  Plaintiff argues that the Court failed to consider Plaintiff's allegations in its Complaint that Mesriani Defendants had "adopted and used in commerce identical or confusingly similar versions of one or more of the KETAB MARKS."  Compl. ¶ 40; Reply 3:16-19, ECF No. 77.  Plaintiff argues that its mere allegations of confusing similarity are "factual allegations" that should be assumed true at the motion to dismiss stage of an action.  Mot. 3:27-4:3.

While Plaintiff's Complaint does allege that Mesriani Defendants "used in commerce 'identical or confusingly similar versions'" of Plaintiff's alleged trademarks, such allegations are not factual allegations, but legal assertions "stated in the form of factual allegations."[7]  Unical Enters., Inc. v. Stoner & Co., No. CV 05-3511 CBM (PJWx), 2006 WL 5671238, at *1 (C.D. Cal. Apr. 17, 2006) ("[T]he Court is not bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations.").  Legal assertions are not assumed true

---

[7] It would be absurd for a court to allow a pleading to survive a motion to dismiss merely because the plaintiff alleged, without more, that the defendant's mark was confusingly similar to plaintiff's mark.  If this were the case, a plaintiff could pair any two marks in the world and survive a motion to dismiss merely by saying the words "confusingly similar" in its complaint.  As such, merely stating that two marks are "confusingly similar" is not a factual allegation, but a legal assertion, which is *not* assumed true when determining a motion to dismiss.  Unical, 2006 WL 5671238, at *1.

10

at the motion to dismiss stage of an action. <u>Id.</u> A "formulaic recitation of the elements" of a claim will not survive a motion to dismiss. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

The Court, assuming all of Plaintiff's factual allegations to be true, found that the facts pleaded in Plaintiff's Complaint established that confusion was unlikely as a matter of law due to the total unrelatedness of Defendants' services (legal services) and Plaintiff's services (information directory and marketing services). <u>Murray</u>, 86 F.3d at 860-61; <u>Kaisha v. Nat'l Health Trends Corp.</u>, (C.D. Cal. Jan. 10, 2005) ("'If the goods are totally unrelated, there can be no infringement because confusion is unlikely.'" (quoting <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348 (9th Cir. 1979)). Because Plaintiff does not show that the Court failed to consider material facts, reconsideration of the Court's Order on this ground is not warranted.[8]

---

[8] Plaintiff also argues that the Court improperly required Plaintiff to *prove* a likelihood of confusion at the pleading stage, <u>see</u> Reply 3:25-28, but this is incorrect--the Court found that the facts plead by Plaintiff established an unlikelihood of confusion as a matter of law, not that Plaintiff failed to prove likelihood of confusion because of a *lack* of facts. When Plaintiff's facts establish an unlikelihood of confusion as a matter of law, Plaintiff's complaint fails to plead a "plausible" claim for trademark infringement. <u>Eclectic Props. E., LLC v.</u>

**D.     Plaintiff's Alleged Newly Discovered Evidence**

Plaintiff alleges it has discovered new material evidence justifying reconsideration of the Court's Order. Mot. 2:21-24. An assertion of "newly discovered facts" is a permissible ground for reconsideration under Local Rule 7-18. C.D. Cal. Civ. L.R. 7-18.

Specifically, Plaintiff claims that Mesriani Defendants provide not only legal services, but "also provided legal directory services to other contracted attorneys for areas of law that MESRIANI did not practice in but earned a referral fee or compensation for such legal directory services under those same marks." Mot. 2:21-24. Plaintiff asserts that, "since the filing of the Complaint," Plaintiff has "discovered that the web address of 'www.08law.net' diverts to another website called 'www.findbestlawfirm.com.'" Reply 2:22-27. Plaintiff asserts that this "[c]learly" shows that Mesriani Defendants are "in direct competition with" Plaintiff. Id.; Mot. 4:16-20. Mesriani Defendants deny these factual allegations. Opp'n 4:26-5:13.

Regardless of whether Plaintiff's new evidence is true, Plaintiff does not explain why it could not have

---

Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014).

discovered this evidence prior to the Court's Order and has, in fact, stated that it "discovered" this "new evidence" "since the filing of the Complaint," not since the Court's Order. See Reply 2:22-27. It is Plaintiff's burden to establish that the asserted new evidence could not have been discovered with reasonable diligence prior to the Court's decision. Here, Plaintiff has not met that burden. As such, the Court does not find that reconsideration is justified on the basis of Plaintiff's alleged newly discovered evidence.

In light of the above discussion, the Court, in its discretion, finds that reconsideration of the Court's February 6, 2015, Order granting Mesriani Defendants' Motion to Dismiss is unwarranted and thus **DENIES** Plaintiff's Motion for Reconsideration [63].

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [63].

**IT IS SO ORDERED.**

DATED: May 5, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge