NUNC PRO TUNC TO 2/6/2015

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ketab Corp., | 2:14-cv-07241-RSWL (MRW) |
| Plaintiff, | |
| vs. | **AMENDED ORDER** [42] **(Fed. R. Civ. P. 60) re: Defendants Mesriani Law Group and Rodney Mesriani's Motion to Dismiss** [29] |
| Mesriani Law Group, Rodney Mesriani, Seyed Ali Limonadi, Studio Cinegraphic Los Angeles, db IRTV, and Melli Yellow Pages, Inc., | |
| Defendants. | |

Currently before the Court is Defendants Mesriani Law Group and Rodney Mesriani's Motion to Dismiss [29]. Plaintiff Ketab Corp. ("Plaintiff") alleges various claims related to alleged trademark infringement against five named Defendants: Mesriani Law Group, Rodney Mesriani, Seyed Ali Limonadi, Studio Cinegraphic Los Angeles, and Melli Yellow Pages, Inc.  Compl. 1, 7-

1

16. Defendants Mesriani Law Group and Rodney Mesriani ("Mesriani Defendants") move [29] pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint against Mesriani Law Group and Rodney Mesriani in its entirety.

The Court, having reviewed all papers submitted and pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **GRANTS** Mesriani Defendants' Motion to Dismiss [29].

## I. BACKGROUND

**A. Factual Background**

Plaintiff Ketab Corp. is a California corporation that provides information directory and marketing services to the Iranian community outside of Iran, including the Iranian community in Southern California and throughout the United States. Compl. ¶¶ 4, 12. Defendant Mesriani Law Group is a law firm located in Los Angeles, and Defendant Rodney Mesriani is allegedly the sole owner of Mesriani Law Group. Compl. ¶¶ 5, 23. Plaintiff brings the following claims against Mesriani Defendants: (1) Federal Trademark Infringement and Counterfeiting, in violation of 15 U.S.C. § 1114, Compl. ¶¶ 36-45; (2) Federal Unfair Competition & False Designation of Origin, in violation of 15 U.S.C. § 1125(a), Compl. ¶¶ 58-68; (3) Federal Trademark Dilution, in violation of 15 U.S.C. § 1125(c), Compl. ¶¶ 69-76; (4) California Common Law Trademark

1  Infringement, Compl. ¶¶ 77-82; (5) California Unfair
2  Competition, in violation of Cal. Bus. & Prof. Code §
3  17200 et seq., Compl. ¶¶ 83-87; (6) Intentional
4  Interference with Economic Relations, in violation of
5  California law, Compl. ¶¶ 94-98; and (7) Negligent
6  Interference with Economic Relations, in violation of
7  California law, Compl. ¶¶ 99-103.
8      Plaintiff alleges that it "uses several trade names
9  and marks to identify its services," including: (1)
10 "Iranian Information Center" and its Farsi translation,
11 "Markaze Ettelat"; (2) "08"; (3) "combinations of the
12 '08' mark"; and (4) "Yellow Page-Iranian"
13 (collectively, "Ketab Marks"). Id. ¶ 12.  Plaintiff
14 claims to be the first entity to use the Ketab Marks
15 "in association with providing information and
16 directory services to the Iranian community in the U.S.
17 and around the world who live outside of Iran." Id. ¶
18 13.  Plaintiff alleges that its "08" mark and
19 "combinations of the '08' mark" have become
20 "extensively identified in the public mind as the
21 provider of the telephone, internet and print directory
22 services." Id. ¶ 13.  Plaintiff's services can be
23 accessed by calling 818-908-0808 or by visiting the
24 website, www.08.net. Id. ¶ 12.
25     Plaintiff's "08" mark is a federally registered
26 trademark. Id. ¶ 14, Ex. 1 (U.S. Trademark
27 Registration No. 3,271,704); Defs.' Mot. Dismiss
28

("Mot.") 3:23-23 (undisputed by Mesriani Defendants). Exhibit 1 to Plaintiff's Complaint provides an image of the "08" mark, which consists of an "08" on a rectangular background overlaid with horizontal lines that resemble closed shutters. <u>See</u> <u>id.</u>, Ex. 1. Plaintiff alleges that the other Ketab Marks "include federally registered trademark[s] as well as [marks protected by] common law trademark rights." <u>Id.</u> ¶ 16.

Plaintiff alleges that "[f]or at least the past several months," Mesriani Defendants have used an "infringing 08 combination" mark to advertise Mesriani Law Group to "listeners of [Defendant Mesriani's] radio and television programs directed to the Iranian community." <u>Id.</u> ¶ 31. Though not clear from the Complaint, Plaintiff seems to allege that the "08 combination" mark is Mesriani Law Group's telephone number, which Plaintiff refers to as the "08 combination phone number." <u>Id.</u> ¶¶ 33-35.

**B.   Procedural Background**

Plaintiff filed its Complaint on September 16, 2014. Dckt. # 1. On November 7, 2014, Mesriani Defendants filed the instant Motion to Dismiss, with the hearing set for December 9, 2014. Dckt. # 29. On November 18, 2014, Plaintiff filed its Opposition to the present Motion. Dckt. # 32. On November 25, 2014, Mesriani Defendants filed their Reply. Dckt. # 34. The Court took the matter under submission on December

5, 2014. Dckt. # 35.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." (internal citations omitted)).

In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question presented by a

motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. <u>Iqbal</u>, 556 U.S. at 678; <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002).

### III. ANALYSIS

**A. Trademark Infringement & Counterfeiting, Unfair Competition, and False Designation of Origin Claims**

"To assert a claim for trademark infringement, Plaintiff must show that Defendants are using: (1) any reproduction, counterfeit, copy or colorable imitation of a mark; (2) without Plaintiff's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods or services; (5) where such use is likely to cause confusion, or to cause a mistake or to deceive." <u>Wecosign</u>, 845 F. Supp. 2d at 1079 (citing 15 U.S.C. § 1114(1)(a)); <u>Century 21 Real Estate Corp. v. Sandlin</u>, 846 F.2d 1175, 1178 (9th Cir. 1988)). "The key inquiry under a trademark infringement claim is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product [or provides that service].'" <u>Id.</u> (quoting <u>Jada Toys, Inc. v. Mattel, Inc.</u>, 518 F.3d 628, 632 (9th Cir. 2008)).

1  The analysis for trademark infringement under
2 Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1),
3 and for false designation of origin under Section
4 43(a)(1), 15 U.S.C. § 1125(a)(1), is "oftentimes
5 identical," see Phillip Morris USA Inc. v. Shalabi, 352
6 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004), and "the Ninth
7 Circuit has consistently held that state common law
8 claims of unfair competition and actions pursuant to
9 California Business and Professions Code § 17200 are
10 substantially congruent to claims under the Lanham
11 Act," Wecosign, 845 F. Supp. 2d at 1079 (internal
12 quotation marks omitted) (citing Brookfield Commc'ns,
13 Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1047
14 n.8 (9th Cir. 1999)); see also Century 21 Real Estate
15 Corp. v. Sandlin, 846 F.2d 1175, 1178-79 (9th Cir.
16 1988).  The Court finds it appropriate here to jointly
17 analyze Plaintiff's First, Fourth, Sixth, and Seventh
18 claims for state and federal trademark infringement,
19 false designation of origin, and state and federal
20 unfair competition.  See Century 21 Real Estate Corp.,
21 846 F.2d at 1178-79.

22  For these claims, Plaintiff must allege sufficient
23 facts to support a plausible claim of a "likelihood of
24 confusion."  See Wecosign, 845 F. Supp. 2d at 1079.
25 When goods or services are "totally unrelated, there is
26 no infringement because confusion is unlikely" as a
27 matter of law.  Murray, 86 F.3d at 860-61.  Here,
28

7

because legal services and information directory and marketing services are "totally unrelated" services, the Court finds that confusion is unlikely as a matter of law. Id. (stating that if a court "determines as a matter of law from the pleadings that the goods [or services] are unrelated and confusion is unlikely, the complaint should be dismissed").

Thus, the Court **GRANTS** Mesriani Defendants' Motion to Dismiss Plaintiff's claims against Mesriani Defendants for federal trademark infringement and counterfeiting (First claim), state trademark infringement (Sixth claim), federal unfair competition and false designation of origin (Fourth claim), and California unfair competition (Seventh claim). These claims against Mesriani Defendants are **DISMISSED WITH PREJUDICE**, as any amendment would be futile given the unrelatedness of Plaintiff's and Defendants' services. Kuschner, 256 F.R.D. at 688.

**B. Trademark Dilution Claim**

Section 42(c) of the Lanham Act states that "[s]ubject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to

1 cause dilution by blurring[1] or dilution by tarnishment[2]
2 of the famous mark, regardless of the presence or
3 absence of actual or likely confusion, of competition,
4 or of actual economic injury."  15 U.S.C. § 1125(c)(1).
5 A "famous mark" is defined as a mark that is "widely
6 recognized by the general consuming public of the
7 United States as a designation of source of the goods
8 or services of the mark's owner," and for "determining
9 whether a mark possesses the requisite degree of
10 recognition," the Lanham Act provides four factors.
11  15 U.S.C. § 1125(c)(2)(A).
12      To state a claim for dilution of a famous mark, a
13 plaintiff must show that 1) the mark is famous; 2) the
14 defendant is using the mark "in connection with" the
15 sale of goods or services; 3) the defendant's use of
16 the mark began after the mark became famous; and 4) the
17 defendant's use of the mark either a) "impairs the
18 [mark's] distinctiveness," i.e., "diminish[es] the
19 capacity of the mark to identify and distinguish goods
20 and services," or b) "harms the reputation of the
21 famous mark."  15 U.S.C. § 1125(c); <u>Panavision v.</u>

---

[1] Dilution by blurring is "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark."  15 U.S.C. § 1125(c)(2)(B).  Six factors are provided by § 1125(c) for the analysis.

[2] Dilution by tarnishment is "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark."  15 U.S.C. § 1125(c)(2)(c).

1  Toeppen, 141 F.3d 1316, 1324 (9th Cir. 1998); see Levi
2  Strauss & Co. v. Abercrombie & Fitch Trading Co., 633
3  F.3d 1158, 1172 (9th Cir. 2011); Bosley Med. Inst.,
4  Inc. v. Kremer, 403 F.3d 672 (9th Cir. 2005).
5      Plaintiff must first allege sufficient facts to
6  state a plausible claim that its mark is "famous,"
7  i.e., "widely recognized by the general consuming
8  public of the United States as a designation of source
9  of the goods or services of the mark's owner."  25
10 U.S.C. § 1125(c)(2)(A).  Plaintiff's Complaint alleges
11 that "[a]s a result of Ketab's widespread usage of the
12 trade/service mark '08' and combinations of the '08'
13 mark . . . since 1988," Plaintiff's marks "have become
14 extensively known and Ketab has become identified in
15 the public mind as the provider of the telephone,
16 internet and print directory services," Compl. ¶ 13,
17 and that "(a) the public has come to recognize and
18 identify services bearing any of the Ketab Marks as
19 emanating from Ketab; (b) the public recognizes that
20 services bearing any of the Ketab Marks constitute high
21 quality, dependable services that conform to the
22 standards of quality and care created by Ketab."  Id. ¶
23 18.  Such allegations are sufficient to support a
24 plausible claim of famousness for purposes of
25 Plaintiff's dilution claim.
26     Plaintiff also alleges sufficient facts to support
27 plausible claims that Mesriani Defendants used the "08
28

1  combination mark" in connection with the sale of
2  services and that Defendants' use of the "08
3  combination mark" began after the Ketab mark became
4  famous.  Compl. ¶¶ 13, 30-31.
5      Plaintiff, however, does not allege any facts to
6  support a plausible claim that Mesriani Defendants' use
7  of the "08 combination mark" either impairs the
8  distinctiveness, or harms the reputation, of
9  Plaintiff's marks.  See 15 U.S.C. § 1125.  Plaintiff
10 only states that "Defendants' actions were done
11 willfully with intent to exploit Ketab's reputation and
12 dilute the Ketab Marks" and that "Ketab has been
13 damaged."  Compl. ¶¶ 74-75.  Such conclusory
14 allegations are not sufficient and do not give any
15 factual grounds whatsoever for a plausible assertion of
16 *dilution* of a famous mark.
17     Thus, Mesriani Defendants' Motion to Dismiss this
18 claim is **GRANTED**, and Plaintiff's federal trademark
19 dilution claim (Fifth claim) as against Mesriani
20 Defendants is **DISMISSED WITHOUT PREJUDICE** with twenty
21 (20) days leave to amend.  See Eminence Capital, LLC v.
22 Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)
23 (Rule 15's policy that "leave shall be freely given
24 when justice so requires" should "be applied with
25 extreme liberality.").
26 ///
27 **C.   Intentional and Negligent Interference with**
28

**Economic Relations Claims**

"The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." Stolz v. Wong Commc'ns Ltd. P'ship, 25 Cal. App. 4th 1811, 1824-25 (Cal. Ct. App. 1994) (internal quotation marks omitted).

The tort of negligent interference with economic relationship "arises only when the defendant owes the plaintiff a duty of care." Id. at 1825. Here, Plaintiff does not allege that Mesriani Defendants owed Plaintiff a duty of care and has not alleged any facts evidencing a duty of care, especially in light of the fact that Plaintiff's business and Mesriani Law Group are "not interrelated in any way." Cal. Expanded Metal Prods. Co. v. ClarkWestern Dietrich Bldg. Sys. LLC, No. 12-cv-10791-DDP, 2014 WL 5475214, at *3 (C.D. Cal. Oct. 29, 2014); see Stolz, 25 Cal. App. 4th at 1825.

Thus, Mesriani Defendants' Motion to Dismiss Plaintiff's claim for negligent interference with economic relations is **GRANTED**, and Plaintiff's negligent interference with economic relations claim as against Mesriani Defendants is **DISMISSED WITHOUT PREJUDICE**, with twenty (20) days leave to amend.

The elements of a cause of action for intentional

12

interference with contractual relationship or prospective economic advantage are: (1) the existence of a contract or a prospective business relationship advantageous to the plaintiff; (2) the defendant's knowledge of the existence of that contract or relationship; (3) intentional acts by the defendant designed to disrupt the contract or relationship; (4) actual causation; and (5) resulting damages. Stolz, 25 Cal. App. 4th at 1825. Plaintiff's Complaint does not allege the existence of any contract, and merely mentions Plaintiff's "customers" without specificity or further facts. Compl. ¶ 97. Plaintiff fails to allege facts showing Mesriani Defendants' knowledge or intentionality, or causation and damages; Plaintiff's allegations on those issues are mere recitations of the claim's elements and fail to satisfy the plausibility standard. See id. ¶¶ 94-98. Thus, the Court **GRANTS** Defendants' Motion to Dismiss this claim. Plaintiff's claim for intentional interference with economic relations is **DISMISSED WITHOUT PREJUDICE**, with twenty (20) days leave to amend.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Mesriani Defendants' Motion to Dismiss [29]. The following claims as against Defendants Mesriani Law Group and Rodney Mesriani are **HEREBY DISMISSED WITH PREJUDICE**:

(1) Plaintiff's First Claim for Federal Trademark

13

```
 1          Infringement and Counterfeiting in violation of 15
 2          U.S.C. § 1114;
 3          (2) Plaintiff's Fourth Claim for Federal Unfair
 4          Competition & False Designation of Origin in
 5          violation of 15 U.S.C. § 1125(a);
 6          (3) Plaintiff's Sixth Claim for California Common
 7          Law Trademark Infringement; and
 8          (4) Plaintiff's Seventh Claim for California Unfair
 9          Competition.
10
11      The following claims as against Defendants Mesriani
12 Law Group and Rodney Mesriani are **DISMISSED WITHOUT**
13 **PREJUDICE** with twenty (20) days leave to amend:
14          (1) Plaintiff's Fifth Claim for Federal Trademark
15          Dilution in violation of 15 U.S.C. § 1125(c);
16          (2) Plaintiff's Ninth Claim (mislabeled as "Seventh
17          Claim") for Intentional Interference with Economic
18          Relations; and
19          (3) Plaintiff's Tenth Claim (mislabeled as "Seventh
20          Claim") for Negligent Interference with Economic
21          Relations).
22
23 **IT IS SO ORDERED.**                    NUNC PRO TUNC TO 2/6/2015
24
25 DATED: May 5, 2015                       RONALD S.W. LEW
                                           _____
26                                         **HONORABLE RONALD S.W. LEW**
                                           Senior U.S. District Judge
27
28
```