UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MESRIANI LAW GROUP, RODNEY MESRIANI, SEYED ALI LIMONADI, ALI LIMONADI, STUDIO CINEGRAPHIC LOS ANGELES dba IRTV, MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | 2:14-cv-07241-RSWL (MRW) <br><br> **ORDER re: Mesriani Defendants' Motion to Dismiss** [64] *and* **Plaintiff's Motion for Leave to Amend First Amended Complaint** [69] |

Currently before the Court are two motions: Defendants Mesriani Law Group and Rodney Mesriani's (collectively, "Mesriani Defendants") Motion to Dismiss [64] Plaintiff Ketab Corp.'s ("Plaintiff") First Amended Complaint ("FAC") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6); and

1

1 | Plaintiff's Motion for Leave to Amend First Amended
2 | Complaint [69].
3 |     Upon review of all papers submitted and pertaining
4 | to these motions, the Court **GRANTS** Mesriani Defendants'
5 | Motion to Dismiss [64] Plaintiff's First Amended
6 | Complaint, and **GRANTS in part and DENIES in part**
7 | Plaintiff's Motion for Leave to Amend First Amended
8 | Complaint [69].

## I. BACKGROUND

A more thorough factual background of this Action is provided in the Court's February 6, 2015, Order [42] granting Mesriani Defendants' first Motion to Dismiss Plaintiff's original complaint.

Plaintiff brings this trademark-related Action [1, 53] against five named defendants and alleges various trademark-related claims against Mesriani Defendants. Plaintiff originally brought the following claims against Mesriani Defendants:

1) Federal Trademark Infringement & Counterfeiting, under 15 U.S.C. § 1114;
2) Federal Unfair Competition & False Designation of Origin, under 15 U.S.C. § 1125(a);
3) Federal Trademark Dilution, under 15 U.S.C. § 1125(c);
4) California Common Law Trademark Infringement;
5) California Unfair Competition under Cal. Bus. & Prof. Code § 17200 et seq.;
6) Intentional Interference with Economic Relations;

1  and
2  7) Negligent Interference with Economic Relations.
3  Compl. ¶¶ 36-45, 58-87, 94-103.
4      On February 6, 2015, the Court issued its Order
5  [42] granting Mesriani Defendants' Motion to Dismiss
6  Plaintiff's Complaint against them.
7      The Court dismissed with prejudice the following
8  claims for failure as a matter of law:
9  1) Federal Trademark Infringement & Counterfeiting, 15
10 U.S.C. § 1114;
11 2) Federal Unfair Competition & False Designation of
12 Origin, 15 U.S.C. § 1125(a);
13 3) California Common Law Trademark Infringement; and
14 4) California Unfair Competition, Cal. Bus. & Prof.
15 Code § 17200 et seq.
16 Feb. 6, 2015, Order ("Order") 16:5-18, ECF No. 42.
17     The Court dismissed without prejudice the following
18 claims:
19 1) Federal Trademark Dilution, 15 U.S.C. § 1125(c);
20 2) Intentional Interference with Economic Relations;
21 and
22 3) Negligent Interference with Economic Relations.
23 Order 16:20-17:3.
24     The Court's February 6, 2015, Order gave Plaintiff
25 twenty days leave to amend the three claims dismissed
26 without prejudice.  Order 16:20-17:3.  On February 26,
27 2015, Plaintiff timely filed a First Amended Complaint
28 [48], which was later stricken by Court Order [55] that

deemed a later-filed duplicate First Amended Complaint [53] as the operative First Amended Complaint. <u>See</u> Dckt. ## 48, 49, 52, 53, 55.[1]  On March 6, 2015, Plaintiff filed, without leave, yet another First Amended Complaint [58].  This third filed First Amended Complaint [58] was stricken by the Court [59].  At present, the operative First Amended Complaint is the March 2, 2015, First Amended Complaint [53] ("FAC").

    Mesriani Defendants timely filed the present Motion to Dismiss [64] Plaintiff's FAC on March 14, 2015, with the hearing set for April 14, 2015.  Plaintiff failed to file an Opposition by the deadline of March 24, 2015, as required by the Court's Local Rules.[2]  C.D. Cal. Civ. L.R. 7-9.

---

[1] On February 27, 2015, the day after filing the original First Amended Complaint, Plaintiff filed Exhibit 1 [49] to its First Amended Complaint [48].  On March 2, 2015, Plaintiff filed a Notice of Errata [52] requesting that the court "please disregard the filing having the docket numbers 48 and 49."  On March 2, 2015, Plaintiff filed [53] a duplicate "First Amended Complaint," which included Exhibit 1 as an attachment.  On March 4, 2015, the Court issued an Order [55] noting that Plaintiff's filing of a duplicate First Amended Complaint at Docket Number 53 "appear[ed] to correct Plaintiff's misfiling" of Exhibit 1 at Docket Number 49.  As such, the Court ordered [55] the originally filed First Amended Complaint [48] stricken and deemed the duplicate First Amended Complaint [53] as the operate First Amended Complaint.

[2] On April 2, 2015, Plaintiff filed an Ex Parte Application for Relief from Mistake and for Permission to File Opposition to Motion to Dismiss [84] ("Application").  Mesriani Defendants opposed [86] the Application [84].  The Court denied [88] the Application on March 7, 2015, upon finding no mistake, inadvertence, surprise, or excusable neglect justifying the requested relief.

4

On March 18, 2015, Plaintiff filed a Motion for Leave to Amend First Amended Complaint [69], seeking leave to "add causes of action for Trademark Infringement by Imitating and False Advertising, Common Law Unfair Competition and False Designation of Origin, Common Law Fraud, [and] California False Advertising," and also seeking leave to "amend the caption and names of defendants in the body of the complaint." Pl.'s Mot. Leave to Amend FAC 1:3-11, 7:24-8:8, ECF No. 69-1. The respective parties timely filed their Opposition [80] and Reply [85].

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The question presented by a motion to dismiss is not

1 whether the plaintiff will ultimately prevail, but
2 whether the plaintiff has alleged sufficient factual
3 grounds to support a plausible claim to relief, thereby
4 entitling the plaintiff to offer evidence in support of
5 its claim.  Iqbal, 556 U.S. at 678; Swierkiewicz v.
6 Sorema N.A., 534 U.S. 506, 511 (2002).

**B.   Motion for Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend its pleading under certain circumstances.  Fed. R. Civ. P. 15(a).  If a party can no longer amend its pleading "as a matter of course," the party must obtain "the opposing party's written consent or the court's leave" to amend its pleading. Fed. R. Civ. P. 15(a)(2).  Rule 15 advises that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### III. DISCUSSION

**A.   Motion to Dismiss**

Mesriani Defendants argue that Plaintiff's FAC [53] "not only re-pleads, without sufficient factual matter, the 3 claims which the Court granted leave to amend on; but also pleads an additional 4 claims for which the Court did not grant leave to amend" and that "Plaintiff's FAC re-pleads claims . . . that the Court has already dismissed with prejudice."  Mot. 2:15-20. Mesriani Defendants move to dismiss with prejudice

Plaintiff's FAC in its entirety as against Mesriani Defendants. Mot. 25:11-14.

Because Mesriani Defendants' Motion is unopposed, see Dckt. ## 64, 84, 88, the Court **GRANTS** Mesriani Defendants' Motion to Dismiss [64] Plaintiff's First Amended Complaint as follows. See C.D. Cal. Civ. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); Meggitt (Orange Cnty), Inc. v. Yongzhong, No. SACV 13-0239-DOC (DFMx), 2014 WL 5528546, at *7 (C.D. Cal. Nov. 3, 2014).

    1.  <u>Claims Previously Dismissed with Prejudice</u>

Mesriani Defendants argue that Plaintiff re-pleads claims previously dismissed with prejudice in the Court's February 6, 2015, Order [42]. Upon review of Plaintiff's FAC [5], Plaintiff expressly states that the claims previously dismissed with prejudice are asserted against "All Defendants except the MESRIANI DEFENDANTS." FAC 8:20-23, 11:20-23, 14:26-28, 14:23-25. As such, the Court need not strike Plaintiff's First, Fourth, Sixth, and Seventh claims. See id.

The Court observes, however, that Plaintiff has speciously alleged, with creative titles, two claims "Against All Defendants" that are essentially the same claims that were previously dismissed with prejudice in the Court's February 6, 2015, Order [42]. Because the

following two claims were previously dismissed with prejudice, the following claims are **HEREBY STRICKEN**[3] without leave to amend:

1) Trademark Infringement by Imitating and False Advertising, under 15 U.S.C. § 1114 (Eleventh Claim); and

2) Common Law Unfair Competition & False Designation of Origin (Twelfth Claim).

Plaintiff is admonished to refrain from re-pleading these claims if Plaintiff wishes to avoid sanctions awarding costs and attorney fees to Mesriani Defendants for having to defend against the above claims.[4]

### 2. Claims Asserted Without Leave to Amend

Plaintiff includes the following new claims in its FAC [53] for which the Court did not grant Plaintiff leave to amend:

1) Common Law Fraud (Thirteenth Claim); and

2) California False Advertising (Fourteenth Claim). FAC ¶¶ 123-163, ECF No. 53.

---

[3] See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001); Lamumba Corp. v. City of Oakland, No. C 05-2712 MHP, 2006 WL 3086726, at *4 (N.D. Cal. Oct. 30, 2006) ("[I]f plaintiffs have re-asserted claims that were dismissed with prejudice . . ., these defective claims are specious and will be stricken.").

[4] See C.D. Cal. Civ. L.R. 83-7; C.D. Cal. Civ. L.R. 83-8.1; 28 U.S.C. § 1927; Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1051 (9th Cir. 2007); In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431 (9th Cir. 1996).

Plaintiff's failure to "obtain leave to add these causes of action" is a "violation of Federal Rule of Civil Procedure 15(a)(2)" and an independent basis for dismissal of the above claims. <u>Sanchez v. Sup. Ct. Cal. Cnty. San Diego N. Cnty. Div.</u>, No. 10-cv-0218 BEN (WVG), 2010 WL 3452373, at *6 (S.D. Cal. Aug. 20, 2010); <u>Brown v. U.S. Bancorp</u>, (C.D. Cal. Feb. 27, 2012) (citing Fed. R. Civ. P. 15(a)(2)).  As such, and in light of Plaintiff's failure to oppose Mesriani Defendants' Motion, the following claims are **HEREBY DISMISSED**:

1) Common Law Fraud (Thirteenth Claim); and
2) California False Advertising (Fourteenth Claim).
See <u>Sanchez</u>,  2010 WL 3452373, at *6.

    3.   <u>Claims Asserted With Leave to Amend</u>

Plaintiff's FAC alleges the following three claims, which the Court granted Plaintiff leave to amend in the February 6, 2015, Order [42]:
1) Federal Trademark Dilution, under 15 U.S.C. § 1125(c) (Fifth Claim);
2) Intentional Interference with Economic Relations (Ninth Claim); and
3) Negligent Interference with Economic Relations (Tenth Claim).
FAC ¶¶ 79-88, 106-122; Feb. 6, 2015, Order 16:20-17:3.

Because Plaintiff failed to properly oppose Mesriani Defendant's Motion, the following claims are **HEREBY DISMISSED** with twenty (20) days leave to amend:
1) Federal Trademark Dilution under 15 U.S.C. § 1125(c) (Fifth Claim);
2) Intentional Interference with Economic Relations (Ninth Claim); and
3) Negligent Interference with Economic Relations (Tenth Claim).

Plaintiff is admonished that failure to amend by the deadline, failure to sufficiently amend its pleading so as to state a plausible claim for relief, or Plaintiff's future failure to properly oppose a motion to dismiss, will result in dismissal with prejudice of the related claims.

**B.  Plaintiff's Motion for Leave to Amend FAC**

Plaintiff's Motion for Leave to Amend FAC [69] ("Motion for Leave") requests leave to "add causes of action for Trademark Infringement by Imitating and False Advertising, Common Law Unfair Competition and False Designation of Origin, Common Law Fraud, [and] California False Advertising," and also seeks leave to "amend the caption and names of defendants in the body of the complaint."  Pl.'s Mot. Leave to Amend FAC ("Pl.'s Mot.") 1:3-11, 7:24-8:8.

Under Rule 15, Plaintiff must obtain "the opposing party's written consent or the court's leave" to amend

its FAC. Fed. R. Civ. P. 15(a)(2). Rule 15 advises that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. The Ninth Circuit has stated that "[t]his policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, leave to amend is not mandatory. See id. at 1051-52. The Supreme Court provided the following factors for determining whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Under the Foman factors, "[p]rejudice is the 'touchstone of the inquiry.'" Eminence Capital, 316 F.3d at 1052.

   1. Federal Trademark Infringement; Common Law Unfair Competition and False Designation of Origin

Regarding Plaintiff's request to add claims for "Trademark Infringement by Imitating and False Advertising" and "Common Law Unfair Competition and

11

1 False Designation of Origin," the Court **DENIES**
2 Plaintiff's request because those claims have already
3 been dismissed with prejudice in this Order.  Allowing
4 Plaintiff to re-allege these claims would prejudice
5 Mesriani Defendants by requiring them to expend time
6 and money to defend against frivolous claims.

    2. <u>Common Law Fraud</u>

Regarding Plaintiff's request to add a claim for "Common Law Fraud" to its FAC, the Court, upon review of all papers submitted and pertaining to Plaintiff's Motion for Leave, finds that, despite the liberality with which leave to amend should be granted, it is not in the "interests of justice" under the <u>Foman</u> factors to allow Plaintiff to allege its proposed new claim for common law fraud.  The allegations in Plaintiff's proposed second amended complaint, <u>see</u> Pl.'s Mot., Ex. A, ECF No. 69-3, do not even come close to plausibly alleging common law fraud and, additionally, reveal a veiled attempt at re-alleging Plaintiff's unfair competition claims, which have already been dismissed with prejudice.  <u>See</u> Dckt. # 42.

To assert a claim of common law fraud under California law, the plaintiff must plausibly plead "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance

on the misrepresentation; and (5) resulting damage," and "[i]t is essential that the person complaining of fraud actually . . . relied on the alleged fraud, and suffered damages as a result." Bower v. AT & T Mobility, LLC, 127 Cal. Rptr. 3d 569, 579 (Ct. App. 2011) (internal quotation marks and alterations omitted). Furthermore, fraud "'is required to be pleaded with specificity.'" Id.

Plaintiff's proposed second amended complaint does not allege that Plaintiff has been deceived or that Plaintiff has relied on any deceptive statement made by Mesriani Defendants, but, instead, alleges that "KETAB has received communications from its customers and members indicating that they were deceived and confused by the Defendants' use of marks which are identical, closely resemble or are substantially indistinguishable from one or all of the KETAB MARKS." Pl.'s Mot., Ex. A ¶ 146. The closest Plaintiff gets to alleging a claim of common law fraud is Plaintiff's conclusory allegation that "[b]y reason of Defendants' action, constituting false or misleading descriptions of fact . . . KETAB has been damaged." Id. ¶ 151. Plaintiff's allegations do not plead fraud with specificity or allege Plaintiff's deception or reliance, and clearly serve as an attempt to circumvent the Court's February 6, 2015, Order [42]. As such, the Court finds that Plaintiff's request to add a claim of common law fraud

would cause undue delay and would prejudice Mesriani Defendants by forcing them to defend against a dilatory, specious claim. See Foman, 371 U.S. at 182. As such, the Court **DENIES** Plaintiff's request to add a claim of Common Law Fraud.

### 3. California False Advertising

A claim for California False Advertising is governed by Cal. Bus. & Prof. Code § 17500,[5] and is "governed by the reasonable consumer test," which requires a plaintiff to "show that members of the public are likely to be deceived" by the defendant's advertisement. Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted). Plaintiff's proposed second amended complaint does not allege, much less identify, the "untrue or misleading" "statement" required for a claim of false advertising under Cal. Bus. & Prof. Code § 17500. Instead, Plaintiff's proposed second amended complaint merely re-alleges what is essentially a California Unfair Competition Claim, which has already been dismissed with prejudice by the Court. Specifically, Plaintiff alleges that Defendants "have used marks in their advertising which are identical,

---

[5] Section 17500 makes it unlawful to advertise goods or services by making a public statement that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

closely resemble or are substantially indistinguishable from one or all of the KETAB MARKS" and that such use of marks has caused Plaintiff's customer to be "deceived and confused" by the *similarity* of Defendants' and Plaintiff's marks.  Pl.'s Mot., Ex. A, ¶¶ 153-163.  Such allegations do not support a plausible claim for false advertising, but do serve to creatively circumvent the Court's February 6, 2015, Order.  As such, the Court finds that allowing Plaintiff to add its alleged claim for California False Advertising would cause undue delay, would be futile, and would unduly prejudice Mesriani Defendants by requiring them to expend resources to defend against a specious claim.  The Court thus **DENIES** Plaintiff's request to add a claim for California False Advertising.  See Foman, 371 U.S. at 182.

    4.   Amend Defendants' Names

    The Court **GRANTS** Plaintiff's request for leave to "amend the caption and names of defendants in the body of the complaint," Pl.'s Mot. Leave to Amend FAC 7:24-8:8, because Mesriani Defendants' Opposition [80] to Plaintiff's Motion for Leave to Amend FAC does not oppose this request.

### IV. CONCLUSION

    For the foregoing reasons, the Court **HEREBY GRANTS** Mesriani Defendants' Motion to Dismiss [64], and **GRANTS**

**in part and DENIES in part** Plaintiff's Motion for Leave to Amend the First Amended Complaint [69].

The following claims in Plaintiff's FAC [53] against Mesriani Defendants are **HEREBY STRICKEN**, without leave to amend:

1) Trademark Infringement by Imitating and False Advertising under 15 U.S.C. § 1114 (Eleventh Claim);
2) Common Law Unfair Competition & False Designation of Origin (Twelfth Claim);
3) Common Law Fraud (Thirteenth Claim); and
4) California False Advertising (Fourteenth Claim).

The following claims in Plaintiff's FAC [64] against Mesriani Defendants are **HEREBY DISMISSED** with twenty (20) days leave to amend:

1) Federal Trademark Dilution under 15 U.S.C. § 1125(c) (Fifth Claim);
2) Intentional Interference with Economic Relations (Ninth Claim); and
3) Negligent Interference with Economic Relations (Tenth Claim).

Plaintiff is **HEREBY GRANTED** leave to amend the names of Mesriani Defendants in the caption and body of Plaintiff's complaint.

**IT IS SO ORDERED.**

DATED: May 5, 2015        *RONALD S.W. LEW*
                          **HONORABLE RONALD S.W. LEW**
                          Senior U.S. District Judge

16