UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MESRIANI LAW GROUP, RODNEY MESRIANI, SEYED ALI LIMONADI aka ALI LIMONADI, STUDIO CINEGRAPHIC LOS ANGELES dba IRTV, MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | 2:14-cv-07241-RSWL (MRW)<br><br>**ORDER re: Plaintiff's Motion to Dismiss Limonadi Defendants' Counterclaim Against Ketab Corp. And Bijan Khalili** [79] |

　　Currently before the Court is Plaintiff Ketab Corp.'s ("Plaintiff") Motion to Dismiss Defendants Seyed Ali Limonadi aka Ali Limonadi, Studio Cinegraphic Los Angeles dba IRTV, and Melli Yellow Pages, Inc.'s (collectively, "Limonadi Defendants") Counterclaim Against Ketab Corp. and Bijan Khalili [79] ("Motion").

1

Upon review of all papers submitted and pertaining to this Motion [79], the Court **GRANTS** Plaintiff's Motion to Dismiss [79] as follows.

## I. BACKGROUND

Plaintiff brought this Action in September 2014 against multiple Defendants. Dckt. # 1. Plaintiff alleges various trademark-related claims, as well as contract and tort claims related to a settlement agreement, against Limonadi Defendants. See First Amend. Compl. ("FAC"), ECF No. 53. In Limonadi Defendants' Answer [65] to Plaintiff's FAC, Limonadi Defendants assert a counterclaim against Plaintiff, alleging that Plaintiff's "unlawful and unfair business practices" violate California's Unfair Competition Law.

Specifically, Limonadi Defendants allege that Plaintiff's "abusive litigation tactics" are preventing Limonadi Defendants from using "descriptive terms in the market" to describe and advertise its goods and services and forcing Limonadi Defendants to "expend financial resources" to defend against Plaintiff's claims related to "what [Plaintiff] knows are unprotectable and unregistrable trademarks."

Limonadi Defs.' Answer to FAC ¶¶ 28-31, ECF No. 65. Limonadi Defendants also allege that Plaintiff "committed fraud in procuring" federal registrations of three trademarks, and allege that such fraudulent activity "constitutes unlawful and unfair business practices" and makes the three registrations "*void ab*

*initio*." Id. ¶ 30. Limonadi Defendants seek, among other relief, damages and declaratory relief, including an order cancelling three of Plaintiff's federally registered trademarks. Id. ¶¶ 32-42, 19:18-19.

On March 31, 2015, Plaintiff filed the present Motion [79]. Limonadi Defendants failed to timely file their opposition, due on April 7, 2015. See Dckt. # 79; C.D. Cal. Civ. L.R. 7-9. On April 14, 2015, Limonadi Defendants untimely filed their Opposition [91]. On April 15, 2015, Plaintiff filed its Reply [92]. On April 22, 2015, Limonadi Defendants filed an Ex Parte Application for Relief to Accept Late Filed Opposition to Motion to Dismiss [94]. On April 23, 2015, the Court denied Limonadi Defendants' Ex Parte Application to file a late opposition [96]. As such, Plaintiff's Motion [79] is unopposed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (internal quotation marks omitted); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. Iqbal, 556 U.S. at 678; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).

### III. DISCUSSION

Plaintiff argues that Limonadi Defendants' counterclaim "fail[s] to state a claim for relief" because the counterclaim is "based solely upon conclusory language and statements of belief" and "is devoid of any actual facts." Mot. 4:9-12.

Because Plaintiff's Motion is unopposed, see Dckt. ## 79, 96, the Court **GRANTS** Plaintiff's Motion to Dismiss [79] Limonadi Defendants' counterclaim against Plaintiff as follows. See C.D. Cal. Civ. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); Meggitt (Orange Cnty), Inc. v. Yongzhong, No. SACV 13-0239-DOC (DFMx), 2014 WL 5528546, at *7 (C.D. Cal. Nov. 3, 2014).

Limonadi Defendants' counterclaim for violation of Cal. Bus. & Prof. Code § 17200 et seq. (First Cause of Action) is **HEREBY DISMISSED** with twenty (20) days leave

to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (stating that Rule 15's policy of freely granting leave to amend should "'be applied with extreme liberality'"). Limonadi Defendants are admonished that failure to amend by the deadline, or Limonadi Defendants' future failure to properly oppose a motion to dismiss, will result in dismissal with prejudice of the related claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **HEREBY GRANTS** Plaintiff's Motion to Dismiss [79].

Limonadi Defendants' counterclaim against Plaintiff for violation of Cal. Bus. & Prof. Code § 17200 et seq. (First Cause of Action) is **HEREBY DISMISSED** with twenty (20) days leave to amend.

**IT IS SO ORDERED.**

DATED: May 5, 2015

*RONALD S.W. LEW*
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge