UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP.,<br><br>        Plaintiff,<br><br>  vs.<br><br>MESRIANI LAW GROUP, RODNEY MESRIANI, SEYED ALI LIMONADI, ALI LIMONADI, STUDIO CINEGRAPHIC LOS ANGELES dba IRTV, MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | 2:14-cv-07241-RSWL (MRW)<br><br>**ORDER re: Plaintiff's Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Interlocutory Appeal [103]** |

    Currently before the Court is Plaintiff Ketab Corp.'s ("Plaintiff") Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Interlocutory Appeal [103] ("Application"). Plaintiff's Application

1

regards the Court's Order granting Mesriani Defendants' Motion to Dismiss [42] and the Court's subsequent Order denying Plaintiff's Motion for Reconsideration [98]. Pl.'s Appl. 1:1-5, ECF No. 103.

Upon review of all papers submitted and pertaining to this Application [103], the Court **DENIES** Plaintiff's Application [103].

## I. BACKGROUND

A more thorough factual background of this Action is provided in the Court's February 6, 2015, Order [42] granting Mesriani Defendants' Motion to Dismiss. Plaintiff brings this trademark-related Action [1, 53] against five named defendants and alleges various trademark-related claims against Rodney Mesriani and Mesriani Law Group ("Mesriani Defendants").

On February 6, 2015, the Court granted Mesriani Defendants' Motion to Dismiss, dismissing some claims with prejudice and some claims with leave to amend. Dckt. ## 42, 99. On March 13, 2015, Plaintiff moved for reconsideration [63] of the Order. The Court denied [98] Plaintiff's Motion for Reconsideration on May 5, 2015.

On February 26, 2015, Plaintiff filed its First Amended Complaint. See Dckt. ## 48, 49, 52, 53, 55, 57-59 (operative First Amended Complaint is Dckt. # 53). Mesriani Defendants moved to dismiss [64] Plaintiff's First Amended Complaint on March 14, 2015, and on March 18, 2015, Plaintiff filed a Motion for

Leave to Amend its First Amended Complaint [69]. On May 5, 2015, the Court granted Mesriani Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and denied Plaintiff's Motion for Leave to Amend its First Amended Complaint. Dckt. # 100. On May 15, 2015, Plaintiff filed the instant Application for Certificate of Appealability Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Interlocutory Appeal [103].

## II. LEGAL STANDARD

Section 1292(b) of Title 28 of the U.S. Code "'provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review.'" Asis Internet Serv. v. Active Response Grp., No. C07 6211 THE, 2008 WL 4279695, at *2 (N.D. Cal. Sept. 16, 2008) (quoting City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001)).

Section 1292(b) specifies that a certificate of appealability may be issued if a district judge is "of the opinion that [the order at issue] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

1  As such, the certification requirements of Section 1292(b) are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982).

Even if the Order meets the criteria for certification under Section 1292(b), the district court "has discretion to grant or deny certification, and its decision is unreviewable." Asis Internet Serv., 2008 WL 4279695, at *2 (citing Executive Software N. Am., Inc. v. U.S. Dist. Ct. Cent. Dist. Cal., 24 F.3d 1545, 1550 (9th Cir. 1994)). "The party seeking review bears the burden of showing that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Id. (citing Coopers & Lyband v. Livesay, 437 U.S. 463, 474-75 (1978)).

### III. DISCUSSION

Plaintiff's Application for a Certificate of Appealability under 28 U.S.C. § 1292(b) requests that the Court certify for interlocutory appeal three issues related to two Orders: the Court's Order [42] granting Mesriani Defendants Motion to Dismiss and the Court's subsequent Order [98] denying Plaintiff's Motion for Reconsideration. Pl.'s Appl. 1:1-5.

1    The issues Plaintiff would assert on interlocutory
2 appeal are:
3    a.   Whether a claim for trademark counterfeit can
4         be dismissed because the challenged mark is not
5         identical to the registered mark, or can a
6         claim survive challenged because it is based on
7         a challenged mark that is 'substantially
8         indistinguishable' from the registered mark
9         pursuant to 15 U.S.C. § 1127.
10   b.   Whether a determination as a matter of law can
11        be made that there is no likelihood of
12        confusion based on a finding that the services
13        were unrelated in ruling on a motion to
14        dismiss, without conducting the eight factor
15        analysis in Sleekcraft (*AMF v. Sleekcraft
16        Boats*, 599 F.2d 341, 348 (9th Cir. 1979).
17   c.   Whether the question of likelihood of confusion
18        is a mixed question of law and fact which is
19        not appropriate for resolving in a motion to
20        dismiss[.]
21 Pl.'s Appl. 1:25-2:9.
22   The "certification requirements" of 28 U.S.C. §
23 1292(b) are (1) that there be a controlling question of
24 law, (2) that there be substantial grounds for
25 difference of opinion, and (3) that an immediate appeal
26 may materially advance the ultimate termination of the
27
28

litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d at 1026.

**A.  Controlling Question of Law**

Plaintiff's first issue is "[w]hether a claim for trademark counterfeit can be dismissed because the challenged mark is not identical to the registered mark, or can a claim survive challenged because it is based on a challenged mark that is 'substantially indistinguishable' from the registered mark pursuant to 15 U.S.C. § 1127."  Pl.'s Appl. 1:25-2:3.

Plaintiff's first issue is not a "controlling" question of law because, as made clear in the Court's May 5, 2015, Order [98], the Court's decision [42, 99] to dismiss some of Plaintiff's claims with prejudice was not based on the legal questions in Plaintiff's first issue.  See May 5, 2015, Order 7:8-9:9, ECF No. 98 (noting that the basis for the Court's dismissal with prejudice of some of Plaintiff's claims was because Plaintiff's and Mesriani Defendants' serves were totally unrelated and thus confusion was unlikely as a matter of law, per clear Ninth Circuit precedent). In other words, regardless of the Ninth Circuit's ruling on Plaintiff's first issue, the Court's Orders [42, 98, 99] would remain the same.  Plaintiff's first issue is thus not a "controlling" question of law.

Plaintiff's second and third issues could be controlling questions of law because they question the

basis of the Court's decision to dismiss with prejudice some of Plaintiff's claims: because Plaintiff's and Mesriani Defendants' services are totally unrelated, confusion is unlikely as a matter of law. Feb. 6, 2015, Amend. Order 7:25-8:13, ECF No. 99; see also May 5, 2015, Order 8:3-9; Feb. 6, 2015, Order 8:5-21, ECF No. 42.

**B.   Substantial Grounds for Difference of Opinion**

Plaintiff asserts that there are substantial grounds for difference of opinion with regard to Plaintiff's second and third issues. Pl.'s Appl. 3:7-5:2. But Plaintiff fails to cite any relevant, analogous, or controlling cases showing any such difference of opinion. See id.

Plaintiff's second and third issues are borderline frivolous in light of Murray, as those issues and their arguments were clearly rejected by the Ninth Circuit in Murray. Murray v. Cable Nat'l Broadcasting Co., 86 F.3d 858, 860 (9th Cir. 1996). The Ninth Circuit clearly states that "[i]f the court determines as a matter of law from the pleadings that the goods [or services] are unrelated and confusion is unlikely, the complaint should be dismissed." Id. The Ninth Circuit does not require a Sleekcraft analysis to make such a legal determination, and Plaintiff fails to cite any cases imposing such a requirement. The Ninth Circuit also clearly states in Murray that the district court

is "not preclude[d] . . . from determining likelihood of confusion as a matter of law, either through dismissal or summary judgment." Id. at 860-61. This explicitly resolves Plaintiff's third issue.

Plaintiff fails to show that there are substantial grounds for difference of opinion on any controlling questions of law. As such, Plaintiff's Application for Certificate of Appealability [103] is **DENIED**, and Plaintiff's Request for Stay of Proceedings Pending Interlocutory Appeal is **DENIED AS MOOT**.[1]

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application for a Certificate of Appealability Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Interlocutory Appeal [103] is **HEREBY DENIED**.

**IT IS SO ORDERED.**

DATED: May 20, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

---

[1] Even if Plaintiff had established that there were substantial grounds for a difference of opinion on Plaintiff's controlling questions of law, granting Plaintiff's Application would not advance the *termination* of this Action, but would serve only to expand the scope of this Action, and thus would be inappropriate under Section 1292(b). See CornerStone Staffing Solutions, Inc. v. James, No. C 12-1527 RS, 2014 WL 1364993, at *2 (N.D. Cal. Apr. 7, 2014).

8