1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   KETAB CORP.,                    )   2:14-cv-07241-RSWL (MRW)
                                     )
12               Plaintiff,          )
                                     )
13        vs.                        )   **ORDER re: Plaintiff's**
                                     )   **Motion to Dismiss**
14                                   )   **Defendants' Amended**
                                     )   **Counterclaim Against**
15   SEYED ALI LIMONADI, STUDIO      )   **Ketab Corp. and Bijan**
     CINEGRAPHIC LOS ANGELES dba     )   **Khalili** [120]
16   IRTV, MELLI YELLOW PAGES,       )
     INC., and DOES 1 through        )
17   10, inclusive,                  )
                                     )
18                                   )
                 Defendants.         )
19                                   )
                                     )
20   _____)

21                         **INTRODUCTION**

22        Currently before the Court is Plaintiff and

23   Counterdefendant Ketab Corp. ("Ketab") and

24   Counterdefendant Bijan Khalili's (collectively,

25   "Plaintiff" or "Counterdefendants") Motion to Dismiss

26   Defendants and Counterclaimants Melli Yellow Pages,

27   Inc., Studio Cinegraphic Los Angeles, Inc., and Seyed

28   Ali Limonadi's (collectively, "Limonadi Defendants" or

"Counterclaimants") Amended Counterclaim [115], which alleges against Plaintiff a violation of Cal. Bus. & Prof. Code § 17200 et seq. and petitions for cancellation of Plaintiff's registered trademarks. Upon review of all papers submitted and pertaining to this Motion [120], the Court **GRANTS** Plaintiff's Motion to Dismiss [120] as follows.

## I. BACKGROUND

### A. <u>Factual Background</u>

The Counterclaim [115] at issue relates to Plaintiff Ketab Corp.'s various trademark-related claims against Limonadi Defendants in the underlying action. <u>See</u> Second Amend. COmpl. ("SAC"), ECF No. 106.

Plaintiff Ketab Corp. is a California corporation based in Los Angeles that is "in the business of providing telephone directory and marketing services . . . to the Iranian community in Southern California, . . . and around the world, who live outside of Iran." SAC ¶ 12.  Counterclaimants allege that Bijan Khalili is an individual residing in Los Angeles County, California, and the owner and principal of Ketab Corp. Amend. Countercl. ("ACC") ¶ 3, ECF No. 115.

Defendant and Counterclaimant Melli Yellowpages, Inc. ("Melli Yellowpages") is a California corporation based in Studio City, California, that provides telephone directory and marketing services to the Iranian community in the Los Angeles area.  <u>Id.</u> ¶¶ 1, 11.  Defendant and Counterclaimant Studio Cinegraphic

Los Angeles, dba IRTV ("IRTV") is a California corporation based in Studio City, California, and an Iranian television channel that provides local news as well as information and data on Iranian businesses, activities, and cultural and commercial events.  <u>Id.</u> ¶¶ 1, 8.  Defendant and Counterclaimant Seyed Ali Limonadi ("Limonadi") is an individual residing in Los Angeles who owns Melli Yellowpages.  <u>Id.</u> ¶ 1.

Counterclaimants allege that IRTV, established in 1979, "has been recognized as the information center of the Iranian community." <u>Id.</u> ¶ 8.  Counterclaimants allege that in 1994, IRTV published Melli Yellowpages, which IRTV termed, "The National Directory of Iranian-Americans." <u>Id.</u> ¶ 10.  Counterclaimants allege that Melli Yellowpages and Ketab are "the only two competitors who provide telephone directory and marketing services . . . to the Iranian community in the Los Angeles area." <u>Id.</u> ¶ 11.

Counterclaimants allege two claims against Counterdefendants: (1) Violation of Cal. Bus. & Prof. Code § 17200 et seq. and (2) Cancellation of Registration of federally registered trademarks.

**B.   <u>Procedural Background</u>**

On September 16, 2014, Plaintiff filed its Complaint against Counterclaimants and other defendants [1].  On October 23, 2014, Limonadi Defendants filed their Answer [24], which included the two present counterclaims.  On March, 2, 2015, Plaintiff filed its

First Amended Complaint [53].  <u>See</u> Dckt. # 59.  On March 16, 2015, Limonadi Defendants filed their Answer [65] to the First Amended Complaint, which contained the two present counterclaims.

On March 31, 2015, Counterdefendants filed a Motion to Dismiss Counterclaims [79], which the Court granted with leave to amend because Limonadi Defendants failed to timely oppose the motion.  <u>See</u> Dckt. # 101.  On May 22, 2015, Limonadi Defendants filed their Amended Counterclaim [105].  On the same day, Plaintiff filed its Second Amended Complaint [106].  On June 5, 2015, Limonadi Defendants filed their Answer to Plaintiff's Second Amended Complaint [115], which contained the two present counterclaims.

On June 12, 2015, Counterdefendants filed the present Motion to Dismiss [120].  The Opposition [124] and Reply [128] were timely filed.  The Motion was set for hearing on July 14, 2015, and was taken under submission on July 1, 2015 [131].

## II. LEGAL STANDARD

**A.   <u>Rule 12(b)(6) Motion to Dismiss</u>**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica</u>

4

1  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  A

2  complaint must "contain sufficient factual matter,

3  accepted as true, to state a claim to relief that is

4  plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.

5  662, 678 (2009) (internal quotation marks omitted);

6  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

7  The question presented by a motion to dismiss is not

8  whether the plaintiff will ultimately prevail, but

9  whether the plaintiff has alleged sufficient factual

10  grounds to support a plausible claim to relief, thereby

11  entitling the plaintiff to offer evidence in support of

12  its claim.  <u>Iqbal</u>, 556 U.S. at 678; <u>Swierkiewicz v.</u>

13  <u>Sorema N.A.</u>, 534 U.S. 506, 511 (2002).

14                    **III. DISCUSSION**

15  **A.   <u>Plaintiff's Requests for Judicial Notice</u>**

16       Rule 201 of the Federal Rules of Evidence states

17  that the court "may judicially notice a fact that is

18  not subject to reasonable dispute because it: (1) is

19  generally known . . .; or (2) can be accurately and

20  readily determined from sources whose accuracy cannot

21  reasonably be questioned."  Fed. R. Evid. 201(b).

22       Generally, when "'ruling on a Rule 12(b)(6)

23  motion,'" "'a district court may not consider any

24  material beyond the pleadings.'"  <u>Lee v. City of L.A.</u>,

25  250 F.3d 668, 688 (9th Cir. 2001).  However, two

26  exceptions exist.  <u>Id.</u>  First, "a court may consider

27  'material which is properly submitted as part of the

28

complaint' on a motion to dismiss without converting
the motion to dismiss into a motion for summary
judgment," and if the documents are not physically
attached to the complaint, the documents "may be
considered if the documents' authenticity is not
contested and [if] the plaintiff's complaint
necessarily relies on [the documents]." Id. (internal
quotation marks and alterations omitted).  Second, "a
court may take judicial notice of 'matters of public
record'" under Federal Rule of Evidence 201.  Id.

     Plaintiff requests that the Court take judicial
notice of five exhibits, all of which are records from
the U.S. Patent and Trademark Office (USPTO).  See
Dctk. ## 121, 129.  Because the exhibits can all be
"accurately and readily determined from sources whose
accuracy cannot reasonably be questioned," Fed. R.
Evid. 201(b), and because the exhibits are all
"matter[s] of public record," Lee, 250 F.3d at 688, the
Court **GRANTS** Plaintiff's Requests [121, 129] for
judicial notice and takes judicial notice of the fact
and content of the five attached exhibits.

**B.   Motion to Dismiss**

     1.   Cal. Bus. & Prof. Code § 17200 Claim

     "California's Unfair Competition Law ("UCL")
prohibits any 'unlawful, unfair or fraudulent business
act or practice.'"  Cal. Bus. & Prof. Code § 17200;
Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th

1   Cir. 2008).  As such, to state a cause of action under

2   the UCL, the claimant must allege either an unlawful,

3   unfair, or fraudulent business activity.  <u>Williams</u>, 552

4   F.3d at 938; <u>VP Racing Fuels, Inc. v. Gen. Petroleum</u>

5   <u>Corp.</u>, 673 F. Supp. 2d 1073, 1086-88 (E.D. Cal. 2009).

6       The statute of limitations for an unfair

7   competition claim is "four years after the cause of

8   action accrued."  Cal. Bus. & Prof. Code § 17208; <u>see</u>

9   <u>Kayne v. Thomas Kinkade Co.</u>, No. C 07-4721-SI, 2007 WL

10  4287364, at *6 (N.D. Cal. Dec. 5, 2007).  The movant

11  has the burden to show that the claimant's UCL claim is

12  barred by Section 17208's limitations period, but

13  thereafter, the burden shifts to the claimant to

14  demonstrate that his claims survive Section 17208

15  "based on one or more nonstatutory exceptions to the

16  basic limitations period."  <u>Aryeh v. Canon Bus.</u>

17  <u>Solutions, Inc.</u>, 292 P.3d 871, 879 (Cal. 2013).

18          a.  *Standing*

19      "[A] private person has standing to sue [for unfair

20  competition under California law] only if he or she

21  'has suffered injury in fact and has lost money or

22  property as a result of such unfair competition.'"

23  <u>Californians For Disability Rights v. Mervyn's LLC</u>, 138

24  P.3d 207, 209 (Cal. 2006).

25      Counterclaimants' ACC alleges that Plaintiff's

26  present action against them is "costing

27  [Counterclaimants] damages from not only the inability

28

7

to descriptively advertise its services, resulting in lower sales, but costs through the abusive use of the court system through baseless proceedings . . . [which has] resulted in [Counterclaimants] being forced to defend the claims set forth in Ketab's Second Amended Complaint and expend funds on attorney's fees on generic and/or descriptive terms that should be allowed to be used in the market."   ACC ¶ 31.

Such an allegation is sufficient at the motion to dismiss stage to assert an injury in fact as a result of what Counterclaimants allege is unfair competition under California law.

> b.   *Fraud Prong*

A "fraudulent act" under the UCL "may include a false statement, or one which, though strictly accurate, nonetheless has the likely effect of misleading or deceiving the public." <u>Zeltiq Aesthetics, Inc. v. BTL Indus., Inc.</u>, No. 13-cv-05473-JCS, 2014 WL 1245222, at *9 (N.D. Cal. Mar. 25, 2014).

Counterclaimants allege that Plaintiff placed an ® symbol next to its "08" design mark (Registration No. 3,271,704) prior to October 16, 2006, when that mark was filed for registration with the USPTO and, in so doing, deceived Counterclaimants and the public by representing that its "08" mark was a registered mark when the mark was not yet registered.   ACC ¶ 30. Plaintiff argues that this allegation is barred by the

UCL's four-year statute of limitations.  Because Counterclaimants' original counterclaim was filed October 23, 2014, see Dckt. # 24, Counterclaimants' allegations regarding Plaintiff's activities prior to October 2006 is barred by the UCL's statute of limitations.  Cal. Bus. & Prof. Code § 17208.  Because Counterclaimants do not show that their fraud allegations survive Section 17208 under any applicable exception, Counterclaimants' fraud allegations cannot support its UCL claim.  See Aryeh, 292 P.3d at 879.

c.  *Unlawful Prong*

To claim a violation of the UCL based on an "unlawful" act, the claimant must prove the defendant violated some underlying law.  VP Racing, 673 F. Supp. 2d at 1086-88.  Plaintiff argues that Counterclaimants have not identified a violation of any specific law in the ACC.  Though Counterclaimants allege that Counterdefendants have violated a specific statute in their Opposition, such allegations are not in the ACC and thus will not be considered by the Court.  See Lee, 250 F.3d at 688.  Because Counterclaimants fail to identify any specific law violated by Plaintiff's alleged activity, Counterclaimants' UCL claim cannot be based on the unlawful prong.

d.  *Unfair Prong*

While there is a split among California appellate courts as to the proper standard for an "unfair" act

under the UCL, <u>Graham v. Bank of Am., N.A.</u>, 172 Cal. Rptr. 3d 218, 233 (Ct. App. 2014), the California Supreme Court has established the standard for an unfair competition claim asserted against a competitor[1]:

> "[W]e must require that any finding of unfairness to competitors under Section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition . . . [and] thus adopt the following test: When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."

<u>Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.</u>, 973 P.2d 527, 20 Cal. 4th 548, 186-87 (1999).

Counterclaimants must allege that Plaintiff's conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one

---

[1] Counterclaimants allege, and Plaintiff does not dispute, that Counterclaimants and Plaintiff are direct competitors in the Los Angeles area.  <u>See</u> ACC ¶ 11.

of those laws." Id. Counterclaimants' ACC does not mention any law, much less an antitrust law. As such, Counterclaimants' UCL claim cannot be based upon the unfair prong.

Because Counterclaimants' ACC does not allege sufficient facts under any of the three prongs of an unfair competition claim, the Court **GRANTS** Counterdefendants' Motion to Dismiss [120] this claim.

Because Counterclaimants could allege additional facts to support an unfair competition claim, the Court **DISMISSES** this claim **WITH TWENTY (20) DAYS LEAVE TO AMEND** from the date this Order is issued. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (stating that Fed. R. Civ. P. 15(a)'s policy that "'leave shall be freely given when justice so requires'" should be "'applied with extreme liberality'"). Because Counterclaimants have had multiple opportunities to amend their Counterclaim, this will be Counterclaimants' **FINAL** opportunity to amend the Counterclaim.

    2. Cancellation Claim

        a. *Standing*

"In order to bring a claim for trademark cancellation, the cancellation petitioner must plead and prove facts showing a 'real interest' in the proceedings in order to establish standing" and "must show that he is 'more than an intermeddler' but rather

1  has a personal interest, and that 'there is a real

2  controversy between the parties.'"  Hokto Kinoko Co. v.

3  Concord Farms, Inc., 810 F. Supp. 2d 1013, 1034 (C.D.

4  Cal. 2011).

5      Counterclaimants allege that Counterclaimant Melli

6  Yellowpages and Plaintiff Ketab Corp. are "the only two

7  competitors who provide telephone directory and

8  marketing services . . . to the Iranian community in

9  the Los Angeles area." ACC ¶ 11.  Counterclaimants

10  allege that Plaintiff's "attempt to enforce"

11  Plaintiff's generic and/or descriptive marks "prevent

12  [the marks'] descriptive use in the market" and is "an

13  attempt to disrupt . . . the business and financial

14  resources of the Melli Defendants."  Id. ¶ 26.

15  Counterclaimants allege they have suffered "damages

16  from . . . the inability to descriptively advertise

17  [their] services, resulting in lower sales."  Id. ¶ 31.

18  Counterclaimants do not assert any other facts showing

19  a real interest in the cancellation claim.  As such,

20  Counterclaimants' standing to bring their cancellation

21  claim depends entirely on Counterclaimants' allegations

22  that certain marks are "generic and/or descriptive."[2]

23

24

25      [2] Though Counterclaimants allege that Plaintiff's trademarks
   should be cancelled due to abandonment or fraud in the
26  obtainment, Counterclaimants do not allege facts showing an
   independent injury or personal interest in the cancellation of
27  the trademarks separate from the allegations of injury relating
   to the generic or descriptive nature of the marks.

28

12

1    However, Counterclaimants cannot establish standing
2 on the basis of their allegations of the generic or
3 descriptive nature of the marks for the following
4 reason.  The ACC alleges that the following marks are
5 generic and/or descriptive: "Iranian Information
6 Center" and "Yellow Page-Iranian."  ACC ¶¶ 14, 16-21.
7 However, Counterclaimants do not seek to cancel those
8 marks, but, rather, the following registered marks,
9 which the ACC does not anywhere allege are generic
10 and/or descriptive: an Arabian design mark that
11 translates to "Iranian pocket yellow pages"
12 (Registration No. 3,337,567); an "08" mark
13 (Registration No. 3,271,704); and a design mark that
14 consists only of an image of what appears to be an open
15 book (Registration No. 3,246,367).  ACC ¶¶ 25, 32-42.
16    Because Counterclaimants do not allege sufficient
17 facts to show they have standing to bring their
18 cancellation claim, see Hokto Kinoko, 810 F. Supp. 2d
19 at 1034, the Court **GRANTS** Counterdefendants' Motion to
20 Dismiss [120] this claim.
21    Because Counterclaimants could allege additional
22 facts to support their cancellation claim, the Court
23 **DISMISSES** this claim **WITH TWENTY (20) DAYS LEAVE TO**
24 **AMEND** from the date this Order is issued.  See Eminence
25 Capital, 316 F.3d at 1051.  Because Counterclaimants
26 have had multiple opportunities to amend their
27
28

Counterclaim, this will be Counterclaimants' **FINAL** opportunity to amend the Counterclaim.

### IV. CONCLUSION

For the foregoing reasons, the Court **HEREBY GRANTS** Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim Against Ketab Corp. and Bijan Khalili [120].

The Court **HEREBY DISMISSES WITH TWENTY (20) DAYS LEAVE TO AMEND** from the date of this Order the following claims asserted by Counterclaimants in their Counterclaim [115]:

(1) Violation of Cal. Bus. & Prof. Code § 17200;

(2) Cancellation of Registration.

**IT IS SO ORDERED.**

DATED: August 28, 2015        s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge

14