Yolanda A. Slaughter (State Bar No. 202610)
LAW OFFICES OF YOLANDA A. SLAUGHTER
5723 Melrose Avenue, Suite 250
Los Angeles, California 90038
Telephone: (424) 201-3679
Facsimile: (323) 962-3668

Attorney for MESRIANI & ASSOCIATIES
And RODNEY MESRIANI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MESRIANI & ASSOCIATES, PC, AKA MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-07241-RSWL (MRW)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MESRIANI LAW DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>**(PART I)**<br><br>Hon. Ronald S. W. Lew<br><br>Date: October 13, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 21, 5th Floor |

Defendants Mesriani & Associates dba Mesriani Law Group and Rodney Mesriani ("Mesriani Law Defendants") respectfully submit this memorandum of points and authorities in support of their motion for attorneys' fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a) and related state statutes.

///

///

---

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

I.  PROCEDURAL HISTORY ... 2

    A.  Plaintiff's Complaint ... 2

    B.  Plaintiff's First Amended Complaint ... 3

    C.  Plaintiff's Second Amended Complaint ... 4

II.  PRELIMINARY STAEMENT ... 4

III.  LEGAL STANDARDS FOR GRANTING ATTORNEYS FEES ... 5

IV.  PLAINTIFF KETAB'S COUNTS AGAINST MESRIANI LAW DEFENDANTS WERE GROUNDLESS, UNREASONABLE AND PURSUED IN BAD FAITH FROM THE START, AND THUS AN "EXCEPTIONAL CASE" UNDER THE LANHAM ACT ... 7

V.  THE FEES MESRIANI LAW DEFENDANDS SEEK ARE REASONABLE ... 12

VI.  CONCLUSION ... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

### A. Plaintiff's Complaint

On September 16, 2014, Plaintiff filed its Complaint against, among others, Mesriani Law Group and Rodney Mesriani (hereinafter "Mesriani Law Defendants") alleging the following claims: (1) federal trademark infringement and counterfeiting, in violation of 15 U. S. C. Section 1114; (2) federal unfair competition and false designation of origin, in violation of 15 U. S. C. Section 1125 (a); (3) Federal trademark dilution, in violation of 15 U. S. C. Section 1125 (c); (4), California common-law trademark infringement; (5), California, unfair competition, in violation of Cal. Bus. & Prof. Code § 17200 et seq; (6) intentional interference with economic relations, in violation of California law; and (7) negligent interference with economic relations. Dckt. # 1.

Recognizing the defects in Plaintiff's Complaint, Mesriani Law Defendants filed their Motion to Dismiss on November 7, 2014. Dckt. 29. After considering Plaintiff's Opposition, Dckt. #32 and Mesriani Law Defendants' Reply, Dckt. 35, the Court granted Mesriani Law Defendants' Motion to Dismiss. Dckt. 42.

**Specifically, the Court dismissed the following claims <u>with prejudice</u>:**

1. (Plaintiff's First Claim)-Federal Trademark Infringement and Counterfeiting in violation of 15 U.S.C § 1114;

2. (Plaintiff's Fourth Claim)-Federal Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a);

3. (Plaintiff's Sixth Claim)-California Common Law Trademark Infringement;

4. (Plaintiff's Seventh Claim) California Unfair Competition.

**Additionally, the Court dismissed the following claims <u>without prejudice</u> and granted 20 days leave to amend:**

1. (Plaintiff's Fifth Claim) Federal Trademark Dilution in violation of 15 U.S.C. 1125(c); and

2. (Plaintiff's Ninth and Tenth Claims) Intentional and Negligent Interference with Economic Relations.

**B. Plaintiff's First Amended Complaint**

Plaintiff then filed <u>three (3) First Amended Complaints</u>. Dckt. # 48, 53, and 58. The Court deemed the First Amended Complaint filed March 2, 2015 to be the operative First Amended Complaint. Dckt. # 59. **Plaintiff's First Amended Complaint (hereinafter "FAC") not only re-plead the 3 claims which the Court granted leave to amend on; but also plead an additional 4 claims for which the Court did not grant leave to amend. In addition, Plaintiff's FAC re-pleads claims against Mesriani Law Defendants that the Court has already dismissed with prejudice.** On May 5, 2015, the Court granted Mesriani Defendants' Motion to Dismiss. Dckt. #100. The Court again granted Plaintiff leave to amend on the 3 claims for (Plaintiff's Fifth Claim) Federal Trademark Dilution in violation of 15

3

U.S.C. 1125(c); and (Plaintiff's Ninth and Tenth Claims) Intentional and Negligent Interference with Economic Relations.

### C. Plaintiff's Second Amended Complaint

Plaintiff filed its Second Amended Complaint on May 22, 2015 alleging the following 3 claims against Mesriani Law Defendants: Fifth Claim for Federal Trademark Dilution in violation of 15 U.S.C. 1125(c); and Ninth and Tenth Claims for Intentional and Negligent Interference with Economic Relations. Dckt. #106. Thereafter, Mesriani Law Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint. On August 26, 2015, this Court granted Mesriani Law Defendants' motion to dismiss Plaintiff's Second Amended Complaint with prejudice.

It should be noted that in the Court's previous orders, it points out Plaintiff's questionable conduct in amending Plaintiff's complaints to add allegations that Mesriani Law Defendants were its competitors also in the directory service business. A significant and bad faith change to its previous allegations. Clearly, the Court acknowledged Plaintiff's desperate, last ditch efforts to attempt to state plausible claims against Mesriani Law Defendants.

### II. PRELIMINARY STATEMENT

Plaintiff had three (3) bites at the apple to state plausible claims against Mesriani Law Defendants. Despite the repeated attempts, Plaintiff failed to state plausible claims against the Mesriani Law Defendants. Accordingly, in a desperate attempt to resuscitate previously dismissed claims, in both the First and Second

4

Amended Complaints, Plaintiff made a desperate, fabricated, and unfounded contention that Mesriani Law Defendants "also provide **legal directory services** to other contracted attorneys . . . [and] **earns a referral fee** or compensation for such legal directory services." Not only were Plaintiff's allegation baseless, it was frivolous. The Lanham Act allows prevailing defendants to recover attorney.s fees in .exceptional cases. Ketab's case against Mesriani Law Defendants meets this standard.

Over the course of three (3) complaints, (3) motions to dismiss, and Plaintiff's unsuccessful motions for reconsideration and leave to amend, it became absolutely clear that Ketab never had any viable claims against Mesriani Law Defendants.

### III. LEGAL STANDARD FOR GRANTING ATTORNEYS' FEES

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117 (a). This requirement is met when the case is *either* "groundless, unreasonable, vexatious, *or* pursued in bad faith." *Avery Dennison Corp. v. Sumpton*, 189 F. 3d 868, 881 (9th Cir. 1999) (emphasis added); *Classic Media v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008); *Stephen W.Boney v.Boney Services*, 127 F.3d 821, 827 (9th Cir. 1997).

These terms are in the alternative, and the Ninth Circuit has affirmed awards of attorney fees imposed solely because the trademark claims were groundless. *Secalt S.A. v. Wuxi Shenxi Const. Machinery Co.*, 668 F.3d 677, 687-688 (9th Cir. 2012); *Guichard v. Universal City Studios*, 363 Fed. App'x 434, 436 (9th Cir. 2009); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002). In fact, in *Mattel v.*

5

*Walking Mountain Productions*, 353 F.3d 792, 816 (9th Cir. 2003), the Court even reversed a denial of attorney fees as an abuse of discretion because the infringement claims "might have been groundless or unreasonable," and the district judge had failed to address that point in denying attorneys' fees.

Although Section 1117(a) does not itself define exceptional cases, the Ninth Circuit has confirmed that fees are available to prevailing defendants as well as prevailing plaintiffs, and that the same basic standard applies to claims for fees by both parties. See e.g., *Cairns v. Franklin Mint Co.*, 292 F.3d at 1155 (awarding fees to prevailing defendant); *Stephen W.Boney, Inc. v. Boney Servs.*, 127 F.3d 821 (9th Cir. 1997); *K-Jack Eng'g Co. v.Pete's Newsrack, Inc.*, No. 77-3184-R, 1980 U.S. Dist. LEXIS 16677, at *4 (C.D. Cal. Oct. 20, 1980) (awarding fees to defendant when plaintiff did not adduce any admissible evidence for a good faith belief that infringement was occurring). *See also* H.R. Rep. No. 524 (1973); S.Rep. No. 93-1400 (1974) (attorney fees should also be available to defendants in exceptional cases in order to provide protection against unfounded suits brought by trademark owners for harassment and the like.). In light of the standard set forth in Section 1117(a), the Mesriani Law Defendants respectfully request that attorneys' fees be granted because Plaintiff's counts against them were either groundless, unreasonable, vexatious, or pursued in bad faith.

/ / /

/ / /