Yolanda A. Slaughter (State Bar No. 202610)
LAW OFFICES OF YOLANDA A. SLAUGHTER
5723 Melrose Avenue, Suite 250
Los Angeles, California 90038
Telephone: (424) 201-3679
Facsimile: (323) 962-3668

Attorney for MESRIANI & ASSOCIATIES
And RODNEY MESRIANI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KETAB CORP., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MESRIANI & ASSOCIATES, PC, AKA MESRIANI LAW GROUP, a California Corporation, RODNEY MESRIANI, an individual, SEYED ALI LIMONADI, aka ALI LIMONADI, an individual; STUDIO CINEGRAPHIC LOS ANGELES, dba IRTV; MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-07241-RSWL (MRW)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MESRIANI LAW DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>**(PART II)**<br><br>Hon. Ronald S. W. Lew<br><br>Date: October 13, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 21, 5th Floor |

Defendants Mesriani & Associates dba Mesriani Law Group and Rodney Mesriani ("Mesriani Law Defendants") respectfully submit this memorandum of points and authorities in support of their motion for attorneys' fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a) and related state statutes.

/ / /

/ / /

---

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

### IV. PLAINTIFF KETAB'S COUNTS AGAINST MESRIANI LAW DEFENDANTS WERE GROUNDLESS, UNREASONABLE AND PURSUED IN BAD FAITH FROM THE START, AND THUS AN "EXCEPTIONAL CASE" UNDER THE LANHAM ACT

In this case, Plaintiff's counts against Mesriani Law Defendants were plainly groundless and oppressive and had no realistic possibility of success. *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d at 688 (awarding fees to defendant when plaintiffs presented an utter failure of proof in support of their trade dress claim); *Cairns*, 292 F.3d at 1156 (awarding fees to defendant when plaintiff in false advertising claim had no reason to believe statements were false, and when dilution claim was based on absurd premise). The cases above squarely support an attorneys' fees award against Plaintiff Ketab.

#### A. Plaintiff's Counterfeiting Claim Was Groundless, Unreasonable, Vexatious and Brought In Bad Faith

Here, Plaintiff's first count against Mesriani Law Defendants alleged "counterfeiting". Such claim was clearly frivolous from the inception. Counterfeiting is a "first degree" infringement - it "is the most blatant and egregious form of 'passing off'" fake goods as though they are the real thing made by someone else. 4 J.T. McCarthy, Trademarks and Unfair Competition § 25:10 (2009). A counterfeiter (1) uses an imitation of the registered trademark; (2) to sell similar goods or services. *United States v. 1,234 Watches*, 2002 U.S. dist. LEXIS 28357 (C.D. Cal. 2002).

As this Court acknowledged, Plaintiff's complaint did not allege any facts to support a plausible claim that any "mark" used by Mesriani Law Defendants was

7

" identical to" a "registered, genuine mark" of Plaintiff's. Plaintiff never alleged, because it knew it had no support, that Mesriani Law Defendants used its registered "08" design mark. Moreover, Plaintiff failed to demonstrate that its "08" genuine mark was registered for use on the same goods or services to which Mesriani Law Defendants applied the mark. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F. 3d 936, 946 (9th Cir. 2011).

Plaintiff alleged in its Complaint that Mesriani Defendants provided legal services, while Plaintiff provides information directory and marketing services. The services provided by the respective parties are strikingly different. Recognizing that amendment would be futile, this Court granted Mesriani Law Defendnts' motion to dismiss with prejudice. Accordingly, because Plaintiff's first count for counterfeiting against Mesriani Law Defenants was groundless and unreasonable, an award of attorneys' fees is proper.

### B. Plaintiff's Dilution of a "Famous" Mark Claim Was Groundless, Unreasonable, Vexatious and Brought In Bad Faith

Plaintiff's complaint next alleged that Mesriani Law Defendants engaged in conduct that diluted its "famous" mark. However, as the Court has acknowledged, federal dilution law only protects "famous marks". Famous marks are those rare marks that are "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES

U.S. C. Section 1125 ( c)(2). None of the marks referenced by Plaintiff in its complaint are "famous."

Unless a mark rises to the level "Kodak" or "Coke," it is not considered famous and is not afforded protection from dilution. See e.g. *I.P. Lund Trading v. Kohler, Co.*, 163 F.3d 27, 47 (1st Cir. 1998) (unlike COCO-COLA, which is so famous as to be judicially noticed); *Fruit of the Loom Inc. v. Girouard*, 994 F.2d 1359, 1362 (9th Cir. 1993) ("FRUIT is far from being in the class" of TIFFANY, POLAROID, ROLLS ROYCE, KODAK, and CENTURY 21; *Sykes Laboratory, Inc. v. Kalvin*, 610 F. Supp. 849, 858 (C.D. Cal.1985) ("[t]he dilution doctrine is only available to protect distinctive marks as exemplified by such famous names as TIFFANY, POLAROID, ROLLS ROYCE, KODAK").

Despite the case law above which was presented to Plaintiff on multiple occasions, it continued to pursue its dilution claim. The case authorities on Plaintiff's dilution claim clearly demonstrated that plaintiff's "08" and/or combination of "08" marks were not "famous" marks. Nevertheless, Plaintiff pursued this claim, knowing that it had no reasonable basis, in fact or law to support its dilution claim. Accordingly, an award of attorney's fees is proper.

### C. Plaintiff's Trademark Infringement Counts I, IV, VI and VII Were Groundless, Unreasonable, Vexatious and Brought In Bad Faith

Plaintiff counts One, Four, Six, and Seven allege both the state and federal

9

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES

trademark infringement claims, including false designation of origin and unfair competition. Whether under the Lanham Act or under California law, courts conduct a similar analysis for claims of trademark infringement, unfair competition and false designation of origin. *Hokto Kinoko Co. v. Concord Farms, Inc.,* 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011). To prove these claims plaintiff must demonstrate that the defendant's use of its mark(s) is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000).

The key inquiry is "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). The party alleging infringement must show that the consumer confusion is "probable, not simply a possibility." *Rodeo Collection, LTD v. West Seventh*, 812 F. 2d 1215, 1217 (9th Cir. 1987).

Not only did Plaintiff fail to allege what specific trademarks it claimed to have been infringed by Mesriani Law Defendants, Plaintiff also failed to demonstrate a likelihood of confusion because the parties services were totally unrelated. Here, Plaintiff was well aware that Mesriani Law Defendants were in the business of providing legal services. Plaintiff even acknowledges that Mesriani Law Defendants advertised its legal services through its marketing and directory services.

Here, however, Plaintiff is in the business of providing general information directory and marketing services. Plaintiff could state no plausible claim that there would be a likelihood of confusion amongst prudent consumers as to the origin of the good or services being offered by a law firm and a directory and marketing service. Because plaintiff had no reasonable basis to bring its trademark infringement counts I, IV, VI, and VII, an award of attorney's fees is proper.

### D. Plaintiff's Counts IX and X for Negligent and Intentional Interference with Economic Relations Were Groundless, Unreasonable, Vexatious and Brought In Bad Faith

Because Plaintiff's trademark infringement claims failed, so did Plaintiff's negligent and intentional interference claims fail as they were based on Defendants' alleged "infringing acts". See *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 941, 957 (N.D. Cal. 2003) (No wrongful conduct by Defendants given the underlying Lanham Act claim for false advertising was dismissed.). As Plaintiff's underlying trademark infringement claims were dismissed by this Court as having no basis, so were Plaintiff's negligent and intentional interference claims dismissed. Because Plaintiff's negligent and intentional interference claims lacked any sound or reasonable basis, an award of attorneys' fees is proper.

In sum, Plaintiff's claims against Mesriani Law Defendants lacked any basis in fact or in law and were clearly "groundless, unreasonable, vexatious, and pursued in bad faith," warranting an award of attorneys' fees.

///

## V. THE FEES MESRIANI LAW DEFENDANTS SEEK ARE REASONABLE

In determining the amount of reasonable attorneys' fees to award, Courts in the Ninth Circuit use the "lodestar approach" by multiplying the reasonable number of attorney hours by a reasonable hourly rate. *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002). The lodestar should be presumed reasonable. *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988).

The number of hours expended by the attorneys working on this matter are reasonable. All work for which an attorneys' hours are submitted were necessarily incurred. Here, Ben Davidson expended 60.9 hours at a discounted rate of $450 per hour. (Declaration "Decl." of Davidson ¶¶ 10-12). Yolanda A. Slaughter expended 65.2 hours at a discounted rate of $350 per hour. Accordingly, the total attorneys' fees sought is $50,225.00.

### A. Plaintiffs' Counsel's Hourly Rates Are Reasonable And Within Prevailing Market Rates

Reasonable hourly rates are determined by the relevant community, which is generally the forum in which the district court sits. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).) While determining the prevailing "market rate" is inherently difficult, a reasonable rate is one similar to those in the community for similar work performed by attorneys of comparable skill, experience, and

12

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES

reputation." *Id.* "Affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).)

Firms that specialize in intellectual property often charge hourly rates that are competitive with or higher than general market rates, given the degree of specialization required. *See, e.g., Toys "R" Us, Inc. v. Abir,* Case No. 97-8673, 1999 U.S. Dist. LEXIS 1275, *8-10 (S.D.N.Y. February 10, 1999) (additional citations omitted) (recognizing that "[t]rademark litigation is a particularly difficult field of specialization and is recognized as meriting greater than average rate of pay."); *Love v. The Mail on Sunday,* Case No. 05-7798, 2007 U.S. Dist. LEXIS 97061, *25 (C.D. Cal. 2007) (approving hourly rates billed by Manatt, Phelps & Phillips, LLP as reasonable "given the firm's reputation and experience in intellectual property and entertainment litigation."). Six years ago, in 2006, $600 was a reasonable hourly rate for a partner at Morrison & Forster's Los Angeles office, who graduated from law school in 1991. *Love v. The Mail on Sunday,* Case No. 05-7798, 2007 U.S. Dist. LEXIS 71086, *at *10 (citing *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach,* 2006 U.S. Dist. LEXIS 95610, *3 (C.D. Cal. 2006).)

13

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Understanding that markets change and grow over time, Defendants' counsels' rates are representative of current prevailing market rates and are reasonable. "[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "Attorney affidavits regarding prevailing fees in the community and rate determinations in other cases" may also provide "satisfactory evidence of the prevailing market rate." *Lakim Indus., Inc. v. Linzer Products Corp.*, No. 2:12-CV-04976 ODW, 2013 WL 1767799, at *8 (C.D. Cal. Apr. 24, 2013); *accord United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990) (same).

## VI. CONCLUSION

For the foregoing reasons, Mesriani Law Defendants respectfully requests that the Court grant their motion for attorneys' fees in the amount of $50,225.00 under the Lanham Act as a prevailing party in an exceptional case.

Respectfully submitted,

Dated: June 5, 2015   LAW OFFICES OF YOLANDA A. SLAUGHTER

By: /s/ Yolanda A. Slaughter
_____
Yolanda A. Slaughter
Attorney for Defendants Mesriani & Associates, PC aka Mesriani Law Group and Rodney Mesriani