# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KETAB CORP., | ) | CV 14-07241-RSWL-MRWx |
| | ) | |
| Plaintiff, | ) | **ORDER** re: Plaintiff's Motion for Reconsideration of the Court's Ruling on Defendants' Motion for Judgment on the Pleadings [195] |
| v. | ) | |
| | ) | |
| MESRIANI LAW GROUP, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently before the Court is Plaintiff's Motion for Reconsideration of Court's Ruling on Motion for Judgment on the Pleadings [195] ("Motion for Reconsideration"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion for Reconsideration [195].[1]

---

[1] The Court **DENIES** Plaintiff's request for sanctions against Defendants Seyed Ali Limonadi ("Limonadi"), Studio Cinegraphic

1

## I. BACKGROUND

**A.  Factual Background**

Plaintiff is a California corporation based in Los Angeles.  Second Am. Compl. ("SAC") ¶ 4, ECF No. 106. Defendant Melli is a California corporation based in Studio City, California, that provides telephone directory and marketing services to the Iranian community in the Los Angeles area.  Second Am. Countercl. ¶¶ 1, 12.  Defendant Limonadi is an individual residing in Los Angeles who owns Melli.  Id. at ¶ 1.  Defendant IRTV is a California corporation based in Studio City, California.  Id. at ¶ 1.  IRTV is an Iranian television channel that provides local news, information, and data on Iranian businesses, activities, and cultural and commercial events.  Id. at ¶ 9.

Plaintiff alleges that since 1981, it has been in the business of providing "directory and marketing services" "to the Iranian community . . . around the world," including in Southern California.  SAC ¶ 12. Plaintiff alleges it uses "several trade names and marks to identify its services," including an "08" mark and "combinations of the '08' mark" (the "Ketab Marks").  Id.  Plaintiff's "08" mark is a federally registered design mark that consists of the numbers

---

Los Angeles dba IRTV ("IRTV"), and Melli Yellow Pages, Inc. ("Melli") (collectively, "Defendants" or "Limonadi Defendants"). See 28 U.S.C. § 1927.

2

"08" placed in a dark rectangular box overlaid with horizontal lines that resemble closed shutters. See id., Ex. 1 (Registration No. 3,271,704). Plaintiff does not specifically identify the alleged marks that it terms "combinations of the '08' mark," and Plaintiff does not provide any examples or images of any marks that combine anything with its registered "08" design mark. Plaintiff does allege that it uses a telephone number (818-908-0808) and an internet domain name (www.08.net) that contain the numbers "08." Id. at ¶ 12.

Among other things, Plaintiff alleges that in 1997, Plaintiff and Limonadi Defendants reached a settlement agreement over a lawsuit filed in 1995 for infringement of Plaintiff's trademarks, which included "Yellow-Page Iranian," "Iranian-Information-Center" and its Farsi translation "Markaze-Ettelaat Iranian," and an "08 Combination" phone number "818/8-08-08-08." Id. at ¶¶ 30-31. Plaintiff alleges that a court Settlement Order (the "Settlement Order")[2] was entered, which incorporated the parties' settlement agreement. Id. at ¶ 31. Plaintiff alleges that Limonadi "started using the protected 'Yellow-Page-Iranian,' 'Iranian-Information-Center,' and . . . 'Markaze Ettelaat,' in Melli and otherwise in its advertisements and marketing," in violation of the Settlement Order. Id.

---

[2] See Limonadi Defs.' Second Am. Countercl., Ex. 4, ECF No. 137-4.

3

at ¶ 33.

B. **Procedural Background**

On September 16, 2014, Plaintiff filed its Complaint [1]. Over the course of this action, Mesriani Defendants filed three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 29, 64, 108. On August 26, 2015, the Court dismissed all remaining claims against Mesriani Defendants with prejudice [132].[3]

On December 7, 2015, Limonadi Defendants filed a Motion for Judgment on the Pleadings [167] ("MJP"), which challenged the sufficiency of Plaintiff's SAC. On January 29, 2016, the Court granted in part Limonadi Defendants' MJP [191], and entered judgment for Limonadi Defendants on Plaintiff's claims for: (1) federal trademark dilution, (2) federal contributory trademark infringement, (3) federal vicarious trademark infringement, (4) breach of contract, (5) intentional interference with economic relations, and (6) negligent interference with economic relations. Plaintiff's remaining claims are for state and federal trademark infringement and unfair competition.

After the parties met and conferred pursuant to

---

[3] With regard to Plaintiff's intentional interference with contractual relations claim, Plaintiff alleged that the Settlement Order was a valid contract. Finding this allegation to be insufficient, the Court determined that "[w]hile a settlement agreement is arguably a valid contract, a Settlement Order is not a contract, but, rather, a court order." Order re: Mesriani Defs.' Mot. Dismiss Pl.'s SAC 14:3-5, ECF No. 132.

4

Local Rule 7-3 on February 1, 2016, Plaintiff filed the instant Motion for Reconsideration [195] that same day.

The Opposition [202] and Reply [216] were timely filed, and the Motion was taken under submission on February 25, 2016 [234].

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration are governed by the Local Rules of this district. A motion for reconsideration under Local Rule 7-18 may be made only on the following grounds:

    (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

    (b) the emergence of new material facts or a change of law occurring after the time of such decision, or

    (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18; see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013).

A motion for reconsideration pursuant to Local Rule 7-18 must not "repeat any oral or written argument made

in support of or in opposition to the original motion." L.R. 7-18.  Consistent with Local Rule 7-18, a "'motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).[4]  "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion."  Daghlian v. DeVry Univ., Inc., 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

**B.  Discussion**

    1.  Local Rule 7-3

The parties met and conferred regarding Plaintiff's Motion for Reconsideration on the same day that Plaintiff filed its Motion.  This Court has already warned Plaintiff that, if a motion is filed less than seven days after the Local Rule 7-3 conference, the court may, in its discretion, refuse to consider the motion for that reason.  See, e.g., Reed v. Sandstone Properties, L.P., No. CV 12-05021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013); see Order re: Pl.'s Mot. Dismiss Defs.' Sec. Am. Countercl. 8:7-10,

---

[4] Local Rule 7-18 is narrower than the standard articulated in Carroll and the standards for reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 59(e); 60.  Plaintiff's Motion for Reconsideration is governed by Local Rule 7-18.

6

ECF No. 166 ("[T]he Court admonishes Plaintiff of the seriousness of its failure to comply with the Local Rules and cautions Plaintiff to comply with Local Rule 7-3 in the filing of any future motions."). On this ground alone, the Court **DENIES** Plaintiff's Motion for Reconsideration.

    2.  <u>Motion for Reconsideration</u>

In any case, Plaintiff does not show that the Court failed to consider material facts alleged in the SAC, Answer, and Counterclaims,[5] and reconsideration of the Court's Order is not warranted.

        a.  *Existence of a Valid Contract*

To support the existence of a valid contract

---

[5] In ruling on a motion for judgment on the pleadings, the Court may not go beyond the pleadings, and must rely on the complaint, answer, materials properly attached as exhibits to the complaint, and matters that are subject to judicial notice. <u>Thomas v. Fin. Recovery Servs.</u>, No. EDCV 12-1339 PSG (Opx), 2013 WL 387968, at *2 (C.D. Cal. Jan. 31, 2013); <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989). Plaintiff argues that the allegations made in Limonadi Defendants' Counterclaims should be taken as admissions. Pl.'s Reply 9:5-6. However, the cases cited by Plaintiff, <u>Romero Reyes v. Marine Enters., Inc.</u>, 494 F.2d 866, 868 (1st Cir. 1974), and <u>Roberts v. Babkiewicz</u>, 582 F.3d 418, 419 (2d Cir. 2009), do not support the proposition that counterclaims serve as admissions. In fact, under Federal Rule of Civil Procedure 8(e)(2), "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." <u>Molsbergen v. United States</u>, 757 F.2d 1016, 1019 (9th Cir. 1985). Thus, Defendants' reference to a "Settlement Agreement" in their Counterclaims does not serve as an admission or stipulation to the existence of a valid contractual relationship between the parties, especially when Defendants' Answer expressly denies that the Settlement Order is a valid and enforceable contract. <u>See</u> Defs.' Answer to SAC ¶ 101, ECF No. 115. Moreover, the Court considered Defendants' Counterclaims in ruling on the MJP. Even considering the Counterclaims, Plaintiff fails to state a claim for breach of contract.

1  between the parties, Plaintiff's Opposition to the MJP
2  relied on several allegations.  First, Plaintiff relied
3  on Defendants' denial that they "negligently,
4  intentionally, or both negligently and intentionally
5  [are] responsible in some manner for the occurrences
6  herein alleged, and the injuries and damages suffered
7  by Plaintiff."  See Defs.' Answer to FAC ¶ 11, ECF No.
8  105; Defs.' Answer to SAC, ECF No. 115; SAC ¶ 11, ECF
9  No. 106.  Plaintiff's Opposition also relied on the
10 allegation that "Melli Yellowpages and Ketab are the
11 only two competitors who provide telephone directory
12 and marketing services, electronic marketing and
13 directory services and publishing Yellow Page
14 directories to the Iranian community in the Los Angeles
15 area."  See Defs.' Second Am. Countercl. ¶ 12, ECF No.
16 137.  Lastly, Plaintiff's Opposition relied on the
17 portion of Defendants' Answer in which Defendants admit
18 that "Ketab filed a lawsuit against [Limonadi
19 Defendants] in 1995 for infringement of certain Ketab
20 Marks, including 'Yellow-Page Iranian,' 'Iranian-
21 Information-Center' and the latter's Farsi translation
22 . . ., and a '08 Combination' phone number."  See SAC ¶
23 30; Defs.' Answer to SAC ¶ 30.  None of these
24 references are sufficient to adequately plead the
25 existence of a valid contract between the parties.
26      The remaining portions of the SAC also do not
27 demonstrate sufficient facts to allege the existence of
28 a valid and enforceable contract between the parties.

8

For example, Plaintiff does not allege sufficient factual allegations besides bare reference to a "settlement agreement" in its SAC. See Harris v. Rudin, Richman & Appel, 87 Cal. Rptr. 2d 822, 828 (Cal. Ct. App. 1999) ("If the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference.") (citation omitted).[6] Plaintiff merely alleges that the "Settlement Order constitutes a Contract between Ketab and Limonadi and IRTV, which contract is valid and enforceable." SAC ¶ 101. These allegations are insufficient to plead the existence of a valid contract between the parties, as a "formulaic recitation of the elements" of a claim will not survive a motion to dismiss or motion for judgment on the pleadings. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

    As this Court has already held, the Settlement Order is a court order, and not a contract. Plaintiff does not cite any legal authority to support its position that an alleged violation of the court-entered Settlement Order and injunction can be treated as a claim for breach of contract. The Court considered

---

[6] Contrary to Plaintiff's assertion that the Settlement Order was attached to the Complaint, neither the Settlement Order nor the underlying settlement agreement were attached to the Complaint, First Amended Complaint, or SAC. See Pl.'s Opp'n to MJP 19:27-20:1; Compl., ECF No. 1; SAC, ECF No. 106.

Plaintiff's allegations and found that these allegations were insufficient to allege the existence of a valid contract. Thus, this Court did not fail to consider material facts presented, and reconsideration of the Court's Order is not warranted.

      b. *Plaintiff's Additional Allegations*

Plaintiff now seeks to highlight different portions of the SAC, Answer, and Counterclaims. Plaintiff argues that this Court failed to consider the following allegations:

(1) Defendants' Answer admits that "In 1997 the parties reached a settlement agreement and the court entered Judgment and Permanent Injunction orders incorporating the parties' settlement." See Compl. ¶ 27; Answer ¶ 27.

(2) Defendants' Answer denies Plaintiff's allegations that "Defendants' acts and omissions harmed Ketab financially and induced Ketab's customers to sever their business relationship with Ketab." See Compl. ¶ 102; Answer ¶ 103.

(3) Defendants' Answer to Plaintiff's FAC denies the allegations in paragraph 31 of the FAC that "In 1997 the parties reached a settlement agreement and the court entered Judgment and Permanent Injunction orders incorporating the parties' settlement." See FAC ¶ 31; Answer to FAC ¶ 31.

(4) Defendants' Answer "admits a Settlement Order is a Contract," but "denies the remaining allegations of [the Complaint]," which state that the "Settlement Order constitutes a Contract between Ketab and Limonadi and IRTV, which contract is valid and enforceable." See FAC ¶ 103; Answer to FAC ¶ 103; First Am. Answer to FAC ¶ 103; SAC ¶ 101; Answer to SAC ¶ 101.

(5) Allegations of damages asserted under Plaintiff's other claims in the SAC. See SAC ¶¶ 52, 54, 60, 66, 73, 74, 76, 77, 84, 89, 90, 96.

(6) Allegations asserted in Limonadi Defendants' Second Amended Counterclaims.[7] See Second Am. Countercl. ¶¶ 23, 24, 29, 41, ECF No. 137. See also ECF Nos. 65, 105, 115.

As an initial matter, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

In opposition to Defendants' MJP, Plaintiff stated

---

[7] In Defendants' Counterclaims, Defendants refer to a "Settlement Agreement" between the parties, and argue that Plaintiff attempts to "expand the scope" of the "Settlement Agreement" to "force [Limonadi] Defendants to expend financial resources in defending what Ketab knows are unprotectable and unregistrable trademarks." See Second Am. Countercl. ¶¶ 23-24, 41, 47.

11

that Defendants "blatantly misrepresent[ed] the record as they previously admitted specifically, in no less than 3 different pleadings, that the Settlement ***indeed constitutes*** a contract." Pl.'s Opp'n to MJP 19:14-20 (emphasis in original). However, Plaintiff did not expressly argue that Defendants' alleged admission established that the first element for the breach of contract claim was adequately pled, and Plaintiff cited no legal support for its argument. Plaintiff now raises arguments that an admission is considered a stipulation, and that stipulations between the parties "stand as fully determined as if adjudicated at the trial." Pl.'s Mot. 5:10-6:17. Plaintiff did not raise these arguments in opposition to Defendants' MJP, and Plaintiff may not raise them on a motion for reconsideration.

In any case, although Defendants admit in their Answer to the SAC that a Settlement Order is a Contract, Defendants expressly deny that the contract between the parties is valid and enforceable. See Answer to SAC ¶ 101. Thus, Defendants do not stipulate that a valid contract exists between the parties, and Plaintiff's argument fails for that reason.

        c. *Plaintiff's Performance or Excuse for Non-Performance*

Plaintiff argues that it properly alleged the second element of a breach of contract claim - that Plaintiff performed or its performance was excused. In

its SAC, Plaintiff alleges that the parties "reached a settlement agreement and the court entered Judgment and Permanent Injunction orders incorporating the parties' settlement." SAC ¶ 31. Plaintiff alleges that the Settlement Order precluded Limonadi Defendants from infringing Ketab's Marks, and that Limonadi breached the Settlement Order by using Plaintiff's Marks in Melli to advertise and market its services. See id. at ¶¶ 100-102.

From these allegations, Plaintiff argues that it can be inferred that Plaintiff performed under the contract by "not suing Defendants." See Pl.'s Opp'n to MJP 19:27-20:1. However, this inference is not supported, as Plaintiff does not state what its obligations under the purported contract were, nor does Plaintiff suggest how it performed those obligations.

Accordingly, the Court considered these facts, and reconsideration of the Court's Order is unwarranted. Assuming all factual allegations in Plaintiff's SAC to be true, it cannot be inferred from the facts pled in the SAC that Plaintiff performed or was excused from performing under the alleged contract.

        d. *Leave to Amend*

"[L]iberality in granting leave to amend is subject to several limitations," including undue prejudice to the opposing party, futility, and undue delay. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). "[T]he district

court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Id.; see also Dutciuc v. Meritage Homes of Ariz., Inc., 462 F. App'x 658, 660 (9th Cir. 2011).

Plaintiff seeks leave to amend the breach of contract cause of action because this was Limonadi Defendants' first challenge to the cause of action, and therefore, Plaintiff argues that it has not been given multiple chances to cure the deficiencies in the SAC.

Plaintiff's argument is not persuasive. Even though Mesriani Defendants did not challenge the breach of contract claim, Plaintiff was put on notice that its Complaint, FAC, and SAC did not adequately allege the existence of a valid contract, an element that is required to plead a breach of contract cause of action. See, e.g., Order re: Mesriani Defs.' Mot. Dismiss SAC 20:3-5 ("While a settlement agreement is arguably a valid contract, a Settlement Order is not a contract, but, rather, a court order."). Plaintiff was, therefore, on notice that its breach of contract claim was deficient. However, Plaintiff subsequently failed to cure this deficiency in its pleadings.

Plaintiff also does not provide any facts to suggest that Plaintiff can allege the existence of an contract other than the Settlement Order, or identify its performance under that contract. Thus, Plaintiff has not demonstrated that its breach of contract claim

could be saved by amendment.

Moreover, the final pretrial conference order in this case has already been issued, and trial in this matter is set for March 22, 2016. At this late hour, Defendants would be prejudiced in having to prepare for trial on a breach of contract claim.

### III. CONCLUSION

In light of the above discussion, the Court, in its discretion, finds that reconsideration of the Court's ruling on Defendants' MJP is unwarranted, and thus **DENIES** Plaintiff's Motion for Reconsideration [195].

**IT IS SO ORDERED.**

DATED: March 7, 2016         /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge