**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KETAB CORP., | CV 14-07241-RSWL-MRWx |
| Plaintiff, | **ORDER** re: Melli Defendants' Motions in Limine [206, 204, 207, 214, 208, 218] |
| v. | |
| MESRIANI LAW GROUP; RODNEY MESRIANI; SEYED ALI LIMONADI; STUDIO CINEGRAPHIC LOS ANGELES dba IRTV; and MELLI YELLOW PAGES, INC., | |
| Defendants. | |

Currently before the Court are Defendants Seyed Ali Limonadi, Studio Cinegraphic Los Angeles dba IRTV, and Melli Yellow Pages, Inc.'s ("Defendants" or "Limonadi Defendants") Motions in Limine Nos. 1 through 6 [206, 204, 207, 214, 208, 218]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

1

1. The Court **GRANTS** Defendants' Motion in Limine #1 [206].
2. The Court **GRANTS in part** Defendants' Motion in Limine #2 [204].
3. The Court **GRANTS** Defendants' Motion in Limine #3 [207].
4. The Court **GRANTS in part** Defendants' Motion in Limine #4 [214].
5. The Court **GRANTS** Defendants' Motion in Limine #5 [208].
6. The Court **GRANTS in part** Defendants' Motion in Limine #6 [218].

**A.  <u>Defendants' Motion in Limine #1</u>**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires disclosure of "a computation of each category of damages claimed by the disclosing party."  Rule 26(e)(1)(A) requires the disclosing party to supplement its prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect."  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless.  <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1179

(9th Cir. 2008). Where the sanction does not amount to dismissal of a claim, the district court need not identify whether the claimed noncompliance involved willfulness, fault, or bad faith. See Yeti, 259 F.3d at 1106.

    1.   <u>Failure to Provide a Computation of Damages</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff was required, "without awaiting a discovery request" from Defendants, to provide "a computation of each category of damages claimed." Plaintiff was required to make such disclosure by February 20, 2015. Fed. R. Civ. P. 26(a)(1)(C); Joint Rule 26(f) Report 5:11-13, ECF No. 44.

Plaintiff's Initial Disclosures[1] pursuant to Rule 26(a) state that a "Computation of Damages" is "[n]ot applicable at this time." Decl. of Ben Davidson ("Davidson Decl."), Ex. A, ECF No. 206-2. This set of disclosures fails to meet the requirements of Rule 26(a)(1)(A)(iii).

Thereafter, Plaintiff served "Supplemental Rule 26(a)(1)(A) Disclosures" on October 5, 2015 ("October 5 Disclosures"), the same day as the discovery cut-off deadline. Id., Ex. D. The October 5 Disclosures provide:

Plaintiff will elect to seek either willful

---

[1] The proof of service on Plaintiff's Initial Disclosures is dated October 29, 2014.

    statutory damages or actual damages for various federal and state trademark infringement claims at the time of trial. Actual Damages will be calculated on the disgorgement of Defendants' illicitly gained profits from the trademark infringement since the Defendants' infringement of the trademarks began. However, because Defendants are late or have not responded to production requests, Plaintiff cannot properly calculate a dollar amount. Plaintiff will seek treble damages for any actual damages.

Id.

On January 25, 2016, more than three months after the discovery cut-off, Plaintiff served its Second Supplemental Rule 26(a)(1)(A) Disclosures ("January 25 Disclosures"), in which Plaintiff changed its method of calculating actual damages from "disgorgement of profits" to "loss of revenues to Plaintiff during the time when Defendants infringed on its trademarks." Id., Ex. E. Plaintiff added that it would "also seek damages calculated by disgorgement of illicitly gained profits from infringements, damages for dilution of goodwill and damages from contributory and vicarious infringement from revenues earned from referrals." Id.

Without even considering the timeliness of Plaintiff's disclosures, none of Plaintiff's disclosures regarding a computation of damages are sufficient to achieve Rule 26(a)'s purpose "to

4

1  'accelerate the exchange of basic information' that is
2  'needed in most cases to prepare for trial or make an
3  informed decision about settlement.'"  See <u>City and
4  Cnty. Of San Francisco v. Tutor-Saliba Corp.</u>, 218
5  F.R.D. 219, 221 (N.D. Cal. 2003).  Plaintiff's
6  disclosures do not even provide a "lump sum statement
7  of damages," much less "a more detailed specification
8  of damages" beyond "the broad types of damages."  <u>Id.</u>
9  "[T]he 'computation' of damages required by Rule
10 26(a)(1)(C) contemplates some analysis; for instance,
11 in a claim for lost wages, there should be some
12 information relating to hours worked and pay rate."
13 <u>Id.</u>  However, Plaintiff's disclosures do not provide
14 any means of computing the "actual damages" claimed.
15 For example, based on Plaintiff's Second Supplemental
16 Disclosure, Plaintiff seeks "actual damages" based on
17 "lost profits," but Plaintiff does not identify its
18 computation of expenses and lost profits.  <u>See
19 Frontline Medical Assocs., Inc. v. Coventry Health
20 Care</u>, 263 F.R.D. 567, 569 (C.D. Cal. 2009) ("If
21 Plaintiff intends to seek lost profits, it should also
22 state its computation of expenses and lost profits.").
23 Plaintiff also does not identify the underlying
24 documents to support any losses claimed, the time
25 period for which it is claiming damages, or which of
26 the allegedly infringing Marks caused those losses.
27 <u>Accord id.</u>  Plaintiff also fails entirely to provide
28 any guidance as to the amount of statutory damages it

seeks.

For these reasons, Plaintiff's disclosures are deficient, as Plaintiff provides no computation of its claimed damages for disgorgement of profits, lost profits, or statutory damages.  The information provided by Plaintiff is wholly insufficient to enable Defendants to understand the contours of their potential exposure and make informed decisions as to settlement and discovery.

    2.   Rule 37 Sanctions

Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," unless the failure to disclose was substantially justified or harmless.  R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012) (citations omitted).  The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless.  R & R Sails, 673 F.3d at 1246 (citation omitted).

Here, Plaintiff makes no specific arguments to suggest that its failure to disclose a computation of damages is substantially justified.  Plaintiff also fails to show that its failure was harmless.  In order to allow Defendants to prepare an adequate defense to Plaintiff's claim for damages, the Court would need to reopen fact and expert discovery, which would delay the trial.  Plaintiff's failure to provide a computation of

6

damages is not harmless precisely because it results in the need to reopen discovery. See Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (finding that "[l]ater disclosure of damages would have mostly likely required the court to create a new briefing schedule and perhaps re-open discovery," and "[s]uch modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless."); Dayton Valley Investors, LLC v. Union Pac. R. Co., No. 2:08-cv-00127-ECR-RJJ, 2010 WL 3829219, at *5 (D. Nev. Sept. 24, 2010) ("Multiple courts within the Ninth Circuit have found that the failure to provide a computation of damages or identify the witnesses who will testify regarding damages within the discovery period is not harmless for purposes of Rule 37(c) precisely because it results in the need to reopen discovery.") (citations omitted).

Moreover, Defendants' failure to conduct discovery on the issue of damages does not absolve Plaintiff of its discovery obligations and render Plaintiff's failure to disclose damages computations to be substantially justified or harmless. Dayton Valley, 2010 WL 3829219, at *5. The Court rejects Plaintiff's argument that it should be permitted to present evidence of damages because Defendants never conducted discovery on the issue of damages. Plaintiff is required to comply with its discovery obligations, and

"Rule 26(a) serves as a 'functional equivalent of standing Request for Production under Rule 34.'" <u>Id.</u> The Court should not shift Plaintiff's mandatory Rule 26(a) disclosure requirements onto Defendants.

For these reasons, the Court **GRANTS** Defendants Motion In Limine #1 and precludes Plaintiff from introducing evidence of damages. Accordingly, the only relief remaining is injunctive relief, which is equitable in nature. <u>See</u> <u>Salazar v. Buono</u>, 559 U.S. 700, 714 (2010). No right to a jury exists for equitable claims. <u>Danjaq LLC v. Sony Corp.</u>, 263 F.3d 942, 963 (9th Cir. 2001). Accordingly, the case shall be tried before the Court.

**B.   <u>Defendants' Motion in Limine #2</u>**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

In ruling on Defendants' Motion for Judgment on the Pleadings, this Court dismissed Plaintiff's allegations that Limonadi Defendants infringed the "08" Mark by selling the "08" phone number to Mesriani Defendants, who then used the "08" phone number to advertise their legal services. <u>See</u> Order re: Mot. for Judgment on the Pleadings 13:1-15, ECF No. 191. Plaintiff's claims for contributory infringement and vicarious infringement

1  were dismissed, and the Court made clear that this
2  theory would also not support a claim for direct
3  infringement of Plaintiff's Marks by Limonadi
4  Defendants.  See id. at 13:1-15, 25:1-13.  The Court
5  did find that Plaintiff had adequately alleged that
6  Limonadi Defendants used in commerce Plaintiff's Marks
7  in connection with the sale or advertising of Limonadi
8  Defendants' own telephone and directory services.  Id.
9  at 14:16-21, 15:20-23.

10     Because Plaintiff's claims for federal and state
11 trademark infringement and unfair competition survived
12 Defendants' Motion for Judgment on the Pleadings, the
13 Court will not exclude "all evidence of '08'
14 infringement."  Contrary to Defendants' argument, the
15 Court also will not exclude evidence of
16 "counterfeiting" on grounds that Plaintiff "has no
17 [such] evidence."  Any evidence of Limonadi Defendants'
18 use in commerce of the "08" Mark is directly relevant
19 to this action.

20     The Court will, however, exclude evidence regarding
21 Limonadi Defendants' alleged sale of the "08" phone
22 number to Mesriani Defendants, and Mesriani Defendants'
23 use of the "08" phone number.  The allegations
24 regarding Mesriani Defendants were found insufficient
25 to state a claim for trademark infringement against
26 Limonadi Defendants.  Accordingly, such evidence is
27 irrelevant, and does not make any material fact more or
28 less probable than it would be without the evidence.

For these reasons, the Court **GRANTS in part** Defendants' Motion In Limine #2 to the extent that the following evidence is excluded: (1) testimony by Mr. Mesriani regarding his law firm's use of the "08" phone number, (2) testimony by other witnesses regarding Limonadi Defendants' sale of the "08" phone number to Mesriani Defendants and the use of the phone number by Mesriani Defendants to advertise their legal services, and (3) any exhibits containing Mesriani Defendants' advertisements using the "08" phone number to advertise their services.

**C.    Defendants' Motion in Limine #3**

Plaintiff's claim for breach of contract on the basis that Defendants' allegedly breached the "Settlement Order" has been dismissed from this action. See Order re: Pl.'s Mot. For Reconsideration of the Court's Ruling On Defs.' Mot. For Judgment on the Pleadings 15:8-11, ECF No. 243.  Accordingly, any evidence of the court-entered Settlement Order or permanent injunction resulting from the 1995 lawsuit between the parties are not relevant to the current action.

Accordingly, the Court **GRANTS** Defendants' Motion In Limine No. 3.  Plaintiff may not introduce evidence of the 1995 lawsuit, Settlement Order/Judgment, or Permanent Injunction.

**D.    Defendants' Motion in Limine #4**

Federal Rule of Civil Procedure 26(a)(1)(A)

requires the a party to disclose, among other things, "the name . . . of each individual likely to have discoverable information" and "a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." A party must make its initial disclosures within 14 days of the parties' Rule 26(f) conference unless a different time is set by stipulation. Fed. R. Civ. P. 26(a)(1)(C). Rule 26(e)(1)(A) further requires the disclosing party to supplement its prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect."

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [or (e)] that is not properly disclosed." <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1). Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless. <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008).

  1. <u>October 29, 2014 Initial Disclosures</u>

  Plaintiff's Initial Disclosure on October 29, 2014 was timely, as the proof of service reflects that it

was served on October 29, 2014. Defendants' Motion in Limine No. 4 is **DENIED** as to Plaintiff's Initial Disclosures.

### 2. October 5, 2015 Supplemental Disclosures

Plaintiff's supplemental disclosures, identifying eleven additional categories of documents to its disclosures, was filed within the discovery period. However, Rule 26(e) imposes an affirmative obligation on a party to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Where a party has failed to do so, the court may preclude the party from using the evidence contained in those disclosures at trial, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Plaintiff's disclosure of the "Melli Yellowpages TV advertising from 2014 and 2015 on Pars TV," the "Mesriani Law information recording from Mesriani Law Offices," and the "2011-2015 . . . Melli Yellow Pages directories" on the date of the discovery cut-off is not harmless. Defendants are prejudiced because they did not have an opportunity to depose Plaintiff concerning these documents or supplement their own exhibits with responsive exhibits and witnesses. Moreover, Plaintiff's allegations in its SAC are not sufficient to put Defendants on notice that Plaintiff's claim for infringement would rely on these documents

and recordings, even if these documents and recordings were in Defendants' possession or control. With regard to the Melli Yellow Pages directories dating back to 2011, Plaintiff's SAC alleges that Defendants "recently started using the protected [Marks]", and that Mesriani Defendants have been in Melli's directory since January 2014. SAC ¶¶ 33, 35. Thus, Plaintiff's SAC only put Defendants on notice that their 2014 and 2015 directories were at issue.

The timing of Plaintiff's October 5 Disclosure, however, is substantially justified. Plaintiff did not depose Defendant Limonadi until October 2, 2015, and Plaintiff reasonably supplemented its disclosures in a timely manner to include information gained from this deposition. See Manoukian Decl. ¶ 7, ECF No. 233-1.

The Court **DENIES** Defendants' Motion with respect to the October 5, 2015 Supplemental Disclosures, on the condition that Plaintiff be made available for a deposition regarding the "Melli Yellowpages TV advertising from 2014 and 2015 on Pars TV" and the "2011-2015 . . . Melli Yellow Pages directories" before April 15, 2016.

    3.  <u>January 2016 Supplemental Disclosures</u>

This Court's Scheduling Order required the parties to complete discovery by October 5, 2015. ECF No. 46. Plaintiff's January 25 and 29 Disclosures were served almost four months after the discovery cut-off. These disclosures are untimely. For the reasons explained

below, Plaintiff also does not meet its burden to show that the timing of the disclosures was substantially justified or harmless.

In Plaintiff's January 2016 Disclosures, Plaintiff lists previously undisclosed witnesses, Abbas Hadjian, Paradis Ashouri, and Nader Torkian. Plaintiff also included for the first time a "recording of a phone call to Melli Yellow Pages," in which Plaintiff's employee solicits the "08" phone number for Mesriani Defendants.

The timing of the January 2016 Disclosures is not harmless to Defendants, who were unable to depose Plaintiff, the additional witnesses, or the employee who made the phone call to Melli, regarding the new documents contained in Plaintiff's Disclosures. Plaintiff argues that Defendants were able to "interview" the additional witnesses, and thus were not prejudiced. However, an informal "interview" is no substitute for a formal deposition.

Plaintiff also suggests that the timing of its Disclosures is substantially justified because Plaintiff conducted third party discovery after the close of discovery on October 5, 2015, and included its findings in the January 2016 Disclosures. Plaintiff suggests that Defendants are not harmed because they also could have subpoenaed the audio-visual material contained in the January 2016 Disclosures. Under Rule 26(a), however, Defendants had no obligation to

subpoena records that were not identified by Plaintiff before the discovery cut-off. Plaintiff's identification of these materials deprived Defendants of the opportunity to conduct any discovery related to these materials.

Moreover, Plaintiff's late disclosure of the "phone call to Melli Yellow Pages" is not substantially justified because Plaintiff was in possession of the recording for more than a year,[2] and Plaintiff does not give any justification for not disclosing the recording sooner.

For these reasons, the Court **GRANTS** Defendants' Motion in Limine No. 4 with respect to the January 25, 2016 Supplemental Disclosures and January 29, 2016 Supplemental Disclosures.

4. February 11, 2016 Supplemental Disclosures

Plaintiff's February 2016 Disclosures add Kamran Yadidi as a witness who was previously undisclosed. For the same reasons set forth above with regard to the newly disclosed witnesses in the January 2016 Disclosures, the Court **GRANTS** Defendants' Motion in Limine No. 4 with respect to the February 11, 2016 Disclosures.

5. Conclusion

The Court **GRANTS in part** Defendants' Motion in

---

[2] The caller in the recording asks for the "new" phone number for Mesriani Defendants, which had only been used for a short period of time in 2014. See Defs.' Mot. In Limine No. 4, Ex. H.

15

Case 2:14-cv-07241-RSWL-MRW   Document 247   Filed 03/18/16   Page 16 of 17   Page ID
 #:5004

Limine No. 4. Plaintiff is precluded from presenting the newly disclosed exhibits, documents, and witnesses in Plaintiff's Supplemental Disclosures which were served after the discovery cut-off deadline. The Court **DENIES** Defendant's Motion in Limine No. 4 with respect to Plaintiff's Initial Disclosures and October 5, 2016 Supplemental Disclosures, on the condition that Plaintiff be made available for a deposition **before April 15, 2016,** regarding the "Melli Yellowpages TV advertising from 2014 and 2015 on Pars TV" and the "2011-2015 . . . Melli Yellow Pages directories."

**E.    Defendants' Motion in Limine #5**

Defendants' unopposed Motion In Limine No. 5 [208] seeks to preclude Plaintiff from offering any evidence about registrations that are on Plaintiff's exhibit list but that Plaintiff has not alleged are infringed in its operative Second Amended Complaint ("SAC"). Defs.' Mot. In Limine No. 5, at 1:6-10. Such registrations include Exhibit 10 (registration for an "Open book symbol") and Exhibit 12 (registration on the Supplemental Register for "Iranian Pocket Yellow Pages"). Id. at 2:5-7. Because these registrations are not relevant, Defendants' Motion In Limine No. 5 is **GRANTED**.

**6.    Defendants' Motion in Limine #6**

Defendants' Motion in Limine No. 6 was filed on February 17, 2016, and was therefore, untimely. See ECF No. 197. Because the translation at issue was not

produced until February 15, 2016, however, the Court considers Defendants' Motion in Limine No. 6.

Plaintiff disclosed the Farsi version of "Melli Advertising on Pars TV" on October 5, 2015. Plaintiff gives no reason for providing an English translation to Defendants more than four months later, and Plaintiff fails to show that its conduct is substantially justified. To avoid harm to Defendants, the Court will allow Defendants to call Frida Saba to testify to the translations themselves. Ms. Saba will only be permitted to testify for the limited purpose of translating the "Melli Advertising on Pars TV," and will not be permitted to testify to "Defendants' 'intentions' in using the terms."

For these reasons, the Court **GRANTS in part** Defendants' Motion in Limine No. 6.

**IT IS SO ORDERED.**

DATED: March 18, 2016         /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge