UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., <br><br> Plaintiff, <br><br> v. <br><br> MESRIANI LAW GROUP; RODNEY MESRIANI; SEYED ALI LIMONADI; STUDIO CINEGRAPHIC LOS ANGELES dba IRTV; and MELLI YELLOW PAGES, INC., <br><br> Defendants. | CV 14-07241-RSWL-MRWx <br><br> **ORDER** re: Plaintiff Ketab Corp.'s Motions in Limine [209, 210, 211] |

Currently before the Court are Plaintiff Ketab Corp.'s ("Plaintiff") Motions in Limine Nos. 1 through 3 [209, 210, 211]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

1. The Court **GRANTS in part** Plaintiff's Motion in Limine #1 [209].

1

2. The Court **GRANTS** Plaintiff's Motion in Limine #2 [210].

3. The Court **DENIES** Plaintiff's Motion in Limine #3 [211].

A. **Plaintiff's Motion in Limine #1**

Pursuant to § 33(b) of the Lanham Act, registration of an incontestable mark is "conclusive evidence of the validity of the registered mark and of the registration of the mark, or the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark, in commerce." 15 U.S.C. § 1115(b). Once a mark is deemed incontestable, the registrant's "exclusive right to use the mark" is "subject to the conditions of § 15 and the seven defenses enumerated in § 33(b) itself."[1] Park'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 196 (1985); see also 15 U.S.C. § 1065 (Section 15 of the Lanham Act); KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 603 (9th Cir. 2005). Accordingly, the statutorily

---

[1] The defenses enumerated under § 33(b) are: (1) fraudulent registration; (2) abandonment; (3) that the registered mark is being used by or with the permission of the registrant or a person in privity with the registrant, so as to misrepresent the source of the goods or services on or in connection with which the mark is used; (4) fair use defense; (5) prior use defense; (6) that the infringing mark was registered and used prior to the publication of the registrant's mark and has not been abandoned; (7) that the mark has been or is being used to violate antitrust laws; (8) that the mark is functional; or (9) that equitable principles, including laches, estoppel, and acquiescence, are applicable. 15 U.S.C. § 1115(b). Section 15 provides that "no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof, for which it is registered." 15 U.S.C. § 1065.

1  enumerated defenses are the only permissible defenses
2  to an action to enjoin infringement of an incontestable
3  trademark.  See Park'N Fly, 469 U.S. at 196.
4  Importantly, an incontestable mark may not be
5  challenged as merely descriptive.  Id.

6  Factual assertions in pleadings and pretrial
7  orders, unless amended, are considered judicial
8  admissions conclusively binding on the party who made
9  them.  Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d
10 224, 226 (9th Cir. 1988).  Here, the parties admit in
11 the Final Pretrial Conference Order that Plaintiff's
12 "08" Mark is incontestable.  Final Pretrial Conference
13 Order ¶ 12.  The parties also admit that Defendants do
14 not challenge the validity of the "08" Mark based on
15 fraud.  Id. at ¶ 13.  These admissions are binding on
16 both parties.

17 Because the incontestability of the "08" Mark is
18 established, Defendants may not challenge the validity
19 of the "08" Mark under any defenses that are not
20 enumerated in § 15 and § 33(b) of the Lanham Act.
21 Accordingly, the Court **GRANTS in part** Plaintiff's
22 Motion in Limine #1.  The only remaining defenses that
23 may be raised by Defendants are for (1) genericness and
24 (2) abandonment.[2]

---

[2] The Court is aware of Defendants' pending Motion for Leave to Amend Pretrial Conference Order [215] to amend the Final Pretrial Conference Order to include the defense of laches.  If the Court grants leave to amend, the equitable defense of laches may be raised as an enumerated defense in § 33(b) of the Lanham Act.

3

**B.  Plaintiff's Motion in Limine #2**

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose, among other things, "the name . . . of each individual likely to have discoverable information" and "a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(C).  A party must make its initial disclosures within 14 days of the parties' Rule 26(f) conference.  Id.

Here, the parties' Rule 26(f) conference occurred on January 9, 2015.  See Joint Rule 26(f) Report 2:4, ECF No. 44.  The parties agreed to exchange their initial disclosures by February 20, 2015.  Id. at 5:10-13.  Plaintiff asserts that Defendants made their Initial Disclosures on December 21, 2015, and Defendants do not contest that assertion.  Defendants Initial Disclosures are untimely, and Defendants violated their obligations to properly disclose evidence and witnesses in accordance with Rule 26(a).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Under Rule

4

37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless. Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). The burden to prove that the failure was substantially justified or harmless is on the party facing sanctions. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

Defendants' only argument is that the timing of its initial disclosure was substantially justified because nearly all of Plaintiff's witnesses and documents were identified on the date of the discovery cut-off and several months later. However, a party is not excused from timely making its initial disclosures because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. Fed. R. Civ. P. 26(a)(1)(E). Defendants' initial disclosure was made several months after the deadline imposed under the Federal Rules of Civil Procedure. Defendants' failure to make its initial disclosure in a timely manner is not substantially justified, and Defendants should not be permitted to present the information or witnesses contained in their initial disclosure at trial.

Defendants also do not meet their burden to show that the delay was harmless because Defendants do not argue that their failure to timely disclose was harmless. See Yeti, 259 F.3d at 1107. Accordingly,

the Court **GRANTS** Plaintiff's Motion in Limine #2.

**C.     Plaintiff's Motion in Limine #3**

Issue preclusion, or collateral estoppel, bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 (9th Cir. 2006). A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).

The party seeking to assert collateral estoppel has the burden of proving all the requisites for its application. <u>In re Berr</u>, 172 B.R. 299, 306 (B.A.P. 9th Cir. 1994). "To sustain this burden, a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Any reasonable doubt as to what was decided by a prior judgment should be resolved against giving it collateral estoppel effect." <u>Id.</u>

Here, Plaintiff has not met its burden to show that collateral estoppel should apply. Specifically,

Plaintiff does not show whether the validity of the marks at issue in the 1995 lawsuit was litigated, and that the Judgment was a "judgment on the merits."

"Ordinarily, stipulated or consent judgments do not provide a basis for collateral estoppel" because the "very purpose of a stipulated or consent judgment is to avoid litigation, so the requirement of actual litigation will always be missing." Id. However, such judgment may be given preclusive effect if that was the intent of the parties. Id. The intent of the parties can be inferred either from the judgment or the record. Id.

Here, it cannot be inferred from the Judgment or Permanent Injunction that any preclusive effect should be given to the validity of Plaintiff's Marks. Additionally, Plaintiff merely provides the court docket as the record for the 1995 lawsuit. See Decl. of Marina Manoukian, Ex. A, ECF No. 238-2. This exhibit is insufficient to apprise the Court of what was litigated in the 1995 lawsuit. The Court cannot infer from the record whether the parties intended to give preclusive effect to the issue of the validity of Plaintiff's Marks.

In any case, both claim and issue preclusion are affirmative defenses that must be pled, or they are waived. Fed. R. Civ. P. 8(c)(1); Inouye v. Kemna, 504 F.3d 705, 709 n. 3 (9th Cir. 2007); Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 735 (9th Cir.

1988).  Plaintiff did not raise a *res judicata* defense in its Answer to Defendants' Counterclaim [32]. Plaintiff also did not argue in its motions to dismiss the Defendants' Counterclaims that the issue of validity was established by collateral estoppel. Additionally, Plaintiff did not raise a collateral estoppel defense in Final Pretrial Conference, and it is not included in the Final Pretrial Conference Order. Thus, Plaintiff waived its *res judicata* defense.

    Accordingly, the Court **DENIES** Plaintiff's Motion in Limine #3.

**IT IS SO ORDERED.**


DATED: March __, 2016

                                       **HONORABLE RONALD S.W. LEW**
                                       Senior U.S. District Judge