**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KETAB CORP., <br><br> Plaintiff, <br><br> v. <br><br> MESRIANI LAW GROUP, et al., <br><br> Defendants. | CV 14-07241-RSWL-MRWx <br><br> **ORDER** re: Mesriani Defendants Motion for Civil Contempt Sanctions and Order Enforcing Compliance with Court's Previous Order of February 1, 2016 [249] |

Currently before the Court is Defendants Mesriani & Associates aka Mesriani Law Group and Rodney Mesriani (collectively, "Mesriani Defendants") Motion for Civil Contempt Sanctions and Order Enforcing Compliance with Court's Previous Order of February 1, 2016 [249] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Mesriani Defendants' Motion [249].

1

# I. BACKGROUND

Mesriani Defendants seek a contempt order against Plaintiff Ketab Corporation ("Plaintiff") for Plaintiff's alleged violation of this Court's February 1, 2016 Order [194] directing Plaintiff to deposit into escrow 125% of the $35,875 attorneys' fee award granted to Mesriani Defendants. Mot. 8:17-22, ECF No. 249. Mesriani Defendants seek (1) an order that Plaintiff immediately deposit 125% of the attorneys' fee award in escrow, (2) $2,100.00 in attorneys' fees for bringing the instant Motion, and (3) an order that Plaintiff withdraw its pending appeal in the Ninth Circuit until the Court's February 1, 2016 Order has been complied with. Id. at 10:9-16.

Plaintiff argues that the Court's February 1, 2016 Order did not state a deadline by which Plaintiff was required to post a supersedeas bond or deposit the funds in escrow. Opp'n 2:17-18, ECF No. 252. Plaintiff argues that it has not violated any court order, and therefore, cannot be held in contempt. Id. at 3:4-6. Plaintiff requests sanctions against Mesriani Defendants in the amount of $1,300. Opp'n 5:11-15.

In their Reply, Mesriani Defendants argue that Plaintiff represented that a Trust/Escrow Account was opened at Citibank on April 7, 2016. Decl. of Yolanda A. Slaughter ("Slaughter Decl.") ¶ 6, Ex. 2, ECF No. 258-1. Mesriani Defendants argue that the Citibank

2

account is not a sufficient escrow account. Reply 3:7-11. Mesriani Defendants argue that the funds deposited into the Citibank account provide no security to Mesriani Defendants because Plaintiff failed to present any bank and/or escrow instructions that would demonstrate that the funds deposited with Citibank cannot be withdrawn absent a court order. Id. at 3:16-19; Slaughter Decl. ¶ 6.

On April 19, 2016, Plaintiff filed a document titled Proof of Escrow Account [261], in which Plaintiff provides the following:

1. Proof of cashier's check for $44,843.75 payable to "Ketab Corp Trust/Escrow," representing 125% of the fee award amount;
2. Reference letter from the Citibank branch at 787 W. 5th St., Los Angeles, CA 90071, which certifies that Adli Law Group P.C. holds a "CE CLIENT IOTA" account ending with 492 ("IOTA account ending with 492"), with a balance of $44,843.75;
3. Proof of deposit of said funds in the IOTA account ending with 492; and
4. A true and correct copy of Citibank's description of its trust and escrow services.

Proof of Escrow Account 2:6-14, ECF No. 261.

/ / /
/ / /
/ / /

## II. DISCUSSION

Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). A person should not be held in contempt if his action "'appears to be based on a good faith and reasonable interpretation of the [court's order].'" Id. (quoting Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)). The party alleging civil contempt must demonstrate that the other party violated the court's order by "clear and convincing evidence." Id.

This Court finds that Plaintiff substantially complied with the February 1, 2016 Order requiring Plaintiff to deposit 125% of the attorneys' fee award into an escrow account. Moreover, the IOTA account ending with 492 is not controlled by Plaintiff, but by Plaintiff's attorney, who is an officer of this Court. Accordingly, the Court **DENIES** Mesriani Defendants' Motion [249]. However, Mesriani Defendants' Motion was not frivolous, and the Court **DENIES** both parties' requests for attorneys' fees.

/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED THAT** any withdrawal of the funds in Adli Law Group P.C.'s IOTA account ending with 492 is subject to Court order.

**IT IS SO ORDERED.**

DATED: May 18, 2016        s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge