1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   KETAB CORP.,                    )    CV 14-7241-RSWL-MRWx
                                      )
13                                    )
                  Plaintiff,          )    **ORDER** re: Melli
14                                    )    Defendants' Amended
                                      )    Motion for Attorneys
15        v.                          )    Fees [295]
                                      )
16                                    )
     MESRIANI LAW GROUP; RODNEY       )
17   MESRIANI; SEYED ALI              )
     LIMONADI; STUDIO                 )
18   CINEGRAPHIC LOS ANGELES dba )
     IRTV; MELLI YELLOW PAGES,        )
19   INC.; and DOES 1-10,             )
                                      )
20                                    )
                  Defendants.         )
21   ─────────────────────────────   )

22        Currently before the Court is Defendants Seyed Ali

23   Limonadi ("Limonadi"), Studio Cinegraphic Los Angeles

24   dba IRTV ("IRTV"), and Melli Yellow Pages, Inc.'s

25   ("Melli") (collectively, "Melli Defendants") Amended

26   Motion for Attorney's Fees [295] ("Motion").  Melli

27   Defendants seek **$295,133.50** in attorney's fees and

28   **$2,700.00** in costs.

                                  1

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion and awards **$292,202.00** in attorney's fees and **$1,080.71** in costs to Melli Defendants.[1]

## I. BACKGROUND

**A.   Factual Background**

Plaintiff Ketab Corporation's ("Plaintiff") action alleged various claims related to trademark infringement against five named defendants: Mesriani & Associates, Rodney Mesriani,[2] Seyed Ali Limonadi, Studio Cinegraphic Los Angeles, and Melli Yellow Pages, Inc.

Since 1981, Plaintiff has been in the business of providing "directory and marketing services" "to the Iranian community . . . around the world," including in Southern California.  Second Am. Compl. ("SAC") ¶ 12, ECF No. 106.  Plaintiff uses "several trade names and marks to identify its services," including an "08" mark[3]

_____

[1] The Court **OVERRULES** Plaintiff's objections [306, 309] to Melli Defendants' request for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, as Melli Defendants' Motion and Proposed Order was clear in requesting sanctions against Plaintiff's counsel.

[2] Collectively, Mesriani & Associates and Rodney Mesriani are "Mesriani Defendants."

[3] Plaintiff's "08" mark is a federally registered design mark that consists of the numbers "08" placed in a dark rectangular box overlaid with horizontal lines that resemble closed shutters.  See SAC, Ex. 1 (Registration No. 3,271,704).

and "combinations of the '08' mark,"[4] "Yellow Page-e Iranian," and "Iranian Information Center" and its Farsi translation "Markaze Ettelaat-e Iranian" (the "Ketab Marks").  <u>Id.</u>

Plaintiff's action alleged the following claims against Melli Defendants:

(1)  Federal Trademark Infringement and Counterfeiting;

(2)  Federal Contributory Trademark Infringement;

(3)  Federal Vicarious Trademark Infringement;

(4)  Federal Unfair Competition & False Designation of Origin;

(5)  Federal Trademark Dilution;

(6)  California Trademark Infringement;

(7)  California Unfair Competition;

(8)  Breach of Contract;

(9)  Intentional Interference with Economic Relations; and

(10)   Negligent Interference with Economic Relations.

**B.**   **<u>Procedural Background</u>**

On September 16, 2014, Plaintiff filed its Complaint [1].

---

[4] Plaintiff does not specifically identify the alleged marks that it terms "combinations of the '08' mark," and Plaintiff does not provide any examples or images of any marks that combine anything with its registered "08" design mark.  Plaintiff does allege that it uses a telephone number (818-908-0808) and an internet domain name (www.08.net) that contain the numbers "08." SAC ¶ 12.

1    On November 7, 2014, Mesriani Defendants filed a
2  Motion to Dismiss Plaintiff's Complaint [29], which the
3  Court granted on February 6, 2015 [42].  The Court
4  dismissed with prejudice Plaintiff's claims against
5  Mesriani Defendants for federal and state trademark
6  infringement and unfair competition, and dismissed
7  without prejudice Plaintiff's claims for trademark
8  dilution, and intentional and negligent interference
9  with economic relations.

10    On March 2, 2015, Plaintiff filed its First Amended
11  Complaint [53].  Again, Mesriani Defendants moved to
12  dismiss under Federal Rule of Civil Procedure 12(b)(6)
13  [64].  Because Plaintiff failed to properly oppose the
14  motion, the Court granted the motion, and dismissed
15  Plaintiff's trademark dilution, and intentional and
16  negligent interference with economic relations claims
17  without prejudice.

18    On May 22, 2015, Plaintiff filed its Second Amended
19  Complaint [106].  For the third time, Mesriani
20  Defendants filed a motion to dismiss [108], which the
21  Court granted on August 26, 2015 [132].  The Court
22  dismissed all remaining claims against Mesriani
23  Defendants with prejudice.[5]

24    On December 7, 2015, Melli Defendants filed a
25  Motion for Judgment on the Pleadings [167], which the
26  Court granted in part [191].  The Court entered

27

28    [5] On October 23, 2015, the Court awarded Mesriani Defendants
$35,875.00 in attorney's fees [149].

1  judgment in favor of Melli Defendants on Plaintiff's

2  claims for federal trademark dilution, federal

3  contributory trademark infringement, federal vicarious

4  trademark infringement, breach of contract, intentional

5  interference with economic relations, and negligent

6  interference with economic relations [191].

7      On February 1, 2016, Plaintiff filed a Motion for

8  Reconsideration of the Court's ruling on the Motion for

9  Judgment on the Pleadings [195] ("Motion for

10  Reconsideration").  On March 7, 2016, the Court denied

11  Plaintiff's Motion for Reconsideration [243] because

12  Plaintiff failed to comply with Local Rule 7-3 in

13  filing the motion, despite repeated warnings to comply

14  with the Local Rules.  See Order 6:23-7:6, ECF No. 243.

15  The Court also found that denial of the Motion for

16  Reconsideration was warranted on substantive grounds.

17  Id. at 7:8-11.

18      The remaining claims against Melli Defendants for

19  (1) federal trademark infringement and counterfeiting;

20  (2) federal unfair competition and false designation of

21  origin; (3) California trademark infringement; and (4)

22  California unfair competition were tried before the

23  Court on May 3, 2016 [277].  At the close of

24  Plaintiff's case, the Court granted Melli Defendants'

25  Motion for Judgment as a Matter of Law [283].[6]

26      Melli Defendants' Amended Motion for Attorney's

27

28      [6] The Court issued its order granting Melli Defendants'
Motion for Judgment as a Matter of Law on May 18, 2016 [289].

1  Fees [295] was filed on June 15, 2016.  After full

2  briefing, the Motion was taken under submission on July

3  14, 2016 [308].

**II. DISCUSSION**

**A.  Legal Standard**

1.  Exceptional Cases

"The court in exceptional [trademark] cases may

award reasonable attorney fees to the prevailing

party." 15 U.S.C. § 1117(a).  The interpretation of

what constitutes an "exceptional case" is a question of

law.  Earthquake Sound Corp. v. Bumper Indus., 352 F.3d

1210, 1216 (9th Cir. 2003).

Courts consider several factors to determine

whether "exceptional circumstances" exist.  E & J Gallo

v. Proximo Spirits, Inc., No. CV-F-10-411 LJO JLT, 2012

WL 3639110, at *5 (E.D. Cal. Aug. 23, 2012).  An action

may be exceptional where plaintiff's case is

"groundless, unreasonable, vexatious, or pursued in bad

faith." Stephen W. Boney, Inc. v. Boney Servs., 127

F.3d 821, 827 (9th Cir. 1997) (quoting Scott Fetzer Co.

v. Williamson, 101 F.3d 549 (8th Cir. 1996)).

However, the line separating "exceptional cases

from non-exceptional cases is far from clear,"

especially where "the defendant prevails due to

plaintiff's failure of proof." Secalt S.A. v. Wuxi

Shenxi Constr. Mach. Co., 668 F.3d 677, 687 (9th Cir.

2012).  At the very least, "exceptional cases include

instances where plaintiff's case is frivolous or

completely lacking in merit." <u>Id.</u> at 687-88.  In other words, "an action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits." <u>Id.</u> at 687.

2.  <u>Reasonable Attorneys' Fees</u>

When attorneys' fees are awarded under § 1117(a) of the Lanham Act, the amount of the fee award is subject to the court's discretion.  <u>Sealy, Inc. v. Easy Living, Inc.</u>, 743 F.2d 1378, 1384 (9th Cir. 1984).  When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.  <u>Intel Corp. v. Terabyte Int'l, Inc.</u>, 6 F.3d 614, 622 (9th Cir. 1993) (internal citation omitted)  Next, in appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975),[7] that have not been subsumed in the lodestar calculation.  <u>Id.</u>

/ / /

---

[7] The <u>Kerr</u> factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) time limitations imposed by the client or the circumstances, (7) the amount involved and the results obtained, (8) the experience, reputation, and ability of the attorneys, (9) the 'undesirability' of the case, (10) the nature and length of the professional relationship with the client, and (11) awards in similar cases.  <u>Kerr</u>, 526 F.2d at 69-70.

**B.**  **Discussion**

1.  <u>Whether Melli Defendants are precluded from bringing their Motion</u>

Plaintiff argues that Melli Defendants should be precluded from presenting any evidence of attorney's fees or costs pursuant to this Court's ruling on Plaintiff's Motion *in Limine* No. 2, in which the Court ruled that Melli Defendants were precluded from presenting the information and witnesses contained in their initial disclosures due to their failure to timely make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).  Order re: Pl.'s Mots. in Limine 4:2-6:1, ECF No. 248.

When Congress enacted the fee provision of section 35, it had two classes of litigants in mind: (1) it "envisioned 'make whole' compensation for certain victims of infringement"; and (2) it "endeavored to afford protection to defendants 'against unfounded suits brought by trademark owners for harassment and the like.'"  <u>Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.</u>, 771 F.2d 521, 524 (D.C. Cir. 1985) (citations omitted).  Even though Melli Defendants failed to comply with their obligations under Rule 26(a), the Lanham Act still affords protection to them against unfounded suits.  Melli Defendants do not seek fees as damages, evidence of which was precluded at trial. Rather, they seek fees pursuant to the Lanham Act. Given the legislative history and purpose of the Lanham

1  Act's fee provision, the Court will consider the merits
2  of Melli Defendants' Motion.

3        2.  Whether this case meets the "exceptional case"
4            requirement under the Lanham Act

5        Section 35(a) of the Lanham Act requires
6  exceptional circumstances to warrant an attorney's fee
7  award.  Boney, 127 F.3d at 826-27.  "When a plaintiff's
8  case is groundless, unreasonable, vexatious, or pursued
9  in bad faith, it is exceptional, and the district court
10 may award attorney's fees to the defendant.  Id. at 827
11 (citation omitted).

12       In Secalt, the Ninth Circuit affirmed the district
13 court's finding that the case was "exceptional."  Id.
14 at 689.  In that case, plaintiff continued to prosecute
15 its claims for trade dress protection even after
16 another district court found an "utter failure of
17 evidence" to support a required element for trade dress
18 protection.  Id. at 688.  The court reasoned that the
19 case was exceptional because plaintiff presented "at
20 best . . . either unsupported or conclusory claims
21 about the design" and plaintiff's own witnesses
22 testified that the required element was not met.  Id.
23 The court noted that if plaintiff had been "able to
24 provide some legitimate evidence of [the required
25 element], this case would likely fall on the
26 unexceptional side of the dividing line."  Id.

27       In contrast, when the Ninth Circuit has affirmed a
28 denial of attorneys' fees based on a finding that the

case was not exceptional, the key factors are that the party against whom attorneys' fees are sought "raised debatable issues" and had a legitimate reason for bringing its claims.  <u>Icebreaker Ltd. v. Gilmar S.p.A.</u>, No. 3:11-CV-00309-BR, 2013 WL 638926, at *3 (D. Or. Feb. 20, 2013) (citing <u>Applied Info. Sci. Corp. v. eBay, Inc.</u>, 511 F.3d 966, 973 (9th Cir. 2007)).

In <u>Applied Information Sciences</u>, the Ninth Circuit affirmed the district court's finding that the case was not exceptional.  511 F.3d at 973.  In that case, plaintiff registered a trademark, "Smartsearch," and was issued a registration by the Patent and Trademark Office.  <u>Id.</u> at 969-70.  In 2000, defendant began using "Smart Search" as a link on its homepage.  <u>Id.</u> at 970. The Ninth Circuit affirmed the district court's grant of summary judgment because plaintiff failed to produce "any admissible evidence tending to show a likelihood of confusion, or address any of the <u>Sleekcraft</u> factors required for a likelihood of confusion analysis."  <u>Id.</u> at 973.  Despite this failure of proof, however, the Ninth Circuit affirmed the district court's finding that the case was not exceptional, agreeing that "[plaintiff's] case was not frivolous and that [plaintiff] raised debatable issues."  <u>Id.</u>  The court "[found] no compelling proof that [plaintiff] acted capriciously or pursued litigation to harass [defendant], or that [plaintiff] intended to bring a meritless or unreasonable case against [defendant]."

1  <u>Id.</u>

2      Here, in light of the totality of the

3  circumstances, this case falls on the "exceptional"

4  side of the dividing line.

5      This case is exceptional just as in <u>Secalt</u>, where

6  the plaintiff continued to prosecute its trade dress

7  claim despite another court's finding that the

8  plaintiff provided no evidence to support the required

9  elements of the claim.  This Court previously held that

10 Plaintiff's claim for trademark dilution was inadequate

11 as a matter of law when it dismissed the claim against

12 Mesriani Defendants with prejudice.  <u>See</u> Order re:

13 Mesriani Defs.' Mot. to Dismiss 10:11-17.  Yet,

14 Plaintiff unreasonably continued to prosecute a claim

15 for trademark dilution against Melli Defendants, even

16 though this Court already held that Plaintiff's SAC

17 merely asserted conclusory allegations of famousness,

18 and Plaintiff's trademark dilution claim was completely

19 lacking in merit.

20      Similarly, when this Court dismissed Plaintiff's

21 claims of direct infringement against Mesriani

22 Defendants, Plaintiff had no reasonable factual or

23 legal basis to believe in success on the merits of its

24 claims for indirect infringement.  <u>See</u> <u>Petroliam</u>

25 <u>Nasional Berhad v. GoDaddy.com, Inc.</u>, 897 F. Supp. 2d

26 856, 857 (N.D. Cal. 2012) (holding that direct

27 infringement is a necessary element of a claim for

28 contributory infringement); <u>cf.</u> <u>Boney</u>, 127 F.3d at 827

1   (case is frivolous if it does not raise debatable
2   issues of law and fact).  It is clear from the SAC that
3   Plaintiff's claims for indirect infringement are based
4   on Mesriani Defendants' alleged direct infringing acts.
5   Plaintiff cannot reasonably argue that the SAC alleges
6   that one or more of the Melli Defendants are indirectly
7   liable for acts of direct infringement by the other
8   Melli Defendants.  Thus, Plaintiff's decision to
9   continue to pursue groundless contributory and
10  vicarious infringement claims against Melli Defendants
11  despite the dismissal of the requisite direct
12  infringement claims supports a finding of
13  exceptionality.  See Secalt, 668 F.3d at 687l; see also
14  Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th
15  Cir. 2002) (finding case to be exceptional when "claim
16  was groundless and unreasonable, because it had no
17  legal basis, having been based on [an] 'absurd' and
18  'just short of frivolous' contention").

19       Moreover, at the time of trial, Plaintiff was
20  unable to provide any evidence of Melli Defendants' use
21  of the "08" mark, which supports a finding that this
22  case is exceptional.  At the time of trial, the parties
23  had been in discovery for over a year; yet, Plaintiff
24  could not produce any evidence or testimony regarding
25  Melli Defendants' alleged infringing use of the "08"
26  mark.  Plaintiff's complete failure to offer any
27  evidence relating to this claim is sufficient to find
28  this claim to be groundless and unreasonably pursued.

For this additional reason, this case is "exceptional."

Plaintiff's claims for infringement of the terms "Yellow Page-e Iranian" and "Iranian Information Center" were similarly groundless, unreasonable, and lacking a legal basis. Unlike Applied Information Sciences, in which the plaintiff raised debatable issues, Plaintiff's claims for infringement of the terms "Yellow Page-e Iranian" and "Iranian Information Center" did not raise debatable issues of fact or law, and were completely lacking in merit. See Secalt, 668 F.3d at 687-88 ("[E]xceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit.").

Specifically, Plaintiff failed to provide any evidence that there was a debatable issue of law or fact with regard to genericness. From its own witnesses, Plaintiff's testimony established that the Farsi-English term "Yellow Page-e Iranian," which translates to "Iranian yellow pages," directly describes the service to which the mark is affixed, i.e., an Iranian yellow pages. Plaintiff described his own publication as an Iranian yellow pages, and Plaintiff's testimony established that other yellow page companies in Texas, New York, and Canada used the term "yellow page-e Iranian" to describe their Iranian yellow pages directories. Plaintiff's argument that it coined a unique and arbitrary Farsi-English phrase is without merit, and Plaintiff failed to raise a

"debatable issue of law or fact."

Similarly, the term "Markaz-e Etelaate Iranian," which translates to "Iranian Information Center," describes what Plaintiff's service is: an information center for Iranians.  Plaintiff did not raise a colorable claim that the marks at issue are not generic, yet Plaintiff continued to litigate its groundless action.[8]  For these reasons, this case is an "exceptional case" for which attorney's fees are warranted.

 3. <u>Whether Melli Defendants' requested fees are reasonable</u>

"In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1070 (9th Cir. 2000).

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question.  <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1985).

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying

---

[8] The Court also does not find persuasive Plaintiff's argument that the 1995 state court Order demonstrates that its claims are reasonable.  The 1995 Order merely prohibits Defendants from infringing Plaintiff's marks.  The 1995 Order does not relieve Plaintiff from its obligation to assess the merits of an action for infringement before pursuing its claims.

the hours claimed to have been expended." Id. at 1210.
Counsel must demonstrate that the time actually spent
was reasonably necessary to the effective prosecution
or defense of the claims. Sealy, Inc., 743 F.2d at
1385 n.4.

Here, Melli Defendants request **$295,133.50** in
attorney's fees and **$2,700.00** in costs. Reply 24:21-
25:2, ECF No. 304. Melli Defendants assert that Ben
Davidson ("Davidson") billed his time at a discounted
rate of $450 per hour, and is seeking $192,992.50 in
fees. Second Am. Decl. of Ben Davidson ("Second Am.
Davidson Decl.") ¶¶ 3, 10, ECF No. 299-1.[9] Several
attorneys from Gordon & Rees represented Melli
Defendants in this matter, including Reid Dammann
("Dammann"), Michael Kanach ("Kanach"), and Jason Aida
("Aida"). Decl. of Reid E. Dammann ("Dammann Decl.") ¶
8, ECF No. 295-3. Dammann billed his time at a
discounted rate of $320 per hour, and Kanach and Aida
billed at a discounted rate of $280 per hour. Id.
Gordon & Rees seeks $103,491 in fees. Second Am.
Davidson Decl. ¶ 10. The firm Music Peeler also
asserts that it billed $2,000 in defending Melli

---

[9] Melli Defendants support their request with time sheets
that describe the matters worked on and estimate the time spent
on each matter. See Second Am. Davidson Decl., Exs. A-E. The
Court **OVERRULES** Plaintiff's objection that the Second Amended
Davidson Declaration should be disregarded as untimely. Because
the Court independently calculated the fees to be awarded based
on Exhibits A through D to the Amended Davidson Declaration, the
Court did not rely on Davidson's summary of fees contained in
either the amended or second amended declarations.

Defendants against the Lanham Act claims in this action.  Id.

In opposition to the Motion for Attorney's Fees, Plaintiff attaches the Declaration of Bernard Jasper ("Jasper") in support of its argument that defense counsel's time entries are unreasonable.  Decl. of Bernard Jasper ("Jasper Decl."), ECF No. 302-4.  Jasper asserts that defense counsel reasonably expended 277.25 hours at a rate of $295, which amounts to total reasonable attorney's fees of $83,175 for Lanham Act claims.  Id. at ¶ 14.  Jasper also asserts that several time entries should be excluded from the lodestar analysis because the entries are excessive and/or duplicative.  Jasper seeks to exclude several entries under the following categories: entries related to counterclaims, entries related to TTAB cancellation proceedings against Plaintiff, entries related to motions and discovery that were not filed or propounded, internal communications between defense counsel, continuing education and work on behalf of third parties, and clerical work performed by Davidson.[10]  Id. at ¶ 13, p. 8.

---

[10] Plaintiff also argues that Defendants' lack of diligence in conducting discovery and failure to file a motion for summary judgment led to unnecessary fees for which they should not be awarded.  Although Melli Defendants untimely filed their initial disclosures pursuant to Federal Rule of Civil Procedure 26, Plaintiff fails to demonstrate how the untimely disclosure led to increased fees.  Especially given the groundlessness of Plaintiff's claims, the Court does not find Plaintiff's argument to be persuasive.

1   The Court finds that Melli Defendants adequately

2   justify their hourly rates of $450, $320, and $280 per

3   hour.[11]  See Love v. Mail on Sunday, No. CV 05-7798 ABC

4   (PJWx), 2007 U.S. Dist. LEXIS 71086, at *10 (C.D. Cal.

5   Sept. 7, 2007) (noting that, in 2006, $600 was a

6   reasonable hourly rate for a partner with 15 years of

7   legal experience at Morrison & Forster's Los Angeles

8   office).  Davidson, owner of Davidson Law Group, has

9   over twenty years of experience as an intellectual

10  property litigator.  Second Am. Davidson Decl. ¶ 3.

11  Dammann, a partner at Gordon Rees, has been practicing

12  law for over 12 years, with a focus on intellectual

13  property litigation and prosecution.  Dammann Decl. ¶

14  3.  Lastly, Gordon Rees attorneys Kanach and Aida

15  respectively have five and ten years of litigation

---

[11] The Jasper Declaration submitted by Plaintiff is speculative, as Jasper admits that he merely "reviewed the docket and the pleadings . . ., scanned the correspondence, . . . and reviewed the entries in the bills submitted" by Melli Defendants to arrive at his conclusion regarding the reasonableness of the requested fee amount.  See Jasper Decl. ¶ 3.  Jasper was not intimately involved in the proceedings, and therefore, his analysis of what constitutes a reasonable amount of time to spend on the specific tasks involved in this litigation is entitled to little weight.  Instead, the Court gives credence to defense counsel's declarations.  See Horsford v. Bd. of Trs. of Cal. State Univ., 33 Cal. Rptr. 3d 644, 673 (Cal. Ct. App. 2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.").  In addition, the Court disregards Jasper's contention that a "blended rate of $295" should be used because "much of the work [in the case] was performed by associates and paralegals."  The exhibits attached to the Second Amended Davidson Declaration and the Dammann Declaration specifically delineate which hours were performed by associates and paralegals, as opposed to Davidson and Dammann.

1   experience.  Id. at ¶ 8.

2       Having reviewed the Second Amended Davidson

3   Declaration, Dammann Declaration, and supporting

4   exhibits, the Court concludes that the entries

5   complained of in the Jasper Declaration were not

6   included in Melli Defendants' fee request in this

7   Motion.  Melli Defendants properly deducted the work

8   done on non-Lanham Act claims from their fee request,[12]

9   and Melli Defendants do not seek fees in relation to

10  their counterclaims or TTAB proceedings.

11      The Court finds that the following time was

12  reasonably spent defending the Lanham Act claims:

| Attorney or Paralegal | Hourly Rate | Number of Hours | Lodestar Figure |
|---|---|---|---|
| Davidson | $450 | 422.1 | $189,945.00 |
| Toni Gesin[13] | N/A | 20.6 | N/A |
| Dammann (Gordan & Rees) | $320 | 187.7 | $60,064.00 |
| Kanach | $280 | 29.4 | $8,120.00 |
| Aida | $280 | 92.9 | $26,012.00 |

[12] Only items that were highlighted in yellow in the exhibits to the Second Amended Davidson Declaration pertained to the trademark causes of action, and were therefore included in the requested fee amount.  Second Am. Davidson Decl. ¶ 6.  In addition, only items included in the "Fee Amt" column of the chart in Exhibit D pertaining to Gordan & Rees were included in Melli Defendants' request for fees.  See id., Ex. D.

[13] Because Melli Defendants do not provide support for Toni Gesin's hourly rate, the Court does not include this time in the lodestar calculation.

| Gordan & Rees paralegals[14] | $190 | 31.9 | $6,061.00 |
|---|---|---|---|
| Dammann (Music Peeler) | $300 | 35.9 | $10,770.00[15] |

Accordingly, the Court **GRANTS** Melli Defendants' Motion and awards the following fees to Melli Defendants:

Davidson Law Group:        $189,945.00

Gordan & Rees:             $100,257.00

Music Peeler:              $2,000.00

**Total Attorney's Fees:   $292,202.00**

This fee award is reasonable, especially given the history of this case, the contentious nature of the relationship between the parties, the customary fee awarded in trademark infringement suits, and the time and labor that was required to defend against Plaintiff's groundless claims.  See <u>Kerr</u>, 526 F.2d at 70.

Lastly, Melli Defendants request $2,700.00 in costs to be awarded for videotaped depositions, Mr. Khalili's

---

[14] Melli Defendants provide sufficient support for reasonable hourly rates of $190 for paralegals who assisted on this matter.  <u>See</u> Dammann Decl. ¶ 8.  Melli Defendants, however, do not state whether "Stubblefiel," "Sara, Ma," "Nusser," "Alvord," and "Andris" are paralegals.  The Court applies a paralegal rate of $190 for these individuals.

[15] The invoices attached to support Dammann's fee amount while at Music Peeler do not adequately show which fees pertain to Lanham Act claims, as opposed to non-Lanham Act claims. However, Dammann only requests $2,000 in fees for the work he performed while at Music Peeler.  Because half of Plaintiff's claims were non-Lanham Act claims, this request is reasonable.

deposition, and messenger deliveries of chambers copies.  Second Am. Davidson Decl. ¶ 11.  Melli Defendants adequately demonstrate that they expended **$1,080.71** in costs for courier fees.  <u>See</u> <u>id.</u>, Ex. A. They do not, however, adequately demonstrate the costs incurred in conducting videotaped depositions and Mr. Khalili's deposition.  Accordingly, the Court awards **$1,080.71** in costs.

    4.  <u>Whether sanctions are warranted against</u> <u>Plaintiff's counsel pursuant to 28 U.S.C. §</u> <u>1927</u>

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927. "[S]ection 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent."  <u>B.K.B. v. Maui Police</u> <u>Dept.</u>, 276 F.3d 1091, 1107 (9th Cir. 2002) (citation and internal quotation marks omitted) (emphasis in original).

Plaintiff's counsel's arguments with regard to trademark dilution and indirect infringement against Melli Defendants were rendered groundless when the Court granted Mesriani Defendants' motion to dismiss.

1  The Court therefore finds that Plaintiff's counsel
2  knowingly pursued frivolous claims for dilution and
3  indirect infringement after the dismissal of Mesriani
4  Defendants, which supports an award of sanctions
5  pursuant to 28 U.S.C. § 1927.

6  **III. CONCLUSION**

7      For these reasons, the Court **GRANTS** Melli
8  Defendants' Motion for Attorney's Fees pursuant to 15
9  U.S.C. § 1117(a) and against Plaintiff's counsel
10 pursuant to 28 U.S.C. § 1927.  The Court awards
11 **$292,202.00** in attorney's fees and **$1,080.71** in costs
12 to Melli Defendants.
13 **IT IS SO ORDERED.**

14

15 DATED: August 17, 2016      s/ RONALD S.W. LEW

16                             **HONORABLE RONALD S.W. LEW**
17                             Senior U.S. District Judge

18

19

20

21

22

23

24

25

26

27

28