# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., | ) CV 14-7241-RSWL-(MRW) |
| Plaintiff, | ) |
| | ) |
| | ) **ORDER re:** Ninth Circuit |
| v. | ) Mandate to Delineate |
| | ) Sanctions [327;329] |
| | ) |
| MESRIANI & ASSOCIATES, | ) |
| RODNEY MESRIANI, SEYED ALI | ) |
| LIMONADI, ALI LIMONADI, | ) |
| STUDIO CINEGRAPHIC LOS | ) |
| ANGELES dba IRTV, MELLI | ) |
| YELLOW PAGES, INC., and | ) |
| DOES 1 through 10, | ) |
| inclusive, | ) |
| | ) |
| Defendants. | |

On August 17, 2016, the Court granted Defendants'
Seyed Ali Limonadi ("Limondai"), Studio Cinegraphic Los
Angeles dba IRTV ("IRTV"), and Melli Yellow Pages,
Inc.'s ("Melli") (collectively, "Melli Defendants")
Amended Motion for Attorneys' Fees.  The Court awarded
Melli Defendants $292,202 in attorney's fees pursuant

1

to 15 U.S.C. § 1117(a) of the Lanham Act and as sanctions against Plaintiff's counsel, Mr. Adli, personally under 28 U.S.C. § 1927. Plaintiff Ketab Corporation ("Plaintiff") appealed, challenging the Court's sanctions determination and grant of attorneys' fees in favor of Melli Defendants. The Ninth Circuit affirmed the Court's grant of attorneys' fees in favor of Melli Defendants under 15 U.S.C § 1117(a), but remanded for the Court to delineate what portion of the fees awarded against Mr. Adli are "excess" and attributable to his unreasonable and vexatious conduct pursuant to 28 U.S.C § 1927.

Currently before the Court is Melli Defendants' Opening Brief ("Brief")[337] in response to the Ninth Circuit's Mandate [327;329]. Melli Defendants argue that the Court should apportion $167,546 of the total $292,202 fee award against Mr. Adli personally. In opposition, Plaintiff asserts that, at most, $22,108.50 can be imposed against Mr. Adli as sanctions. For the reasons set forth below, the Court apportions **$93,812.50** against Mr. Adli as 28 U.S.C. § 1927 sanctions.

## I. BACKGROUND

### A. Factual Background

Plaintiff provides information directory and marketing services to the Iranian community outside of Iran. Second Am. Compl. ("SAC") ¶¶ 4,12, ECF No. 106. Defendant Melli provides telephone directory and

marketing services to the Iranian community in the Los Angeles area.  Second Am. Countercl. ¶¶ 1,12. Defendant IRTV is an Iranian television channel that provides local news, information, and data on Iranian businesses, activities, and cultural and commercial events.  Id. ¶ 9.  Defendant Limonadi is an individual who owns Melli.  Id. ¶ 1.

Plaintiff's action alleged various claims related to trademark infringement against Mesriani & Associates and Rodeny Mesriani (collectively the "Mesriani Defendants")[1] and the Melli Defendants.  Plaintiff's claims related to its use of several trade names and marks to identify its services.

Plaintiff's action alleged the following claims against Melli Defendants:

(1)  Federal Trademark Infringement and Counterfeiting;

(2)  Federal Contributory Trademark Infringement;

(3)  Federal Vicarious Trademark Infringement;

(4)  Federal Unfair Competition & False Designation of
     Origin;

(5)  Federal Trademark Dilution;

(6)  California Trademark Infringement;

(7)  California Unfair Competition;

(8)  Breach of Contract;

(9)  Intentional Interference with Economic Relations;
     and

---

[1] On August 26, 2015, the Court dismissed with prejudice all claims against the Mesriani Defendants [132].

(10) Negligent Interference with Economic Relations.

After a bench trial, the Court granted Melli Defendants' Motion for Judgment as a Matter of Law [289]. Subsequently, on August 17, 2016, the Court issued an Order Granting Melli Defendants' Amended Motion for Attorney's Fees ("Attorney Fee Order") [312]. Plaintiff appealed, and the Ninth Circuit remanded for a determination of the amount of fees that must be paid by Mr. Adli as sanctions under 28 U.S.C. § 1927. Melli Defendants then filed a Brief, identifying several frivolous claims pursued by Plaintiff which support the imposition of sanctions. The claims are briefly identified in the following enumerated paragraphs.

1. <u>Trademark Dilution Claim</u>

The Court previously held that Plaintiff's trademark dilution claim was completely lacking in merit.[2] Nonetheless, Plaintiff unreasonably continued to prosecute a claim for trademark dilution against the Melli Defendants. Att'y Fee Order at 11:9-19.

2. <u>Infringement Claims</u>

Plaintiff pursued groundless contributory and vicarious infringement claims against Melli Defendants.

---

[2] The Court previously dismissed as a matter of law an identical claim for Federal Trademark Dilution against Mesriani Defendants. <u>See</u> Order re Mesriani Defs.' Mot. to Dismiss Pl.'s Second Am. Compl., 10:11-15, ECF No. 132 ("It is obvious that Plaintiff's "08" design mark, as well as Plaintiff's "08" phone number and "08" website or any other "mark" alleged by Plaintiff, does not rise to the level of famousness required by Ninth Circuit case law.").

4

Plaintiff asserted claims for indirect infringement
against Melli Defendants, that were based on the
Mesriani Defendants' alleged direct infringing acts.
The Court dismissed the requisite direct infringement
claims against the Mesriani Defendants, yet Plaintiff
continued to pursue indirect infringement claims
against the Melli Defendants. <u>Id.</u> at 11:20-12:13.

### 3. Lack of Evidence of Use of the "08" Mark

Plaintiff alleged that Melli Defendants infringed
its "08" trademark[3] and misrepresented that it had
evidence of such infringement.  Yet, at the time of
trial, and despite the fact that the parties had been
in discovery for over a year, Plaintiff was unable to
provide any evidence of Melli Defendants' use of the
"08" mark.  <u>Id.</u> at 12:19-28.

### 4. Infringement of "Yellow Page-e Iranian"

Plaintiff's claim for infringement of the phrase
"Yellow Page-e Iranian" lacked a legal basis.  <u>Id.</u> at
13:2-5.  Specifically, Plaintiff failed to provide any
evidence that there was a debatable issue of law or
fact with regard to genericness.  <u>Id.</u> at 13:14-28.
From its own witnesses, Plaintiff's testimony
established that the Farsi-English term "Yellow Page-e
Iranian," which translates to "Iranian Yellow Pages,"
directly describes the service to which the mark is

---

[3]  Plaintiff's "08" mark is a federally registered design
mark that consists of the numbers "08" placed in a dark
rectangular box overlaid with horizontal lines that resemble
closed shutters.  <u>See</u> SAC, Ex. 1 (Registration No. 3,271,704).

affixed, i.e., an Iranian yellow pages. <u>Id.</u> Plaintiff described his own publication as an Iranian yellow pages, and Plaintiff's testimony established that other yellow page companies in Texas, New York, and Canada used the term "Yellow Page-e Iranian" to describe their Iranian yellow pages directories. <u>Id.</u> Plaintiff's argument that it coined a unique and arbitrary Farsi-English phrase is without merit, and Plaintiff's continued pursuit of this claim through trial was frivolous <u>Id.</u>

**B.  Procedural Background**

On May 3, 2016 Plaintiff's claims against Melli Defendants for (1) federal trademark infringement and counterfeiting; (2) federal unfair competition and false designation of origin; (3) California trademark infringement; and (4) California unfair competition were tried before the Court [277].  At the close of Plaintiff's case, the Court granted Melli Defendants' Motion for Judgment as a Matter of Law [283].[4]

Melli Defendants' Amended Motion for Attorney's Fees [295] was filed on June 15, 2016.  The Court granted the Motion and awarded Melli Defendants $292,202 in attorney's fees and $1,080.71 in costs on August 17, 2016 [312].

On August 23, 2016, Plaintiff filed a Motion for Clarification of the Court's Ruling on Defendants'

---

[4] The Court issued its order granting Melli Defendants' Motion for Judgment as a Matter of Law on May 18, 2016 [289].

Motion for Attorneys' Fees [313]. Defendants filed an Opposition to the Motion on August 30, 2016 [315] and Plaintiff filed its Reply on September 6, 2016 [316]. On September 14, 2016, Plaintiff appealed the Court's Attorney Fee Order to the Ninth Circuit [318]. On October 12, 2016, the Court denied Plaintiff's Motion for Clarification of the Court's Ruling on Defendants' Motion for Attorneys' Fees without prejudice for lack of jurisdiction pending resolution of Plaintiff's appeal to the Ninth Circuit [320].

On May 2, 2018, the Ninth Circuit issued a Mandate [327;329] affirming the Court's Attorney Fee Order, but remanding for the Court to delineate what portion of the total attorneys fees and costs are excess and assessable against Mr. Adli personally as sanctions under 28 U.S.C. § 1927.

On June 26, 2018, Melli Defendants filed the instant Brief, arguing that the Court should apportion $167,564 of the $292,202 fee award against Mr. Adli personally pursuant to 28 U.S.C. § 1927 [337]. Plaintiff timely opposed [338], and Melli Defendants timely replied [339].

## II. DISCUSSION

### A. <u>Legal Standard</u>

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorneys' fees reasonably

incurred because of such conduct."  28 U.S.C. § 1927.
"[S]ection 1927 sanctions must be supported by a
finding of subjective bad faith, which is present when
an attorney knowingly or recklessly raises a frivolous
argument, or argues a meritorious claim for the purpose
of harassing an opponent."  B.K.B. v. Maui Police
Dept., 276 F.3d 1091, 1107 (9th Cir. 2002) (citation
and internal quotation marks omitted) (emphasis in
original).

**B.  Discussion**

    1.  Dilution and Infringement Claim

    In the Court's Attorney Fee Order, the Court
expressly found that Mr. Adli "knowingly pursued
frivolous claims for dilution and indirect infringement
after the dismissal of Mesriani Defendants, which
supports an award of sanctions pursuant to 28 U.S.C. §
1927."  Att'y Fee Order at 21:1-5.  This finding was
then reinforced by the Ninth Circuit, which agreed that
Mr. Adli was appropriately sanctioned for acting in bad
faith, such as by "repeatedly raising claims based on
legal theories that the court had previously
dismissed."  Mandate at 20.  Thus, 28 U.S.C. § 1927
sanctions should be imposed against Mr. Adli for
recklessly pursuing the dilution and indirect
infringement claims against the Melli Defendants.

    Both parties are in agreement that the excess fees
incurred as a result of Plaintiff's continued pursuit
of the dilution and indirect infringement claims is

$22,108.50.  Defs.' Br. at 2:19-23; Pl.'s Brief. at
1:8-10.  Thus, the Court finds that Mr. Adli should be
jointly responsible for **$22,108.50** for the reckless
pursuit of the dilution and indirect infringement
claims.

  2.  <u>"08" Infringement Claim</u>

  Mr. Adli also acted in bad faith, for purposes of
28 U.S.C. § 1927, by recklessly pursuing the "08"
infringement claim to trial without any evidence of
infringement.  Plaintiff misrepresented that it had
evidence to support the "08" infringement claim.  <u>See,
e.g.</u>, Pl. Opp'n to Mot. in Lim. No. 2 at 1:4-6, ECF
229.  Yet, despite having been in discovery for over a
year, Plaintiff failed to produce any evidence or
testimony regarding Melli Defendants' alleged
infringing use of the "08" mark at trial.  Att'y Fee
Order at 12:19-26.  The Ninth Circuit affirmatively
indicated that this conduct supports 28 U.S.C. § 1927
sanctions.  Mandate at 21 ("[D]espite a discovery
period of over a year, Ketab did not provide any
evidence at the bench trial that the Melli Defendants
used the '08' mark, which further supports the district
court's finding that Ketab's counsel acted
frivolously.").

  Plaintiff does not defend, nor even address, its
failure to produce evidence of Melli Defendants'
infringing use of the "08" mark in its Opposition
Brief.  Instead, Plaintiff asserts that sanctioning Mr.

Adli for any reason other than his pursuit of the
trademark dilution and indirect infringement causes of
action, would constitute procedural error.[5]  Opp'n at
1:10-14.  Plaintiff construes the Court's Attorney Fee
Order and the Ninth Circuit Mandate as restricting 28
U.S.C. § 1927 sanctions to the trademark dilution and
indirect infringement causes of action, and argues that
the Court's "only task on remand is to determine what
portion of the fees that Melli Defendants' attorneys
billed are attributable to the trademark dilution and
indirect infringement claims."  Id. at 1:20-22.

Plaintiff misses the mark.  While the trademark
dilution and indirect infringement claims were the only
causes of action specifically referenced under the 28
U.S.C. § 1927 heading in the Court's Attorney Fee
Order, the Attorney Fee Order by no means limits
sanctions to these causes of action.  Indeed, in the

---

[5] Plaintiff asserts several procedural arguments in its
Opposition Brief, each of which hinges on Plaintiff's erroneous
interpretation of the Court's Attorney Fee Order and Ninth
Circuit Mandate.  First, Plaintiff argues that Melli Defendants
should have appealed the Court's Order if they wanted to pursue
sanctions other than those stemming from the trademark dilution
and indirect infringement claims.  Opp'n at 3:8-11.  Second,
Plaintiff argues it would violate the Rule of Mandate and Law of
the Case doctrines for the Court to rule that sanctions are
available for more than just the trademark dilution and indirect
infringement claims, since, according to Plaintiff, the Ninth
Circuit's Mandate restricted sanctions to those claims.  Id. at
4:9-12.  Lastly, Plaintiff argues that by claiming that sanctions
should be imposed based on the "08" infringement and "Yellow
Page-e Iranian" claims, Melli Defendants essentially seek
reconsideration of the Court's Order without making the proper
showing under Local Rule 7-18.  Id. at 7:15-16.

pages preceding the 28 U.S.C. § 1927 section, various instances of Mr. Adli's reckless conduct was discussed. Specifically, in analyzing whether the case met the "exceptional case" standard under the Lanham Act, the Court identified Plaintiff's pursuit of the "08" infringement and "Yellow Page-e Iranian" claims as instances where Plaintiff's arguments were "groundless and unreasonably pursued" and "completely lacking in merit." Att'y Fee Order at 12:28, 13:10.[6]

Further, in its section affirming the Court's decision to impose 28 U.S.C. § 1927 sanctions, the Ninth Circuit recognized that sanctions are warranted for more than just the dilution and indirect infringement claims. The Ninth Circuit explicitly found that "Ketab's counsel repeatedly raised claims based on legal theories that the court had previously dismissed," "Ketab continued to prosecute its trademark claims despite Ketab's failure to provide evidence to support the elements of its claims," and "Ketab did not provide any evidence at the bench trial that the Melli Defendants used the '08' mark, which further supports the district court's finding that Ketab's counsel acted

---

[6] It is not surprising that the facts showing that this case is "exceptional" under the Lanham Act also apply to the sanctions analysis, as "exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit." Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., 668 F.3d 677, 687-88 (9th Cir. 2012); Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827 (9th Cir. 1997)("When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional . . . .")(citation omitted).

frivolously." Mandate at 20-21. Had the Ninth Circuit
intended to restrict sanctions to solely the trademark
dilution and indirect infringement claims, it would not
have expressly referenced these instances of Mr. Adli's
bad faith conduct in the same section in which it
affirmed the Court's finding that sanctions were
warranted in this case. Consequently, sanctions are
not limited to the trademark dilution and infringement
claims, and should, in fact, be imposed against Mr.
Adli for his reckless pursuit of the "08" infringement
claim.[7]

As for the amount of excess fees attributable to
the "08" claim, Melli Defendants assert that the
calculation should consist of attorneys' fees accruing
at least from January 29, 2016, which is when the court
issued a Motion for Judgment on the Pleadings [191].
Defs.' Br. at 17:4-7. At that point, the Court granted
Melli Defendants' Motion with respect to Plaintiff's
alternative "08" infringement theory that "selling or
licensing a telephone number was an act of trademark
infringement," but denied Melli Defendants' Motion with
respect to Plaintiff's claim that Melli Defendants used

---

[7] Because Plaintiff believes that Melli Defendants' request
to impose sanctions on Mr. Adli for his pursuit of the "08" and
"Yellow Page-e Iranian" infringement claims is a "new issue[] or
argument[]," it requests the opportunity to file a surreply
should the Court agree with Melli Defendants. Opp'n at 9:12-15.
As sanctions were never limited to solely the trademark dilution
and infringement claims, these are not new issues or arguments.
Accordingly, Plaintiff's request is denied.

the "08" mark in an infringing manner, "in connection
with the promotion, marketing, [and] advertising of
services.".  Order re J. Pleadings at 14:8-10.  The
Court allowed Plaintiff to proceed with its claim that
Melli Defendants infringed the "08" mark on the
expectation that Plaintiff had, and would eventually be
able to produce, evidence of this infringing use.  <u>Id.</u>
("The Court finds that Plaintiff should be allowed to
offer evidence in support of its claim that [Melli]
Defendants used the '08' mark . . . .")(citations
omitted).  Yet Plaintiff failed to produce any such
evidence.

In preparing for trial on the "08" infringement and
counterfeiting claims, Melli Defendants were
represented by the Davidson Law Group and Gordon &
Rees.  Defs.' Br. at 17:11-24.  For the Davidson Law
Group, approximately one-third of the total fees
incurred in preparing for trial on three infringement
claims, starting from February 8, 2016, were directed
at the "08" infringement and counterfeiting claims.
<u>Id.</u>  Accordingly, one-third of the total fees incurred
should be deemed excess.[8]  In its Attorney Fee Order,
the Court awarded $189,945.00 in fees to the Davidson
Law Group.  One-third of this amount is **$63,315**.  <u>See</u>

---

[8] This "percentage approach" method of apportionment was
used by Plaintiff in ascertaining the amount of excess fees
incurred as a result of pursuing the dilution and indirect
infringement claims.  <u>See</u> Pl. Mot. for Clarification 4:14-22, ECF
No. 313.

Att'y Fee Order at 19:7.  As for Gordon & Rees, $24,357 in attorneys' fees were incurred between January 29, 2016 through trial.  See Gordon & Rees Fee Summ., Ex. D, ECF 295-2.  One-third of this amount is **$8,119**.  In total, the combined excess fees incurred as a result of Plaintiff's "08" infringement and counterfeiting claims was approximately **$71,434**.[9]

Melli Defendants argue that the full amount of the excess fees should be delineated as sanctions against Mr. Adli.  However, "a district court may, in its discretion, reduce the amount of a § 1927 sanctions award . . . ."  Haynes v. City and County of San Francisco, 688 F.3d 984, 988 (9th Cir. 2012).  In Haynes, the Ninth Circuit discussed that a Court can reduce sanctions in considering "*among other reasons* . . . the sanctioned attorney's inability to pay."  Id. (emphasis added).  While Mr. Adli did not claim an inability to pay, the Court nonetheless finds sufficient reason to reduce the amount of sanctions.  Specifically, while the Court admonishes Mr. Adli for pursuing the "08" infringement claim without offering evidence that Melli Defendants actually infringed, the Court also recognizes that both parties share blame for the excess attorneys' fees incurred as a result.  Had

[9] A more in-depth discussion regarding how the attorneys' fees were calculated by each firm, including specific hourly rates of the attorneys, appears in the Court's Attorney Fee Order at 15 [312].

Melli Defendants diligently prepared for this case, these unnecessary fees would not have been incurred. Despite having a year to do so, Melli Defendants failed to conduct any discovery whatsoever. Melli Defendants also did not file a Motion to Dismiss or a Motion for Summary Judgment, despite their apparent recognition that this claim was baseless from the start. Melli Defendants only filed a Motion for Judgment on the Pleadings on the day of motion cut-off, at which point the Court had to allow Plaintiff the opportunity to offer evidence in support of its allegations. See e.g., Hunt v. County of El Dorado, No. 2:10-CV-01367 JAM-ekd, 2012 WL 4862362 at *4 (E.D. Cal. Oct. 11, 2012)(reducing sanctions against plaintiff who submitted a declaration with a false signature, in part because defendant, who had reason to believe that the signature was false, could have moved to have the declaration stricken but failed to take action).

     "Just as it is within the discretion of the district court to decide whether to reduce the amount [of sanctions] at all, the amount to which the sanction will be reduced is equally within the court's discretion." Haynes, 688 F.3d at 988. Because both parties engaged in conduct which unnecessarily prolonged the case with respect to the "08" infringement claim, the Court finds that Mr. Adli is responsible for half of the excess fees incurred as a result thereof. Thus, sanctions of **$35,717** are imposed

on Mr. Adli for his pursuit of this claim.

3. "Yellow Page-e Iranian" Claim

Melli Defendants argue that the fees it was forced to incur in defending against the "Yellow Page-e Iranian" claim should also be deemed excess for purposes of 28 U.S.C. § 1927. Def. Br. at 18:1-3. Specifically, Melli Defendants point to the fact that no evidence existed to support the validity or infringement of the alleged trademark. Id.

First, as the Court found and Ninth Circuit affirmed, the term "Yellow Page-e Iranian" is not a valid trademark. Mandate at 7. Based on clear Ninth Circuit precedent regarding a nearly identical issue, the Farsi-English term, which Plaintiff testified translates in English to "Iranian Yellow Pages," is generic and therefore not entitled to protection. Id. As indicated by the Ninth Circuit, "[w]e agree with the district court's determination that Ketab's alleged marks are akin to the mark we held was generic in *Filipino Yellow Pages*. [Citations omitted]. The mark in that case was 'Filipino Yellow Pages.' Id. That term, like the alleged mark here, includes a generic term that indicates the origin of a group of people." Id. Further, the fact that the phrase is half in Farsi does not change the analysis, as "[i]t is a well established principle of trademark law . . . that the foreign equivalent of a merely descriptive English word is no more registrable than the English word itself . . .

. ." <u>In re Optica Int'l</u>, 196 U.S.P.Q. 775, at *1 (TTAB 1977).

The genericness of this phrase is further evidenced by the fact that even Plaintiff, in its book, advertised for other yellow page companies in Texas, New York, and Canada by using the phrase "Yellow Page-e Iranian" to describe the service these companies provided. Def. Br. at 18:20-21. These facts reinforce what the Court already determined—Plaintiff's infringement claim was "groundless, unreasonable, and lacking a legal basis." Att'y Fee Order at 13:2-5. Despite this, Mr. Adli, a Farsi speaker, steadfastly denied the genericness of the term and continued to litigate the claim through trial. Such conduct shows bad faith on the part of Mr. Adli, and as such, is sanctionable pursuant to 28 U.S.C. § 1927.

Additionally, even assuming that the phrase "Yellow Page-e Iranian" could be eligible for a trademark, Plaintiff's failure to prove any infringing use by Melli Defendants militates in favor of finding that Mr. Adli acted in bad faith. Plaintiff only established that Melli Defendants used the phrase for what it means "as part of a longer phrase on the cover of its Melli Yellow Pages directory and in its television advertising."[10] Order Granting Melli Defs.' Mot. for J.

_____

[10] The Court determined that Melli used the phrase "Yellow Page-e Iranian" not "as part of its name, but as part of a phrase, which roughly translates to: 'the most complete Iranian

17

at 19:27-20:5.  However, such use "is not similar to
Plaintiff's marks, and is not likely to cause confusion
about the source of the goods." <u>Id.</u>  Thus, the Court
finds that Mr. Adli's pursuit of this claim was
reckless.

The Ninth Circuit agrees with the Court that
Plaintiff's inability to offer evidence supporting its
infringement claims supports a finding that Mr. Adli
acted in bad faith for purposes of 28 U.S.C. § 1927.
Specifically, in affirming the Court's decision to
impose sanctions, the Ninth Circuit indicated that
"Ketab continued to prosecute its trademark claims
despite Ketab's failure to provide evidence to support
the elements of its claims."  Mandate at 20.  Here,
Plaintiff failed to provide evidence showing that there
was a valid trademark and it also failed to provide
evidence that Melli Defendants infringed that
trademark.  Thus, the Ninth Circuit's statement
directly covers Mr. Adli's conduct with respect to this
claim.

Because Mr. Adli acted in bad faith by pursuing the
"Yellow Page-e Iranian" infringement claim against

---

Yellow Pages abroad.'  Melli also used the term 'Yellow Page-e
Iranian' in a 2014 television commercial, as part of a phrase
which translates to either 'the yellow pages of successful
Iranians abroad,' or 'the successful Iranian Yellow Pages
abroad.'"  Order Granting Melli Defs.' Mot. for J. at 6:2-9.

18

Melli Defendants, sanctions are warranted.[11]  Melli
Defendants assert that one-third of the total fees
incurred in preparing for trial on three infringement
claims should be attributed to the "Yellow Page-e
Iranian" claim.  Def. Br. at 21:15-25.  For the
Davidson Law Group, these fees are calculated from
February 8, 2016 and continue through trial.  Id.
Because the Court, in its Attorney Fee Order, awarded a
total of $189,945.00 in fees to the Davidson Law Group,
one-third of that amount, **$63,315,** is excess due to
Plaintiff's pursuit of the "Yellow Page-e Iranian"
infringement claim.  Similarly, one-third of the fees
incurred by Gordon & Rees were used to defend against
the "Yellow Page-e Iranian" claim.  With respect to
Gordon & Rees, fees are calculated from January 12,
2016, which is when Mr. Adli's trial exhibits for
infringement were identified, and continue through
trial.  Id. at 21:20-22.  Since $25,978 total was
incurred, one-third of this amount is **$8,659.**
Combined, the excess fees attributable to the "Yellow
Page-e Iranian" claim is **$71,974.**[12]

However, as with the "08" infringement claim, Melli

---

[11] As previously indicated, Plaintiff, in its Opposition
Brief, does not dispute that pursuing the "Yellow Page-e Iranian"
claim was reckless.  Plaintiff neglects entirely the merits of
Melli Defendants' arguments, and instead solely raises procedural
arguments that the Court, as discussed, disagrees with.

[12] As indicated, the Court already analyzed the validity of
the total attorneys' fees award in the Court's Attorney Fee Order
at 15.

Defendants are equally at fault for allowing the "Yellow Page-e Iranian" infringement claim to proceed through trial. Melli Defendants are well aware of the genericness of the phrase "Yellow Page-e Iranian." Had they been diligent in preparing for this case, they would have filed at least a Motion for Summary Judgment based on clear Ninth Circuit precedent showing that the phrase is not eligible for a trademark or based on the complete lack of evidence showing infringement. However, Melli Defendants failed to adequately prepare for this case. As such, excess fees were incurred by both sides and the Court's time and resources were wasted. Accordingly, the Court finds that only one-half of the excess fees should be imposed against Mr. Adli personally as sanctions. Thus, Mr. Adli is responsible for **$35,987** for his bad faith pursuit of the "Yellow Page-e Iranian" infringement claim.

//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

Based on the foregoing, the Court apportions **$93,812.50** that is the sum of $22,108.50 for the dilution and indirect infringement claims, $35,717 for the "08" infringement and counterfeiting claims, and $35,987 for the "Yellow Page-e Iranian" claim, of the attorneys' fees as sanctions against Mr. Adli pursuant to 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

DATED: September 27, 2018      /s/Ronald S. W. Lew

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge