O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KETAB CORP., | CV 14-7241-RSWL-(MRW) |
| Plaintiff, | |
| | **ORDER re: ADLI Law Group PC's Motion to Withdraw as Counsel** [343] |
| v. | |
| MESRIANI & ASSOCIATES, RODNEY MESRIANI, SEYED ALI LIMONADI, ALI LIMONADI, STUDIO CINEGRAPHIC LOS ANGELES dba IRTV, MELLI YELLOW PAGES, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

    Currently before the Court is Plaintiff counsel ADLI Law Group PC's ("Adli") Motion for an Order Permitting Withdrawal of Counsel of Record for Ketab Corporation ("Motion") [343]. Having reviewed all

papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Adli's Motion.

## I. BACKGROUND

Ketab Corporation ("Plaintiff") brought this Action against Defendants Mesriani Law Group; Rodney Mesriana; Seyed Ali Limonadi, aka Ali Limonadi; Studio Cinegraphic Los Angeles, dba IRTV; Melli Yellow Pages, Inc.; and DOES 1 through 10 (collectively, "Defendants"), alleging various claims related to trademark infringement.[1] The Court held a bench trial on May 3, 2016, and the parties have since been engaged in post-trial proceedings. Throughout the course of the proceedings, Adli has served as Plaintiff's counsel.

Adli now requests to withdraw pursuant to Local Rule 83-2.3.2. On October 4, 2018, Adli provided Plaintiff with a written notice of withdrawal and inability for Plaintiff to appear on its own behalf. Decl. of Dariush G. Adli in Support of Mot. to Withdraw as Counsel ("Adli Decl.") ¶ 5, ECF No. 343-2. Adli filed the instant Motion [343] on October 8, 2018, and a Notice of Non-Opposition [344] on October 23, 2018.

---

[1] Specifically, Plaintiff asserted claims for: violations of direct trademark infringement, contributory trademark infringement, false designation of origin, unfair competition under Cal. Bus. & Prof. Code §17200 et seq., common law unfair competition, breach of contract, intentional interference with business relations, and negligent interference with business relations.

2

On October 26, 2018, Adli appealed [345] this Court's Order apportioning attorneys' fees as sanctions against Adli.

## II. DISCUSSION

### A. <u>Legal Standard</u>

The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court. <u>United States v. Carter</u>, 560 F.3d 1107, 1113 (9th Cir. 2009). When considering a motion to withdraw as counsel, the Court will weigh four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." <u>Stewart v. Boeing Co.</u>, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

An attorney may not withdraw unless he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of counsel," releasing to the client all the client papers and property, refunding any part of a fee paid in advance that has not been earned, and complying with applicable laws and rules.[2] Cal. R. Prof. Conduct 3-

---

[2] Local Rule 83 also governs withdrawal of attorneys. Under Local Rule 83-2.3.2, an "attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the

3

700(A), 3-700(D); see <u>McClintic v. U.S. Postal Serv.</u>, No. 1:13-cv-00439, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014).

Special rules attach when counsel for an organization withdraws. An organization may not appear in an action "unless represented by an attorney." C.D. Cal R. 83-2.2.2. Local Rule 83-2.3.4 provides, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including . . . trusts) must give written notice to the organization of the consequences of its inability to appear *pro se*."

**B.  Discussion**

Adli's Motion satisfies "good cause" under the four factors. First, Adli seeks to withdraw because Plaintiff specifically informed Adli that Plaintiff will retain new counsel and instructed Adli not to engage in any further legal work, including communicating with opposing counsel. Adli Decl. ¶ 6; see <u>Allied World Nat'l Assur. Co. v. SK PM Corp.</u>, No. 1:10-cv-01262-LJO JLT, 2013 WL 2102696, at *3 (E.D. Cal. May 14, 2013) (concluding that the first factor weighed in favor of granting counsel's motion to withdraw where "Defendants specifically informed Defense counsel that they no longer wished to have

---

client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause."

4

Defense counsel represent them"); Nedbank Int'l, Ltd. v. Xero Mobile, Inc., No. CV 07-6594 PSG (AGRx), 2008 U.S. Dist. LEXIS 110493, at *4 (C.D. Cal. Oct. 30, 2008) (finding that client's failure to provide counsel with authority to make legal decisions weighed in favor of granting counsel's motion to withdraw). Indeed, Plaintiff's request not to engage in any legal work has made it "unreasonably difficult for [Plaintiff Counsel] to carry out employment effectively." Cal. Rules of Prof'l Conduct 3-700(c)(1)(d).

Second, the lack of prejudice to other parties weighs in favor of granting this Motion because Defendants did not file an Opposition. See Allied World Nat'l Assur. Co., 2013 WL 2102696, at *3 (finding plaintiffs would not suffer prejudice from the withdrawal because no opposition had been filed). Nor will withdrawal prejudice Plaintiff, as Plaintiff informed Adli of its intent to retain new counsel, and Adli informed Plaintiff on October 4, 2018 of its intent to withdraw in writing and advised Plaintiff that, as an organization, it would need to retain new counsel. Adli Decl. ¶ 5.

Lastly, there will be no harm to the administration of justice if withdrawal is permitted and withdrawal will not significantly delay the case because the case is in its post-trial stages and there are no pending motions *with respect to Plaintiff*. Sanchez v. Allynce, Inc., No. SACV 17-00410-CJC(DFMx), 2017 U.S. Dist.

LEXIS 220234, at *5 (C.D. Cal. May 26, 2017) (finding no harm to the administration of justice or delay where there were no pending motions and no imminent trial). The Court acknowledges the Notice of Appeal to the Ninth Circuit [345] from the Court's Order Apportioning Attorneys' Fees as Sanctions Against Counsel. However, while the caption of this Notice states "Plaintiff's Notice of Appeal to the Court of Appeals for the Ninth Circuit," it is clear that the Appeal is really being made by Adli. Indeed, the Appeal concerns the amount of sanctions imposed directly on Adli, the Notice states that "counsel DARIUSH G. ADLI and ADLI LAW GROUP, PC ("Counsel") hereby appeal," and the Notice is signed by Dariush G. Adli. <u>See</u> Notice of Appeal, ECF No. 345; <u>see e.g.</u>, <u>Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC</u>, 339 F.3d 1146, 1148-49 (9th Cir. 2003) (finding "[c]ounsel's clear intent to appeal the district court's sanction ma[de] him a party to th[e] appeal" even where the notice of appeal only identified the party, and not counsel, as an appellant). Consequently, Adli is a party to the Appeal, and he can continue to litigate the Appeal, even if he is no longer doing so as Plaintiff's counsel. Further, in the event that Plaintiff wishes to get involved with the Appeal, Plaintiff will not be prejudiced because it has time to secure new counsel in order to do so. Plaintiff was put on notice in early October of Adli's intent to withdraw and, given that

Appellant's opening brief and excerpts of record shall be served in February 2019 in the Ninth Circuit, <u>see</u> Notification from Ninth Cir. of Case Number and Br. Schedule, ECF No. 346, Plaintiff has adequate time to retain new counsel without harm to Plaintiff's case. <u>See</u> <u>CYBERsitter, LLC v. People's Republic of China</u>, No. CV 10-00038-JST (SHx), 2011 U.S. Dist. LEXIS 163105, at *5 (C.D. Cal. Nov. 9, 2011) (finding no harm to the administration of justice or that any delay would result, where defendant had been on notice for a month that counsel intended to withdraw and it could not represent itself in the proceedings).

Because Adli has shown good cause for withdrawal, the Court **GRANTS** Adli's Motion.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Adli's Motion. Adli shall be relieved from representation of Plaintiff. However, the Court shall retain jurisdiction over Adli with respect to the resolution of Adli's Appeal to the Ninth Circuit of the Court's Order Apportioning Sanctions. Plaintiff should take immediate measures to obtain substitute counsel.

**IT IS SO ORDERED.**

DATED: December 7, 2018      s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge